UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE LEADER'S INSTITUTE, LLC            )
and DOUG STANEART                       )
    Plaintiffs and Counter-Defendants,  )
                                       )
    v.                                 )            Case No. 3:14-cv-03572-B
                                       )
ROBERT JACKSON, MAGNOVO TRAINING        )
GROUP, LLC, COLETTE JOHNSTON, and       )
SHORT SPLICE, INC.                      )
    Defendants and Counter-Plaintiffs.  )

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendants Robert Jackson ("Jackson") and Magnovo Training Group, LLC, ("Magnovo") (collectively "Defendants"), by their undersigned counsel, respond to the Complaint filed by Plaintiffs The Leader's Institute, LLC ("TLI") and Doug Staneart ("Staneart") (collectively "Plaintiffs") as follows:

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

## I.
## PARTIES

1.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny the allegations.

2.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore deny the allegations.

3.      Defendants admit the allegations in paragraph 3.

4.      Defendants admit the allegations in paragraph 4.

## II.
## JURISDICTION AND VENUE

5.      Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in this action only.  To the extent that any allegations in paragraph 5 are intended as a basis for liability as to Defendants, however, they are denied.

6.      Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 21 § 1367(a).  To the extent that any allegations in paragraph 6 are intended as a basis for liability as to Defendants, however, they are denied.

7.      Defendants deny that this Court has personal jurisdiction over Defendants.  To the extent that any allegations in paragraph 7 are intended as a basis for liability as to Defendants, they are denied.

8.      Defendants deny the allegations of paragraph 8.

## III.
## SUMMARY OF JURISDICTIONAL FACTS

9.      Defendants deny the allegations of paragraph 9.

10.      Defendants deny the allegations of paragraph 10.

11.      Defendants deny the allegations of paragraph 11.

12.      Defendants admit that Defendants do business in Texas.  Defendants deny the remaining allegations in paragraph 12.

13.      Defendants admit that Defendants perform team building services in Texas.  Defendants deny the remaining allegations in paragraph 13.

14.      Defendants deny the allegations of paragraph 14.

15.      Defendants deny the allegations of paragraph 15.

16.     Defendants admit the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants admit that Jackson contacted Plaintiff TLI in Texas on multiple occasions during the period of August through November 2010 for purposes of employment. Defendants deny the remaining allegations of paragraph 18.

19.     Defendants admit that Jackson traveled to Texas to teach a class for Plaintiff. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants deny the allegations of paragraph 20.

21.     Defendants admit directly contacting Texas residents for the purpose of selling them Plaintiffs' services in the state of Texas.  Defendants deny the remaining allegations of paragraph 21.

22.     Defendants admit the allegations of paragraph 22.

23.     Defendants deny the allegations of paragraph 23.

24.     Defendants deny the allegations of paragraph 24.

25.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore deny the allegations.

## IV.
## VENUE

26.     Defendants admit that Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

## V.
## NATURE OF THE ACTION

27.     Defendants admit the Complaint purports to bring an action for alleged trademark infringement and counterfeiting, false designation of origin and trademark infringement, and

3

related causes of action under the laws of the United States, including Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants deny the legal and factual sufficiency of Plaintiffs' claims and allegations. Defendants deny that the Complaint has any merit and deny that Plaintiffs are entitled to monetary damages or injunctive relief.

## VI.
## FACTUAL BACKGROUND

28.     Defendants answer and hereby incorporate by reference each and every allegations made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

29.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore deny the allegations.

30.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny the allegations.

31.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore deny the allegations.

32.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore deny the allegations.

33.     Defendants admit that Exhibit A appears to be a copy of United States Trademark Registration No. 3,535,706, issued November 18, 2008, for the mark BUILD-A-BIKE. Defendants admit that Exhibit B appears to be a copy of United States Trademark Registration No. 4,542,884, issued June 3, 2014, for the mark BUILD-A-BIKE. Defendants deny that the USPTO registrations have achieved incontestability under 15 U.S.C. § 1065. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore deny the allegations.

34.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore deny the allegations.

35.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore deny the allegations.

36.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore deny the allegations.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore deny the allegations.

39.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore deny the allegations.

