UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | ) | |
| and DOUG STANEART | ) | |
|     Plaintiffs and Counter-Defendants, | ) | |
| | ) | |
|     v. | ) | Case No. 3:14-cv-03572-B |
| | ) | |
| ROBERT JACKSON, and MAGNOVO | ) | |
| TRAINING GROUP, LLC | ) | |
|     Defendants and Counter-Plaintiffs. | ) | |

**DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

      Defendants Robert Jackson ("Jackson") and Magnovo Training Group, LLC, ("Magnovo")

(collectively "Defendants"), by their undersigned counsel, respond to the Third Amended

Complaint filed by Plaintiffs The Leader's Institute, LLC ("TLI") and Doug Staneart ("Staneart")

(collectively "Plaintiffs") as follows:

**<u>DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT</u>**

**I.
PARTIES**

      1.      Defendants lack information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 1, and therefore deny the allegations.

      2.      Defendants lack information or knowledge sufficient to form a belief as to the truth

of the allegations of paragraph 2, and therefore deny the allegations.

      3.      Defendants admit the allegations in paragraph 3.

      4.      Defendants admit the allegations in paragraph 4.

## II.
## JURISDICTION AND VENUE

5.      Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in this action only.  To the extent that any allegations in paragraph 5 are intended as a basis for liability as to Defendants, however, they are denied.

6.      Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. 21 § 1367(a).  To the extent that any allegations in paragraph 6 are intended as a basis for liability as to Defendants, however, they are denied.

7.      Defendants deny that this Court has personal jurisdiction over Defendants.  To the extent that any allegations in paragraph 7 are intended as a basis for liability as to Defendants, they are denied.

8.      Defendants deny the allegations of paragraph 8.

## III.
## SUMMARY OF JURISDICTIONAL FACTS

9.      Defendants deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

12.     Defendants admit that Defendants do business in Texas.  Defendants deny the remaining allegations in paragraph 12.

13.     Defendants admit that Defendants perform team building services in Texas. Defendants deny the remaining allegations in paragraph 13.

14.     Defendants deny the allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15.

16.     Defendants admit the allegations of paragraph 16.

17.     Defendants deny the allegations of paragraph 17.

18.     Defendants admit that Jackson contacted Plaintiff TLI in Texas on multiple occasions during the period of August through November 2010 for purposes of employment. Defendants deny the remaining allegations of paragraph 18.

19.     Defendants admit that Jackson traveled to Texas to teach a class for Plaintiff. Defendants deny the remaining allegations in paragraph 19.

20.     Defendants deny the allegations of paragraph 20.

21.     Defendants admit directly contacting Texas residents for the purpose of selling them Plaintiffs' services in the state of Texas.  Defendants deny the remaining allegations of paragraph 21.

22.     Defendants admit the allegations of paragraph 22.

23.     Defendants deny the allegations of paragraph 23.

24.     Defendants deny the allegations of paragraph 24.

25.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore deny the allegations.

## IV.
## VENUE

26.     Defendants admit that Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

## V.
## NATURE OF THE ACTION

27.     Defendants admit the Complaint purports to bring an action for alleged trademark infringement and counterfeiting, false designation of origin and trademark infringement, and

related causes of action under the laws of the United States, including Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants deny the legal and factual sufficiency of Plaintiffs' claims and allegations.  Defendants deny that the Complaint has any merit and deny that Plaintiffs are entitled to monetary damages or injunctive relief.

## VI.
## FACTUAL BACKGROUND

28.     Defendants answer and hereby incorporate by reference each and every allegations made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

29.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore deny the allegations.

30.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore deny the allegations.

31.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore deny the allegations.

32.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore deny the allegations.

33.     Defendants admit that Exhibit A appears to be a copy of United States Trademark Registration No. 3,535,706, issued November 18, 2008, for the mark BUILD-A-BIKE. Defendants admit that Exhibit B appears to be a copy of United States Trademark Registration No. 4,542,884, issued June 3, 2014, for the mark BUILD-A-BIKE.  Defendants deny that the USPTO registrations have achieved incontestability under 15 U.S.C. § 1065.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore deny the allegations.

4

34.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore deny the allegations.

35.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore deny the allegations.

36.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore deny the allegations.

37.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore deny the allegations.

40.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore deny the allegations.

