IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC<br>And DOUG STANEART<br><br>VS<br><br>ROBERT JACKSON and MAGNOVO<br>TRAINING GROUP, LLC, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:14-cv-03572-B<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

Since September 9, 2015, Plaintiffs have asserted causes of action for unfair competition, which include false advertising. *See* Doc. 66, Count E (unfair competition under 15 U.S.C. § 1125(a), Count L (unfair competition under Texas law). Additionally, in Plaintiffs' third amended complaint, filed on December 17, 2015, Count D again alleges violations of 15 U.S.C. § 1125(a), including false designation of origin. This allegation relates directly to false advertising under 15 U.S.C. § 1125(a). *See Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 460 (5th Cir. 2001) (noting that "Congress obviously intended to address literally false advertising under the Lanham Act [15 U.S.C. § 1125(a).]"); *Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 234 (5th Cir. 2014) ("Section 43(a) of the Lanham Act prohibits false advertising.").[1] Nevertheless, out of an abundance of caution, Plaintiffs sought leave to amend their complaint to include more details about Defendants' false advertising. Despite having

---

[1] To establish a claim for the false advertising prong of the Lanham Act, a plaintiff must show: (1) that the defendant made a false statement of fact about its product in a commercial advertisement; (2) that the statement actually deceived or has a tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result. *Logan*, 263 F.3d at 462.

1

notice since September 2015, Defendants have refused to provide discovery on this issue, including the Magnovo proposals and other documents necessary to fully evaluate the liability and damages associated with Defendants' false advertising.

Although Plaintiffs received two unauthenticated proposals prior to the Court's December 24, 2015 deadline,[2] Plaintiffs did not learn about the significant misrepresentations in those proposals until months later.  For example, before the deadline to amend pleadings in this case, Defendants had not produced its customer list, correspondence or materials sent to potential customers, or any of the proposals sent to numerous companies on behalf of Magnovo. Thus, Plaintiffs had no way of knowing if the unauthenticated proposals obtained before the deadline were in fact, literally untrue, which is an element of false advertising. As a result, Defendants seek to punish Plaintiffs for Defendants' own failure to produce the relevant documents until after Defendants' response to this motion.  Based upon the information provided to date, Defendants' proposals include at least three false statements:

- As of June 2014, Magnovo had not taught its "custom workshops" "across the U.S., Canada and Europe to Fortune 500 Companies."  Doc. 112, Exhibit 1, page 3.

- As of June 2014, Magnovo had not taught courses to **any** of the following companies: "Phillips 66, Microsoft, Google, Cisco, Wells Fargo, General Electric, Novartis, Nestle Purina, Royal Caribbean Cruise Lines, Verizon Wireless, Target, Amgen, Johnson & Johnson, and hundreds of other happy clients including federal and state agencies." *Id.*

- As of June 2014, the **eleven** "satisfied clients" identified in the proposals were not customers of Magnovo. *Id.*, p. 7.

---

[2] The two proposals were received in May 2014 when Staneart created a false persona, Lisa Smith, in an effort to determine the scope of Defendants' malfeasance.  Defendants apparently use this as an excuse for not producing these and other proposals until days before the end of discovery.

It was not until March 2016 – when Defendants produced a partial customer list of converted customers and the deposition of Defendant Jackson occurred – that Plaintiffs began to realize that Defendants made these false statements based upon **Plaintiffs'** workshops, **Plaintiffs'** customers, and **Plaintiffs'** satisfied clients.  At that time, Plaintiffs began discussing with Defendants the missing proposals and a possible cause of action for false advertising.  *See generally* Plaintiffs' Motion to Compel [Docs. 114 and 115, including APP 76-90].  During those communications, Defendants agreed to produce proposals.  Despite their agreement, Defendants continued to delay production.  In fact, Defendants did not produce proposals **until July 18th, which was after their response to this motion**. Docs. 117 and 118.  Nevertheless, based upon the limited information from Robert Jackson and the partial customer list, Plaintiffs sought leave to amend their complaint on June 22, 2016.

On July 18, Defendants for the first time produced 316 pages of proposals (limited in time from August 2013-February 2016).[3]  Upon receipt of those documents, Plaintiffs learned that Defendants made these misrepresentations on at least fifty (50) occasions, resulting in numerous instances of false advertising and further bolstering Plaintiffs' claim.

Rather than focus their response on Defendants' continued dilatory efforts, which caused Plaintiffs to seek leave of the Court after the deadline, Defendants attempt to obfuscate the issues by arguing prejudice.  But Defendants' argument regarding upcoming deadlines is nothing more than a disingenuous attempt to mislead this Court.

---

[3] Defendants have improperly limited the scope of discovery to a period of 18 months after Jackson quit his employment with TLI.  This is, at least in part, the subject of Plaintiffs' motion to compel [Doc. 114].  Plaintiffs are therefore unable to determine the breadth of Defendants' malfeasance.

In fact, if any prejudice has occurred, Plaintiffs have suffered from such prejudice. Withholding these proposals for months and only producing the proposals after the filing of this motion is discovery abuse, plain and simple; precluding Plaintiffs from pleading facts related to a cause of action already in the case is an absurd result. In addition, if this motion is denied, Plaintiffs will be forced to file another lawsuit involving the same parties with the Court, which is a waste of judicial resources.