40.     Defendants admit that Exhibit C appears to be a copy of United States Copyright Registration No. TX 6-339-080, issued February 8, 2006, for 28 LEADERSHIP PRINCIPLES. Defendants admit that Exhibit D appears to be a copy of United States Copyright Registration No. TXu 1-282-907, issued February 8, 2006, for FEARLESS PRESENTATIONS INSTRUCTOR MANUAL.  Defendants admit that Exhibit E appears to be a copy of United States Copyright Registration No. TX 6-326-631, issued February 8, 2006, for FEARLESS PRESENTATIONS PARTICIPANT MANUAL.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore deny the allegations.

41.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore deny the allegations.

42.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore deny the allegations.

43.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore deny the allegations.

44.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore deny the allegations.

45.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore deny the allegations.

46.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore deny the allegations.

47.     Defendants deny the allegations of paragraph 47.

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore deny the allegations.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51 related to Jackson.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 51 related to other employees and independent contractors, and therefore deny the allegations.

52.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore deny the allegations.

**VII.**
**DEFENDANTS JACKSON AND MAGNOVO**

53.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

54.     Defendants deny the allegations of paragraph 54.

6

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.

61.     Defendants deny the allegations of paragraph 61.

62.     Defendants deny the allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants deny the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants admit that they received correspondence from Plaintiffs' attorney, dated September 9, 2014, which speaks for itself and as to which no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 88 and therefore deny the allegations.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.   Defendants deny the allegations of paragraph 98.

99.   Defendants deny the allegations of paragraph 99.

100.   Defendants deny the allegations of paragraph 100.

101.   Defendants deny the allegations of paragraph 101.

## VIII.
## CAUSES OF ACTION

102.   Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

**A.    Infringement of Federally Registered Service Mark Under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**

103.   Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

104.   Defendants deny the allegations of paragraph 104.

105.   Defendants deny the allegations of paragraph 105.

106.   Defendants deny the allegations of paragraph 106.

107.   Defendants deny the allegations of paragraph 107.

108.   Defendants deny the allegations of paragraph 108.

109.   Defendants deny the allegations of paragraph 109.

110.   Defendants deny the allegations of paragraph 110.

**B.    Counterfeiting of Federally Registered Service Mark Under Sections 32 and 34 of the Lanham Act (15 U.S.C. §§ 1114 and 1116)**

111.   Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

112.   Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.    Defendants deny the allegations of paragraph 114.

115.    Defendants deny the allegations of paragraph 115.

116.    Defendants deny the allegations of paragraph 116.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

**C.    Statutory Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125)**

119.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

**D.    Violations of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))**

129.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

130.    Defendants deny the allegations of paragraph 130.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants deny the allegations of paragraph 132.

10

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.