41.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41, and therefore deny the allegations.

42.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore deny the allegations.

43.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43, and therefore deny the allegations.

44.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore deny the allegations.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore deny the allegations.

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49 related to Jackson.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 49 related to other employees and independent contractors, and therefore deny the allegations.

50.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore deny the allegations.

## VII.
## DEFENDANTS JACKSON AND MAGNOVO

51.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants deny the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.

61.     Defendants deny the allegations of paragraph 61.

62.     Defendants admit that Defendant Jackson taught classes across the United States, including Texas, and deny the remaining allegations of paragraph 62.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64.

65.     Defendants deny the allegations of paragraph 65.

66.     Defendants deny the allegations of paragraph 66.

67.     Defendants deny the allegations of paragraph 67.

68.     Defendants deny the allegations of paragraph 68.

69.     Defendants admit the allegations of paragraph 69.

70.     Defendants deny the allegations of paragraph 70.

71.     Defendants deny the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants deny the allegations of paragraph 73.

74.     Defendants deny the allegations of paragraph 74.

75.     Defendants deny the allegations of paragraph 75.

76.     Defendants deny the allegations of paragraph 76.

77.     Defendants deny the allegations of paragraph 77.

78.     Defendants deny the allegations of paragraph 78.

79.     Defendants deny the allegations of paragraph 79.

80.     Defendants deny the allegations of paragraph 80.

81.     Defendants deny the allegations of paragraph 81.

82.     Defendants deny the allegations of paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants deny the allegations of paragraph 85.

86.     Defendants admit that they received correspondence from Plaintiffs' attorney, dated September 9, 2014, which speaks for itself and as to which no answer is required.  To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 and therefore deny the allegations.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     Defendants deny the allegations of paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     Defendants deny the allegations of paragraph 96.

97.     Defendants deny the allegations of paragraph 97.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

## VIII.
## CAUSES OF ACTION

100.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

8

**A.      Infringement of Federally Registered Service Mark Under Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1))**

101.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

102.    Defendants deny the allegations of paragraph 102.

103.    Defendants deny the allegations of paragraph 103.

104.    Defendants deny the allegations of paragraph 104.

105.    Defendants deny the allegations of paragraph 105.

106.    Defendants deny the allegations of paragraph 106.

107.    Defendants deny the allegations of paragraph 107.

108.    Defendants deny the allegations of paragraph 108.

**B.      Statutory Infringement and False Designation of Origin Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125)**

109.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

110.    Defendants deny the allegations of paragraph 110.

111.    Defendants deny the allegations of paragraph 111.

112.    Defendants deny the allegations of paragraph 112.

113.    Defendants deny the allegations of paragraph 113.

114.    Defendants deny the allegations of paragraph 114.

115.    Defendants deny the allegations of paragraph 115.

116.    Defendants deny the allegations of paragraph 116.

117.    Defendants deny the allegations of paragraph 117.

118.    Defendants deny the allegations of paragraph 118.

**C.      Violations of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d))**

119.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants deny the allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny the allegations of paragraph 127.