Defendants have had ample time to seek, and have sought, discovery on this issue. On June 16, 2016, Defendants served requests for production and explicitly sought documents related to Plaintiffs' false advertising claim (all documents related to claims of false advertising).  *See* Exhibit A, Defendants' Second Set of Requests for Production to Plaintiffs, Request Nos. 44(f), 45, 53.  Defendants were on notice since September 9, 2015 that Plaintiffs asserted unfair competition, yet Defendants continued to refuse to produce responsive documents.  Indeed, as Defendants admit in their response, the false advertising claims were discussed during mediation held on May 16, 2016.  *See* Doc. 117, p. 5. Still further, the joint motion for an extension of certain deadlines filed by both parties specifically referenced false advertising and Plaintiffs' attempts to seek a resolution preventing Defendants from false advertising. Doc. 108.

Additionally, Defendants sought testimony from TLI on false advertising (all information related to false advertising as reported to the Department of Justice; documents related to false advertising).  *See* Exhibit B, Supplemental Subpoena for Notice of Deposition Pursuant to Rule 30(b)(6) of the Designated Representative(s) of The Leader's Institute, LLC, Topic Nos. 58(e)(iv), 61, and 68.  Defendants had the opportunity to depose Plaintiffs about their false advertising claims on two separate

occasions, July 7 and July 19. Defendants therefore had time to undertake "significant discovery."

On July 15, 2016, Plaintiffs' expert provided initial opinions related to false advertising.[4] Pursuant to the Court's Order [Doc. 109], Defendants have until August 12, 2016 to depose Plaintiffs' expert and obtain additional information regarding the damages component. Since September 9, 2015, Plaintiffs have asserted causes of action for unfair competition, which include false advertising. 15 U.S.C. § 1125(a). Thus, Defendants have long been on notice of the allegations but failed to produce the requested documents. Preventing Plaintiffs from putting on evidence of Defendants' unfair competition through false advertising given Defendants' own delay in producing the relevant materials and despite the cause of action already being asserted in the case is nonsensical.

Because false advertising is a form of unfair competition under 15 U.S.C. § 1125(a), Defendants have been on notice of the allegation for over ten months and have sought discovery on Plaintiffs' false advertising claim. Moreover, Defendants failed to even provide the proposals at issue until after the response to this motion was on file. For all of these reasons, good cause exists to amend Plaintiffs' Complaint. Though a question remains whether such leave is necessary given that a cause of action for violation of 15 U.S.C. § 1125(a) exists, Plaintiffs have moved the Court to amend their complaint so that facts can be added to the complaint for their unfair competition claims based upon discovery that was obtained after this motion was filed. Thus, Plaintiffs have properly

---

[4] Plaintiffs' expert stated that he will have to supplement his report once Defendants fully comply with their discovery obligations.

pled their unfair competition claim, and false advertising is certainly part of it. *See* 15 U.S.C. § 1125(a).

As Defendants acknowledge, good cause exists when the deadlines to amend cannot reasonably be met despite the diligence of Plaintiffs. To determine good cause, courts consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Harrison v. Wells Fargo Bank, N.A.*, 3:13-CV-4682-D, 2016 WL 3612124, at *2 (N.D. Tex. July 6, 2016), citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Plaintiffs addressed these factors in their Motion. *See* Doc. 112, including pp. 4-5. Thus, as detailed in Plaintiffs' Motion [Doc. 112] and as detailed above, Plaintiffs have diligently worked to get the information necessary to amend their complaint. Plaintiffs have sought documents from Defendants since August 2015. *See* Doc. 114. Defendants, however, have refused to produce responsive documents. Plaintiffs' inability to meet the Court's deadline is a direct result of Defendants' repeated refusal to comply with their discovery obligations. Plaintiffs have therefore demonstrated the requisite good cause necessary to amend their complaint to include false advertising. As such, Plaintiffs' motion for leave should be granted.

Dated:  July 27, 2016                                Respectfully submitted,

                                                    */s/ Gary R. Sorden*
                                                    Gary R. Sorden (lead counsel)
                                                    State Bar No. 24066124
                                                    Darin M. Klemchuk
                                                    State Bar No. 24002418
                                                    Roxanne Edwards
                                                    State Bar No. 24026817
                                                    **KLEMCHUK LLP**
                                                    8150 N. Central Expressway
                                                    10th Floor
                                                    Dallas, Texas 75206
                                                    Tel. 214.367.6000
                                                    Fax 214.367.6001
                                                    gary.sorden@klemchuk.com
                                                    darin.klemchuk@klemchuk.com
                                                    roxanne.edwards@klemchuk.com

                                                    Cynthia A. Cook
                                                    State Bar No. 04508025
                                                    **BROWN, PC**
                                                    500 Main Street, Suite 400
                                                    Fort Worth, Texas 76102
                                                    Tel. 817.8700025
                                                    Fax 817.870.0515
                                                    cynthia.cook@brownpc.com

                                                    **ATTORNEY FOR PLAINTIFFS**
                                                    **THE LEADER'S INSTITUTE,**
                                                    **LLC AND DOUG STANEART**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on July 27, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule 5.1(d).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                    */s/ Gary R. Sorden*
                                                    Gary R. Sorden