135.    Defendants deny the allegations of paragraph 135.

136.    Defendants deny the allegations of paragraph 136.

137.    Defendants deny the allegations of paragraph 137.

138.    Defendants deny the allegations of paragraph 138.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

**E.    Unfair Competition Under 15 U.S.C. § 1125(a)**

141.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

142.    Defendants deny the allegations of paragraph 167.

143.    Defendants deny the allegations of paragraph 143.

144.    Defendants deny the allegations of paragraph 144.

**F.    Unfair Competition by Misappropriation**

145.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

146.    Defendants deny the allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147.

148.    Defendants deny the allegations of paragraph 148.

149.    Defendants deny the allegations of paragraph 149.

150.    Defendants deny the allegations of paragraph 150.

151.    Defendants deny the allegations of paragraph 151.

152.     Defendants deny the allegations of paragraph 152.

153.     Defendants deny the allegations of paragraph 153.

**G.     Misappropriation of Trade Secrets**

154.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

155.     Defendants deny the allegations of paragraph 155.

156.     Defendants deny the allegations of paragraph 156.

157.     Defendants deny the allegations of paragraph 157.

158.     Defendants deny the allegations of paragraph 158.

159.     Defendants deny the allegations of paragraph 159.

160.     Defendants deny the allegations of paragraph 160.

161.     Defendants deny the allegations of paragraph 161.

162.     Defendants deny the allegations of paragraph 162.

163.     Defendants deny the allegations of paragraph 163.

164.     Defendants deny the allegations of paragraph 164.

165.     Defendants deny the allegations of paragraph 165.

166.     Defendants deny the allegations of paragraph 166.

167.     Defendants deny the allegations of paragraph 167.

**H.     Conversion**

168.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

169.     Defendants deny the allegations of paragraph 169.

170.     Defendants deny the allegations of paragraph 170.

171.     Defendants deny the allegations of paragraph 171.

172.     Defendants deny the allegations of paragraph 172.

173.     Defendants deny the allegations of paragraph 173.

174.     Defendants deny the allegations of paragraph 174.

175.     Defendants deny the allegations of paragraph 175.

**I.      Breach of Contract (Defendant Jackson)**

176.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

177.     Defendants deny the allegations of paragraph 177.

178.     Defendants deny the allegations of paragraph 178.

179.     Defendants deny the allegations of paragraph 179.

**J.      Tortious Interference with Prospective Business Relations (Defendant Jackson)**

180.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

181.     Defendants deny the allegations of paragraph 181.

182.     Defendants deny the allegations of paragraph 182.

183.     Defendants deny the allegations of paragraph 183.

184.     Defendants deny the allegations of paragraph 184.

185.     Defendants deny the allegations of paragraph 185.

**K.      Trademark Infringement in Violation of Texas Law**

186.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

187.     Defendants deny the allegations of paragraph 187.

188.     Defendants deny the allegations of paragraph 188.

189.     Defendants deny the allegations of paragraph 189.

**L.     Unfair Competition Under Texas Law**

190.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

191.     Defendants deny the allegations of paragraph 191.

192.     Defendants deny the allegations of paragraph 192.

193.     Defendants deny the allegations of paragraph 193.

**M.     Unjust Enrichment Under Texas Law**

194.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

195.     Defendants deny the allegations of paragraph 195.

**IX.**
**REQUEST FOR INJUNCTIVE RELIEF**

196.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

197.     Defendants deny the allegations of paragraph 197.

198.     Defendants need not respond to paragraph 198.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to any of the relief sought.

**X.**
**DAMAGES**

199.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

200.     Defendants deny the allegations of paragraph 200.

14

201.     Defendants deny the allegations of paragraph 201.

202.     Defendants deny the allegations of paragraph 202.

203.     Defendants deny the allegations of paragraph 203.

204.     Defendants deny the allegations of paragraph 204.

## XI.
## ATTORNEY FEES

205.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

206.     Defendants deny the allegations of paragraph 206.

207.     Defendants deny the allegations of paragraph 207.

## XII.
## JURY DEMAND

208.     Defendants need not respond to Plaintiffs' request for a trial by jury on all triable issues.  To the extent a response is deemed necessary, Defendants also requests a jury trial of all issues so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES

209.     In addition to the foregoing response, Defendants allege and assert the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Defendants reserve the right to allege additional defenses as they become known through the course of discovery.

210.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

211.     This Court lacks personal jurisdiction over Defendants.

212.    Defendants have not committed any of the wrongful acts alleged by Plaintiffs and have not violated any valid right owned by Plaintiffs.   To the extent that Jackson's and/or Magnovo's actions constituted a violation of a right owned by Plaintiffs, such action was not willful, intentional, or otherwise wrongful.

213.    The allegations contained in Plaintiffs' Complaint should be dismissed, in whole or in part, because all activities of Defendants were lawful, in good faith, constitutional, and did not violate any of the provisions of federal or state law.

214.    Plaintiffs' claims for trademark infringement is barred in whole or in part based on Plaintiffs' mark being merely descriptive pursuant to 15 U.S.C. § 1115(b)(4).

215.    Plaintiffs' claims for trademark infringement are barred in whole or in part based on the BUILD-A-BIKE® mark being invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

216.    Plaintiffs' claims are barred, in whole or in part, from recovering damages from Defendants under principles of equity, including waiver, laches, estoppel, and/or unclean hands.

217.    Plaintiffs have failed to mitigate their damages, if any.

218.    Plaintiffs' allegations are barred to the extent Plaintiffs suffered no real or actual damages as a result of any actions or omissions by Defendants.

## DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

### JURISDICTION AND VENUE

219.    This Court has subject matter jurisdiction to adjudicate Defendants' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1332(a).   This Court has original jurisdiction over these counterclaims because they are federal questions and the matters in controversy exceed the sum of

value of $75,000, exclusive of interest and costs, and are between citizens of different states. Defendants are citizens of the state of Indiana, and Plaintiffs are citizens of the state of Texas.