128.    Defendants deny the allegations of paragraph 128.

129.    Defendants deny the allegations of paragraph 129.

130.    Defendants deny the allegations of paragraph 130.

**D.      Unfair Competition Under 15 U.S.C. § 1125(a)**

131.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

132.    Defendants deny the allegations of paragraph 132.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.

**E.      Unfair Competition by Misappropriation (Defendant Jackson)**

135.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

136.    Defendants deny the allegations of paragraph 136.

137.    Defendants deny the allegations of paragraph 137.

138.    Defendants deny the allegations of paragraph 138.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

141.    Defendants deny the allegations of paragraph 141.

142.    Defendants deny the allegations of paragraph 142.

143.    Defendants deny the allegations of paragraph 143.

**F.      Misappropriation of Trade Secrets (Defendant Jackson)**

144.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

145.    Defendants deny the allegations of paragraph 145.

146.    Defendants deny the allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147.

148.    Defendants deny the allegations of paragraph 148.

149.    Defendants deny the allegations of paragraph 149.

150.    Defendants deny the allegations of paragraph 150.

151.    Defendants deny the allegations of paragraph 151.

152.    Defendants deny the allegations of paragraph 152.

153.    Defendants deny the allegations of paragraph 153.

154.    Defendants deny the allegations of paragraph 154.

155.    Defendants deny the allegations of paragraph 155.

156.    Defendants deny the allegations of paragraph 156.

157.    Defendants deny the allegations of paragraph 157.

G.      **Conversion (Defendant Jackson)**

158.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

159.    Defendants deny the allegations of paragraph 159.

160.    Defendants deny the allegations of paragraph 160.

161.    Defendants deny the allegations of paragraph 161.

162.    Defendants deny the allegations of paragraph 162.

163.    Defendants deny the allegations of paragraph 163.

164.    Defendants deny the allegations of paragraph 164.

165.    Defendants deny the allegations of paragraph 165.

H.      **Breach of Contract (Defendant Jackson)**

166.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

167.    Defendants deny the allegations of paragraph 167.

168.    Defendants deny the allegations of paragraph 168.

169.    Defendants deny the allegations of paragraph 169.

I.      **Tortious Interference with Prospective Business Relations (Defendant Jackson)**

170.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

171.    Defendants deny the allegations of paragraph 171.

172.    Defendants deny the allegations of paragraph 172.

173.    Defendants deny the allegations of paragraph 173.

174.    Defendants deny the allegations of paragraph 174.

175.    Defendants deny the allegations of paragraph 175.

**J.      Trademark Infringement in Violation of Texas Law**

176.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

177.    Defendants deny the allegations of paragraph 177.

178.    Defendants deny the allegations of paragraph 178.

179.    Defendants deny the allegations of paragraph 179.

**K.      Unfair Competition Under Texas Law**

180.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

181.    Defendants deny the allegations of paragraph 181.

182.    Defendants deny the allegations of paragraph 182.

183.    Defendants deny the allegations of paragraph 183.

**L.      Unjust Enrichment Under Texas Law**

184.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

185.    Defendants deny the allegations of paragraph 185.

**IX.**
**REQUEST FOR INJUNCTIVE RELIEF**

186.    Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

187.    Defendants deny the allegations of paragraph 187.

188.    Defendants need not respond to paragraph 188.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to any of the relief sought.

## X.
## DAMAGES

189.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

190.     Defendants deny the allegations of paragraph 190.

191.     Defendants deny the allegations of paragraph 191.

192.     Defendants deny the allegations of paragraph 192.

193.     Defendants deny the allegations of paragraph 193.

## XI.
## ATTORNEY FEES

194.     Defendants answer and hereby incorporate by reference each and every allegation made in the foregoing paragraphs of this Answer as if each were separately set forth herein.

195.     Defendants deny the allegations of paragraph 195.

196.     Defendants deny the allegations of paragraph 196.

## XII.
## JURY DEMAND

197.     Defendants need not respond to Plaintiffs' request for a trial by jury on all triable issues.  To the extent a response is deemed necessary, Defendants also request a jury trial of all issues so triable.

## DEFENDANTS' AFFIRMATIVE DEFENSES

198.     In addition to the foregoing responses, Defendants allege and assert the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Defendants reserve the right to allege additional defenses as they become known through the course of discovery.

14

199.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

200.     This Court lacks personal jurisdiction over Defendants.

201.     Defendants have not committed any of the wrongful acts alleged by Plaintiffs and have not violated any valid right owned by Plaintiffs.   To the extent that Jackson's and/or Magnovo's actions constituted a violation of a right owned by Plaintiffs, such action was not willful, intentional, or otherwise wrongful.

202.     The allegations contained in Plaintiffs' Complaint should be dismissed, in whole or in part, because all activities of Defendants were lawful, in good faith, constitutional, and did not violate any of the provisions of federal or state law.

203.     Plaintiffs' claims for trademark infringement are barred in whole or in part based on Plaintiffs' mark being merely descriptive pursuant to 15 U.S.C. § 1115(b)(4).

204.     Plaintiffs' claims for trademark infringement are barred in whole or in part based on the BUILD-A-BIKE® mark being invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

205.     Plaintiffs' claims are barred, in whole or in part, from recovering damages from Defendants under principles of equity, including waiver, laches, estoppel, and/or unclean hands.

206.     Plaintiffs have failed to mitigate their damages, if any.

207.     Plaintiffs' allegations are barred to the extent Plaintiffs suffered no real or actual damages as a result of any actions or omissions by Defendants.

## DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

### JURISDICTION AND VENUE

208.     This Court has subject matter jurisdiction to adjudicate Defendants' counterclaims pursuant to 28 U.S.C. §§ 1331 and 1332(a).   This Court has original jurisdiction over these

counterclaims because they are federal questions and the matters in controversy exceed the sum of value of $75,000, exclusive of interest and costs, and are between citizens of different states. Defendants are citizens of the state of Indiana, and Plaintiffs are citizens of the state of Texas.

209.    Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

210.    Defendant Robert Jackson ("Jackson") is a natural person who resides and conducts business at 5328 Sandwood Drive, Indianapolis, Indiana 46235, and is the President of Defendant Magnovo Training Group, LLC ("Magnovo"), an Indiana limited liability company whose principal place of business is at 5328 Sandwood Drive, Indianapolis, Indiana 46235.

211.    Plaintiff Doug Staneart ("Staneart") is a natural person who resides in Tarrant County, Texas, and is the President of Plaintiff The Leaders Institute, LLC ("TLI"), a Texas limited liability company duly organized and existing under the laws of the state of Texas with its principal place of business at 6703 Coronation Court, Arlington, Texas 76017.

212.    On December 17, 2015, Plaintiffs filed, or caused to be filed, a Third Amended Complaint against Defendants which alleges infringement and false designation of U.S. Trademark Registration Nos. 3,535,706 and 4,542,884 for BUILD-A-BIKE (the "BUILD-A-BIKE marks"), violations of the Anticybersquatting Consumer Protection Act, unfair competition, unfair competition by misappropriation, misappropriation of trade secrets, conversion, breach of contract, tortious interference with prospective business relations, and trademark infringement and unfair competition in violation of Texas law.

213.    Defendant Magnovo is the author and owner of the copyright in a number of original works, including without limitation, the following registered with the United States Copyright Office:

Bicycle-Team-Building-Events.com website

Magnovo Photo 1

214.    The copyright registrations are currently valid, subsisting and in full force and effect.  True and correct copies of the registration filings are attached hereto as Exhibits A and B. The federal registration rights and common law rights in these original works are collectively referred to hereafter as the "Copyrighted Works."

215.    The Copyrighted Works were created and are used by Defendant Magnovo in the provision of its charitable team building workshops and related services and helps to differentiate Defendant Magnovo and its services from competitors.

## COUNT I
## ABUSE OF PROCESS

216.    Defendants incorporate by reference the allegations in paragraphs 210-215 as if set forth fully herein.

217.    Jackson resigned from his employment at TLI on August 1, 2013.

218.    On September 13, 2013, TLI and Staneart filed suit against Jackson and Magnovo in the District Court of Tarrant County, Texas, alleging conversion, misappropriation of trade secrets, breach of confidential and/or fiduciary relationship, and breach of contract.  TLI and Staneart did not serve Jackson and Magnovo with their Complaint until January 29, 2014.

219.    On February 10, 2014, Jackson filed a complaint under the Fair Labor Standards Act against TLI, which action is still pending.

220.    On March 20, 2014, TLI and Staneart filed their Notice of Non Suit of the September 13, 2013 Complaint.

221.    On October 2, 2014, TLI and Staneart maliciously brought suit and caused process to be issued against Jackson and Magnovo in the action currently pending before this Court.

222.    On July 24, 2015, this Court dismissed the copyright claims from Plaintiffs' First Amended Complaint for lack of jurisdiction.

223.    Staneart had an ulterior purpose or motive in filing his complaint against Jackson.

224.    Upon information and belief, Staneart seeks to harass Jackson and force Jackson to incur unnecessary litigation costs in defending against improper claims.

225.    Upon information and belief, Staneart is retaliating against Jackson due to Jackson resigning and starting his own consulting firm, and Staneart seeks to obtain unearned payment from Jackson as purported damages and/or to waste Jackson's time and resources.

226.    The relief sought by TLI and Staneart in their Complaint is not a matter worthy of litigation on the basis of the facts known at the time TLI and Staneart filed their complaint.

227.    Upon information and belief, TLI and Staneart have willfully used the process of filing a complaint against Jackson and Magnovo that is not procedurally or substantively proper in the regular conduct of the proceedings on the basis of the facts known to TLI and Staneart at the time of filing their complaint.