220.    Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

221.    Defendant Robert Jackson ("Jackson") is a natural person who resides and conducts business at 5328 Sandwood Drive, Indianapolis, Indiana 46235, and is the President of Defendant Magnovo Training Group, LLC ("Magnovo"), an Indiana limited liability company whose principal place of business is at 5328 Sandwood Drive, Indianapolis, Indiana 46235.

222.    Plaintiff Doug Staneart ("Staneart") is a natural person who resides in Tarrant County, Texas, and is the President of Plaintiff The Leaders Institute, LLC ("TLI"), a Texas limited liability company duly organized and existing under the laws of the state of Texas with its principal place of business at 6703 Coronation Court, Arlington, Texas 76017.

223.    On September 9, 2015, Plaintiffs filed, or caused to be filed, a Second Amended Complaint against Defendants which alleges infringement, counterfeiting, and false designation of U.S. Trademark Registration Nos. 3,535,706 and 4,542,884 for BUILD-A-BIKE (the "BUILD-A-BIKE marks"), violations of the Anticybersquatting Consumer Protection Act, unfair competition, unfair competition by misappropriation, misappropriation of trade secrets, conversion, breach of contract, tortious interference with prospective business relations, and unjust enrichment.

## COUNT I
## ABUSE OF PROCESS

224.    Defendants incorporate by reference the allegations in paragraphs 221-223 as if set forth fully herein.

225.    Jackson resigned from his employment at TLI on August 1, 2013.

226.    On September 13, 2013, TLI and Staneart filed suit against Jackson and Magnovo in the District Court of Tarrant County, Texas, alleging conversion, misappropriation of trade secrets, breach of confidential and/or fiduciary relationship, and breach of contract.  TLI and Staneart did not serve Jackson and Magnovo with their Complaint until January 29, 2014.

227.    On February 10, 2014, Jackson filed a complaint under the Fair Labor Standards Act against TLI, which action is still pending.

228.    On March 20, 2014, TLI and Staneart filed their Notice of Non Suit of the September 13, 2013 Complaint.

229.    On October 2, 2014, TLI and Staneart maliciously brought suit and caused process to be issued against Jackson and Magnovo in the action currently pending before this Court.

230.    On July 24, 2015, this Court dismissed the copyright claims from Plaintiffs' First Amended Complaint for lack of jurisdiction.  However, Plaintiff's claims of unfair competition by misappropriation, misappropriation of trade secrets, and conversion continue to reference the copyrighted works that have been dismissed from this lawsuit.

231.    Staneart had an ulterior purpose or motive in filing its complaint against Jackson.

232.    Upon information and belief, Staneart seeks to harass Jackson and force Jackson to incur unnecessary litigation costs in defending against improper claims.

233.     Upon information and belief, Staneart is retaliating against Jackson due to Jackson resigning and starting his own consulting firm, and Staneart seeks to obtain unearned payment from Jackson as purported damages and/or to waste Jackson's time and resources.

234.     The relief sought by TLI and Staneart in their Complaint is not a matter worthy of litigation on the basis of the facts known at the time TLI and Staneart filed their complaint.

235.     Upon information and belief, TLI and Staneart have willfully used the process of filing a complaint against Jackson and Magnovo that is not procedurally or substantively proper in the regular conduct of the proceedings on the basis of the facts known to TLI and Staneart at the time of filing their complaint.

236.     As a result of TLI's and Staneart's wrongful issuance of process, Jackson and Magnovo have sustained damages as a result of TLI's and Staneart's abuse of judicial process.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

237.     Defendants incorporates by reference the allegations in paragraphs 221-237 as if set forth fully herein.

238.     Upon information and belief, after Jackson left the employ of TLI, Staneart began contacting current and former employees and independent contractors of TLI and falsely informing others about Jackson's supposed dishonest and criminal acts.

239.     Upon information and belief, Staneart has willfully interfered in the business and client development of Jackson and Magnovo.

240.     That as a direct and proximate result of Staneart's tortious interference with business attributed and attributable to Staneart herein, Jackson and Magnovo have been damaged.

## COUNT III
## FRAUD AND DEFAMATION

241.    Defendants incorporate by reference the allegations in paragraphs 221-240 as if set forth fully herein.

242.    Upon information and belief, Staneart has been informing current and former TLI employees that Jackson is the subject of a "sting operation" and is being investigated by the Federal Bureau of Investigation for criminal violations.