228.    As a result of TLI's and Staneart's wrongful issuance of process, Jackson and Magnovo have sustained damages as a result of TLI's and Staneart's abuse of judicial process.

**COUNT II**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

229.    Defendants incorporates by reference the allegations in paragraphs 210-228 as if set forth fully herein.

230.    Upon information and belief, after Jackson left the employ of TLI, Staneart began contacting current and former employees and independent contractors of TLI and falsely informing others about Jackson's supposed dishonest and criminal acts.

231.   Plaintiffs have interfered with Defendants' business relations by filing a fraudulent trademark application for MAGNOVO, attempting to usurp the goodwill associated with the mark and attempting to link the MAGNOVO name with Plaintiff TLI.

232.   In an attempt to further usurp goodwill and interfere with Defendants' business, Plaintiff Staneart has logged into Defendant Jackson's LinkedIn account and changed the password.

233.   Plaintiffs have further interfered with Defendants' business by registering internet domains and framing Defendant Magnovo's bicycle-team-building-events.com website under Plaintiffs' registered domains, thereby interfering with Defendants' internet traffic and holding Defendants' business out as that of Plaintiffs.

234.   Upon information and belief, Staneart has willfully interfered in the business and client development of Jackson and Magnovo.

235.   As a direct and proximate result of Plaintiffs' tortious interference with business attributed and attributable to Staneart herein, Jackson and Magnovo have been damaged.

## COUNT III
## FRAUD AND DEFAMATION

236.   Defendants incorporate by reference the allegations in paragraphs 210-235 as if set forth fully herein.

237.   Upon information and belief, Staneart has been informing current and former TLI employees that Jackson is the subject of a "sting operation" and is being investigated by the Federal Bureau of Investigation for criminal violations.

238.   Upon information and belief, Staneart created a false persona named "Lisa Smith" who is supposedly working for "Small Business Alliances" and contacted Magnovo purporting to be a prospective client.

19

239.    Upon information and belief, Staneart used this false business contact as a means to obtain a Magnovo client proposal document, prepared by Magnovo for Small Business Alliance.

240.    Staneart, through The Leader's Institute, LLC, used the Magnovo client proposal document, along with printouts of Magnovo's website, in order to fraudulently file a trademark application for "MAGNOVO" with the United States Patent and Trademark Office (USPTO).

241.    By filing the MAGNOVO trademark application, The Leaders Institute, LLC fraudulently represented to the USPTO that it was the owner of the trademark sought to be registered; that it was the owner of the materials submitted as proof of use of the mark in commerce; that it had been continually using such mark in commerce since as early as February 1, 2011; and that the mark was distinctive.

242.    Upon information and belief, Staneart's *per se* defamatory statements made by Staneart and "Lisa Smith" to current and former TLI employees has damaged Jackson's and Magnovo's prospective business relations.

243.    TLI and Staneart have committed fraud on the United States Trademark Office by filing a trademark application for Magnovo's trademark using Magnovo's property in support of such fraudulent application.

## COUNT IV
## CANCELLATION OF BUILD-A-BIKE® MARKS

244.    Defendants incorporate by reference the allegations in paragraphs 210-243 as if set forth fully herein.

245.    U.S. Trademark Registration No. 3,535,706 for BUILD-A-BIKE® issued November 18, 2008 for the goods and services of "education services, namely, providing classes, seminars, and workshops, in the field of team building and leadership" (class 41) is invalid for

failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

246.    U.S. Trademark Registration No. 4,542,884 issued June 3, 2014 for the goods and services of "educational services, namely, conducting classes, seminars, workshops, lectures, and self-paced training programs in the field of personal and professional development, leadership, communication, and team building and distribution of educational materials in connection therewith; personal coaching services in the field of personal and professional development for individuals and groups" (class 41) is invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

247.    Upon information and belief, Staneart's BUILD-A-BIKE® marks are being used in commerce solely in connection with the services of team building and not for any of the other services listed in their registrations.

248.    Upon information and belief, Staneart's BUILD-A-BIKE® marks are specifically being used in connection with their "Build-A-Bike Team Building Workshop" which is a charity event where groups are divided into teams to solve specific challenges in order to build bicycles.

249.    Staneart's BUILD-A-BIKE® marks should be cancelled for failing to meet the requirements for registration under 15 U.S.C. § 1052.