243.    Upon information and belief, Staneart created a false persona named "Lisa Smith" who is supposedly working for "Small Business Alliances" and contacted Magnovo purporting to be a prospective client.

244.    Upon information and belief, Staneart's *per se* defamatory statements made by Staneart and "Lisa Smith" to current and former TLI employees has damaged Jackson's and Magnovo's prospective business relations.

## COUNT IV
## CANCELLATION OF BUILD-A-BIKE® MARKS

245.    Defendants incorporate by reference the allegations in paragraphs 221-244 as if set forth fully herein.

246.    U.S. Trademark Registration No. 3,535,706 for BUILD-A-BIKE® issued November 18, 2008 for the goods and services of "education services, namely, providing classes, seminars, and workshops, in the field of team building and leadership" (class 41) is invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

247.    U.S. Trademark Registration No. 4,542,884 issued June 3, 2014 for the goods and services of "educational services, namely, conducting classes, seminars, workshops, lectures, and

self-paced training programs in the field of personal and professional development, leadership, communication, and team building and distribution of educational materials in connection therewith; personal coaching services in the field of personal and professional development for individuals and groups" (class 41) is invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

248.    Upon information and belief, Staneart's BUILD-A-BIKE® marks are being used in commerce solely in connection with the services of team building and not for any of the other services listed in their registrations.

249.    Upon information and belief, Staneart's BUILD-A-BIKE® marks are specifically being used in connection with their "Build-A-Bike Team Building Workshop" which is a charity event where groups are divided into teams to solve specific challenges in order to build bicycles.

250.    Staneart's BUILD-A-BIKE® marks should be cancelled for failing to meet the requirements for registration under 15 U.S.C. § 1052.

## COUNT V
## ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505

251.    Defendants incorporate by reference the allegations in paragraphs 221-250 as if set forth fully herein.

252.    Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint in this matter on January 30, 2015.  This Court subsequently dismissed Plaintiff's claims against Defendants for Federal Copyright Infringement under 17 U.S.C. § 501.

253.  Pursuant to 17 U.S.C. § 505, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

21

254.     Because Defendants are the prevailing party as to Plaintiff's claim for Copyright Infringement under 17 U.S.C. § 501, Defendants should recover their fees and costs to defend the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the following relief:

a.   That judgment entered in favor of Defendants and Plaintiffs take nothing;

b.   That judgment entered in favor of Defendants against Plaintiffs to the effect that the BUILD-A-BIKE marks are declared cancelled;

c.   That judgment entered in favor of Defendants against Plaintiffs to the effect that the Court declares that Defendants have not and do not directly or indirectly infringe the BUILD-A-BIKE marks or the registered copyrights.

d.   That Defendants be awarded costs, expenses, and attorneys' fees to the extent permitted by law;

e.   That Staneart and TLI be enjoined from making any defamatory communications relating to Jackson or Magnovo; and

f.   That the Court grant such other relief it deems appropriate.

Dated:  September 16, 2015

Respectfully submitted,

/Amy A. Rollins/
Steven G. Cracraft, Indiana No. 3417-49
Kevin R. Erdman, Indiana No. 11952-02
Amy A. Rollins, Indiana No. 31788-49
BRANNON SOWERS & CRACRAFT PC
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630.2810
Fax: (317) 630-2813

Email: scracraft@bscattorneys.com
kerdman@bscattorneys.com
arollins@bscattorneys.com

*Counsel for Defendants*

Glenn E. Janik, TX Bar No. 24036837
Daniel D. Bohmer, TX Bar No. 24040541
**JANIK BOHMER PLLC**
Gateway Tower
8111 LBJ Freeway, Suite 375
Dallas, Texas 75043
Phone: (214) 390-9999
Fax: (214) 824-5101
Email: glenn@janiklawfirm.com
daniel@janiklawfirm.com

*Local Counsel for Defendants*

23

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  Service of this filing will be made on all ECF-registered counsel through the Court's electronic filing system:

Darin M. Klemchuk
Roxanne Edwards
Corey Weinstein
KLEMCHUK LLP

Cynthia A. Cook
BROWN, PC

/Amy A. Rollins/