## COUNT V
## ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505

250.    Defendants incorporate by reference the allegations in paragraphs 210-249 as if set forth fully herein.

251.    Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint in this matter on January 30, 2015.  This Court subsequently dismissed Plaintiff's claims against Defendants for Federal Copyright Infringement under 17 U.S.C. § 501.

252.     Pursuant to 17 U.S.C. § 505, "[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

253.     Because Defendants are the prevailing party as to Plaintiff's claim for Copyright Infringement under 17 U.S.C. § 501, Defendants should recover their fees and costs to defend the action.

**COUNT VI**
**FEDERAL COPYRIGHT INFRINGEMENT. (17 U.S.C. § 501 *et seq.*)**

254.     Defendants incorporate by reference the allegations in paragraphs 210-253 as if set forth fully herein.

255.     Defendant Magnovo is the sole owner of all right, title, and interest to the Copyrighted Works and of all corresponding copyrights and Certificates of Registration.

256.     On or about July 20, 2015, Plaintiffs registered several internet domain names, including but not limited to the following:

http://bicycle-team-building.org/

http://bicycles-team-building.com/

http://bicycleteambuilding.org/

http://bicycleteambuildings.org/

257.     Following such domain registrations, Plaintiffs caused such registered domains to then "frame" Defendant Magnovo's internet website located at http://bicycle-team-building-events.com/, whereby the full content of Magnovo's Bicycle Team Building website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name as though Plaintiffs owned and operated such Magnovo website content and Copyrighted Works.

258.    Plaintiffs' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Defendant's rights.

259.    As a result of Plaintiffs' infringement of Magnovo's Copyrighted Works and exclusive rights, Magnovo is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).

260.    The conduct of Plaintiffs is causing and, unless preliminarily and permanently enjoined and restrained by this Court, will continue to cause Magnovo great and irreparable injury that cannot fully be compensated or measured through money damages.  Magnovo has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Magnovo is entitled to preliminary and final injunctive relief prohibiting Plaintiffs from further infringing Magnovo's Copyrighted Works and an order enjoining Plaintiffs from using any materials that contain infringing material.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

a.    That judgment entered in favor of Defendants and Plaintiffs take nothing;

b.    That judgment entered in favor of Defendants against Plaintiffs to the effect that the BUILD-A-BIKE marks are declared cancelled;

c.    That judgment entered in favor of Defendants against Plaintiffs to the effect that the Court declares that Defendants have not and do not directly or indirectly infringe the BUILD-A-BIKE marks or the registered copyrights.

d.    That Defendants be awarded costs, expenses, and attorneys' fees to the extent permitted by law;

e.    That Staneart and TLI be enjoined from making any defamatory communications relating to Jackson or Magnovo;

f.   That Plaintiffs be permanently enjoined from infringing upon Defendant Magnovo's Copyrighted Works and Defendants be awarded statutory damages for infringement; and

g.   That the Court grant such other relief it deems appropriate.

Dated:  January 11, 2016

Respectfully submitted,

/William K. Doss/
William K. Doss, Indiana No. 20097-29
Steven G. Cracraft, Indiana No. 3417-49
Amy A. Rollins, Indiana No. 31788-49
BRANNON SOWERS & CRACRAFT PC
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630.2810
Fax: (317) 630-2813
Email: wdoss@bscattorneys.com
       scracraft@bscattorneys.com
       arollins@bscattorneys.com
*Counsel for Defendants*

Glenn E. Janik, TX Bar No. 24036837
Daniel D. Bohmer, TX Bar No. 24040541
**JANIK BOHMER PLLC**
Gateway Tower
8111 LBJ Freeway, Suite 375
Dallas, Texas 75043
Phone: (214) 390-9999
Fax: (214) 824-5101
Email: glenn@janiklawfirm.com
daniel@janiklawfirm.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  Service of this filing will be made on all ECF-registered counsel through the Court's electronic filing system:

Gary Sorden
Darin M. Klemchuk
Roxanne Edwards
Corey Weinstein
KLEMCHUK LLP

Cynthia Cook
BROWN PC

/William K. Doss/
William K. Doss, Indiana No. 20097-29
BRANNON SOWERS & CRACRAFT PC
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630.2810
Fax: (317) 630-2813
Email: wdoss@bscattorneys.com