UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | § | |
| and DOUG STANEART, | § | |
| | § | |
| *Plaintiffs and Counter-Defendants*, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03572-B |
| | § | |
| ROBERT JACKSON, and | § | |
| MAGNOVO TRAINING GROUP, LLC, | § | |
| | § | |
| *Defendants and Counter-Plaintiffs*. | § | |

**APPENDIX IN SUPPORT OF DEFENDANT ROBERT JACKSON'S
BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

| EXHIBIT | DESCRIPTION | PAGE CITATION RANGE |
|---|---|---|
| A | DECLARATION OF ROBERT JACKSON | APP 1-5 |
| B | PLAINTIFFS' FIRST AMENDED OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES | APP 6-34 |

Dated:  August 1, 2016

Respectfully submitted,

By: s/ William K. Doss
Steven G. Cracraft, IN Bar No. 3417-49
William K. Doss, IN Bar No. 20097-29
Amy A. Rollins, IN Bar No. 31788-49
**BRANNON SOWERS & CRACRAFT PC**
**(Lead Counsel)**
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630-2810
Fax: (317) 630-2813
Email: scracraft@bscattorneys.com
wdoss@bscattorneys.com
arollins@bscattorneys.com

Michael V. Marconi, TX Bar No. 00784524
9284 Huntington Square, Suite 100
North Richland Hills, TX 76182
Phone: (214) 682-3592
Fax: (817) 479-2210
Email: Michael@dkdavislaw.com

Allen R. Vaught, TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
avaught@baronbudd.com

**ATTORNEYS FOR DEFENDANTS ROBERT JACKSON**
**AND MAGNOVO TRAINING GROUP, LLC**

## CERTIFICATE OF SERVICE

On August 1, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record in this lawsuit electronically.

s/William K. Doss
William K. Doss

*Appendix in Support of Defendant's Brief in Support of Motion for Partial Summary Judgment  – Page 2*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | § | |
| and DOUG STANEART, | § | |
| | § | |
| *Plaintiffs and Counter-Defendants,* | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03572-B |
| | § | |
| ROBERT JACKSON, and | § | |
| MAGNOVO TRAINING GROUP, LLC, | § | |
| | § | |
| *Defendants and Counter-Plaintiffs.* | § | |

## DECLARATION OF ROBERT JACKSON

I, Robert Jackson, pursuant to 28 U.S.C. 1746, declare as follows under penalty of perjury:

1.     I am over twenty-one years of age, have never been convicted of a felony and am otherwise competent to aver the facts set forth in this Declaration.

2.     All of the factual averments set forth in this Declaration are within my personal knowledge and are true and correct.

3.     I have reviewed the Motion for Partial Summary Judgment, and all of the facts stated therein are within my personal knowledge and are true and correct.

4.     As a preliminary matter, I did not sign The Leader's Institute Independent Contractor Agreement, which is referenced in Plaintiffs' Third Amended Complaint and which is attached hereto.  In fact, I signed no agreements whatsoever with The Leader's Institute and/or Doug Staneart when I returned to do work on TLI's behalf as an independent contractor.   My signature on the 2011 Agreement is a fabrication.  I do not even own a facsimile machine.

**DECLARATION OF ROBERT JACKSON**          Page 1

5.      On August 1, 2013, I sent Doug Staneart notice that I would no longer be performing services for TLI.  Since terminating my relationship with The Leaders Institute and Doug Staneart on August 1, 2013, I have not used, and am not using any of their client lists or customer contact information.   Additionally, I have not used any of TLI's training materials, pricing information and sales and marketing materials in connection with the business of Magnovo.  I have never even seen, much less received, the TLI Corporate Handbook referenced by Plaintiffs in their Complaint.

6.      Prior to August 1, 2013, I only used TLI's training materials and sales and marketing materials in connection with the business of TLI proper.  I did not use any of TLI's pricing information, training materials and/or sales and marketing materials in connection with any work that I performed on behalf of Magnovo including but not limited to work that I performed for StatOil, Royal Caribbean Cruise Lines and Novartis.

7.      I have not accessed Plaintiffs' CRM database since August 1, 2013.  Additionally, at no time did I download or copy any of Plaintiffs' customer information or client contact information as Plaintiffs claim in their Third Amended Complaint.

8.      In late June or early July of 2013, StatOil contacted me about public speaking workshops for their staff.  I had previously done a number of Fearless Presentation workshops for them on behalf of TLI.  As they were looking to schedule the workshops for later in August of 2013, I informed them that I would likely no longer be with TLI in August and that accordingly, if they were looking for Fearless Presentation workshops or other programs offered by TLI, that they would need to go directly to TLI.  StatOil informed me instead that they were not looking to hire TLI but instead wanted to engage me personally because of my ability to train and influence teams to work in a positive manner.  We agreed on customized training and pricing

**DECLARATION OF ROBERT JACKSON**          **Page 2**

and thereafter I invoiced them for the program, which was to (and did) take place after August 1, 2013.

9.      In similar fashion, in late June or early July of 2013, I was contacted by Mr. Robert Chaponis of Novartis who inquired about more speaking workshops for his staff.  I had previously done Fearless Presentation workshops for Novartis on behalf of TLI.  Again, as he was looking to schedule programs for sometime during the month of August and I knew that I would not be with TLI, I told him that if wished to secure Fearless Presentation programs or any other programs offered by TLI, he would need to call them directly as I would not be with them. Like StatOil, Mr. Chaponis told me they were interested in engaging me personally rather than TLI.  We worked up pricing and our agreement prior to August 1, 2013 for a program that was to take place in August of 2013.

10.      With respect to Royal Caribbean Cruise Lines, I was contacted in early 2013 by Mr. Bert Van Mitendorf who then was with Azamara Club Cruises, which I understand to be owned by Royal Caribbean.  Mr. Van Mitendorf and I had become friends over the years.  He wanted to know if I could teach a DiSC workshop for Azamara's executive staff.  This is a workshop that was not even offered by TLI.  Mr. Van Mitendorf then introduced me to the president of Azamara, Larry Pimental, who was also in charge of all Shore Excursions Departments of Royal Caribbean, Celebrity Cruises and Azamara.  I began doing DiSC workshops for the entire Shore Excursions Departments of Royal Caribbean, Azamara and Celebrity Cruises in July of 2013.

11.      I did not use any TLI training, sales or marketing materials or pricing information in connection with any of the work that I did on behalf of Magnovo for Royal Caribbean, Azamara, Celebrity Cruises, Novartis and/or StatOil.

**DECLARATION OF ROBERT JACKSON**          Page 3

12.    Magnovo is an entity that I owned prior to August 1, 2013. Magnovo has invested substantial monies developing websites and  using search engine optimization so that potential customers for the types of workshops, classes and programs offered by Magnovo would hit our websites, fill out web lead forms and/or call Magnovo's toll free number for more information and/or to set up a service.  In other words, the initial contacts with Magnovo are always initiated by the prospective customers and not the other way around.  There is no cold contacting of any prospective customers for Magnovo business.

I declare under penalty of perjury that each of the foregoing statements is true and correct.

August 1, 2016

_____                _____
Date                                                                      Robert Jackson

**DECLARATION OF ROBERT JACKSON**          **Page 4**

**THE LEADER'S INSTITUTE**

www.leadersinstitute.com
6703 Coronation Ct, Arlington, TX 76017
1-800-872-7830 x100

# Independent Contractor Agreement for
# The Leader's Institute™ (TLI) Consultants

**This agreement, dated February 1, 2011, by and between Doug Staneart dba The Leader's Institute, LLC (TLI) and Robert Jackson (Instructor), replaces any and all agreements prior to February 1, 2011.**

**Independent Contractor:** The Instructor is considered an expert as a teacher and facilitator and is being an independent contractor and will be hired on an as-needed basis to teach classes and facilitate events for TLI clients. The Instructor has no guarantee of number of classes or events, amount of income, profit, territory, or clients.

**Instruction Fees:** Instructors will earn a teaching fee outlined in Appendix "A" for each class taught by the instructor after receiving his/her certification.  Class expenses, class materials, and travel fees outlined in Appendix "A" will be paid by for classes taught in cities over 300 miles away.  Hotel expenses outlined in Appendix "A" will be paid for classes over 140 miles away.  Any additional expenses are the responsibility of the instructor.

A class report (invoice) must be sent to michele@leadersinstitute.com (or email address of current office manager,) within seven days of the completion of the class in order to receive instructor payment.  The class report must contain 1) The names of all participants, 2) names of any class members who either made-up sessions or who did not show for their class, 3) All expenses, and 4) a summary of any expenses charged that were over and above the fees outlined in Appendix "A." Original receipts of all fees charged to a TLI credit card may be requested by the office manager. Any receipts charged to a personal credit card must be retained by the instructor for IRS purposes.

**Ownership:**  Any client list developed through advertising or marketing from TLI, the course materials and instruction techniques used, and the goodwill generated by this client list and instruction materials and techniques are the intellectual property of TLI.  So by approving to the terms of this agreement, you also agree to not use the client list developed by you while working as an agent of TLI, or client lists developed by other TLI instructors, to compete with TLI for a period of 18 months after the termination of this agreement.

**Termination:** This agreement can be terminated at any time with written notice by either TLI or Instructor. Instructor will only be paid for completed contracts prior to termination of this agreement unless specific arrangements for additional contracts are made with TLI prior to termination of agreement.

_____    Date          _____    Date

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | § | |
| And DOUG STANEART | § | |
|     Plaintiffs, | § | |
| | § | |
| VS | § | |
| | § | |
| ROBERT JACKSON and MAGNOVO | § | Case No. 3:14-cv-03572-B |
| TRAINING GROUP, LLC. | § | |
|     Defendants. | § | |
| | § | JURY TRIAL DEMANDED |

### PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs The Leader's Institute, LLC and Doug Staneart (collectively "Plaintiffs") hereby object and respond to Defendants First set of Interrogatories as follows:

### PRELIMINARY STATEMENT

Plaintiffs' investigation, discovery and analysis are ongoing, and Plaintiffs' response to each of these Interrogatories is based on information and documents presently available to Plaintiffs after reasonable inquiry.  Because Defendants' discovery responses and production are vague and ambiguous, thereby limiting Plaintiffs' understanding of the case, Plaintiffs respond to the best of their ability based on their current understanding of the case and of these Interrogatories. Plaintiffs reserve the right to supplement or to amend these responses in the event further information and/or documents are disclosed or discovered.  In addition, Plaintiffs' responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to each of these Interrogatories are made on an individual basis in the responses below.  In addition to these specific objections, Plaintiffs make certain continuing objections ("General Objections") to the Interrogatories.  These General Objections are hereby incorporated by reference into the responses made with respect to each separate Interrogatory. For particular emphasis, Plaintiffs have, from time to time, expressly included one or more of the General Objections in certain of their responses below. Plaintiffs' response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that specific response.  Accordingly, the inclusion of any specific objection in a response to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objection made herein or that may be asserted at a later date.  In addition, the failure to include at this time any continuing or specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Plaintiffs' right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein. Plaintiffs' response and/or objections to a particular Interrogatory shall not be taken as an admission that Plaintiffs accept or admit the existence of any "fact" set forth in or assumed by that Interrogatory.

## GENERAL OBJECTIONS

Plaintiffs make the following General Objections to Defendants' Interrogatories, including without limitation the Instructions and Definitions set forth therein, whether or not separately set forth in each response to each individual Interrogatory:

1.      Plaintiffs object to the Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials.   Any statement herein to the effect that Plaintiffs will provide information in response to an Interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.      Plaintiffs object to the Interrogatories to the extent they seek information that is irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to the Interrogatories on the grounds that they are vague, ambiguous, and use unlimited, undefined, subjective or open-ended terms or phrases.

4.      Plaintiffs object to the Interrogatories to the extent that the purported benefit of the discovery sought by the Interrogatories is outweighed by the burden and expense of responding to the Interrogatories pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

5.      Plaintiffs object to the Interrogatories to the extent they purport to require complete responses from Plaintiffs within 30 days of service.   Plaintiffs' investigation of the claims and defenses at issue in this action is continuing, and Plaintiffs expressly reserve the right to supplement these responses as necessary.

6.      Plaintiffs object to the Interrogatories to the extent they attempt to impose burdens on Plaintiffs inconsistent with, or in excess of, the requirements of the Federal Rules of Civil

Procedure, the Northern District of Texas Local Rules, the Court's Protective Order, or any applicable standing orders of this Court.

7.    Plaintiffs object to the Interrogatories to the extent they seek information unknown to Plaintiffs, that refers to persons, entities or events not known to Plaintiffs, or that relates to documents not within Plaintiffs' possession, custody, or control.  Such a requirement would exceed Plaintiffs' obligations under the Federal Rules and applicable Local Rules and would subject Plaintiffs to unreasonable and undue oppression, burden and expense.   In responding to these Interrogatories, Plaintiffs shall respond only on behalf of themselves and shall not undertake the burden and expense of attempting to provide information presently unknown to Plaintiffs or relating to documents outside Plaintiffs' possession, custody, or control.

8.    Plaintiffs object to the Interrogatories to the extent that they seek publicly-available information, or information that is equally available to Defendants from sources other than Plaintiffs, on the grounds that such Interrogatories are unduly burdensome, oppressive, and harassing.

9.    Plaintiffs object to the Interrogatories to the extent they call for legal conclusions or contain express or implied assumptions of fact or law with respect to matters at issue in this Action.  Nothing in Plaintiffs' responses and objections may be construed to reflect an agreement or concurrence by Plaintiffs with Defendants' characterizations of any factual or legal issues, including any claim constructions that may be proposed by Plaintiffs.  Plaintiffs expressly reserve the right to contest any such characterization as inaccurate and to provide and supplement their legal contentions in an appropriate format on an appropriate schedule.

10.    Plaintiffs object to the Interrogatories to the extent they fail to specify a relevant time period, or to the extent any specified time period is irrelevant to any claim or defense at

issue in this Action, on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.     Plaintiffs object to the Instructions to the Interrogatories to the extent that they render the Interrogatories compound, overbroad, unduly burdensome, and attempt to impose burdens on Plaintiffs inconsistent with, or in excess of, the requirements of the Federal Rules of Civil Procedure, the Northern District of Texas Local Rules, or any applicable standing orders of this Court

12.     Plaintiffs' response to any specific Interrogatory below is not an admission that responsive, non-privileged information or documents exist in its possession, custody, or control.

Each and all of these General Objections shall be deemed incorporated by reference into each and every objection made herein to a specific Interrogatory.

<u>SPECIFIC OBJECTIONS AND RESPONSES</u>

**Interrogatory No. 1:**

Please identify persons who were contacted and/or who provided any fact, evidence, and/or information for the purposes of responding to Defendants' discovery requests, including, without limitation, Defendants' interrogatories, Defendants' requests for production of documents, and Defendants' requests for admission.

**Response:**  Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Doug Staneart provided responses to the discovery served by Defendants on September 28, 2015.

**Interrogatory No. 2:**

Please identify each and every person that you may call as a witness at a deposition, hearing, or the trial of this matter, including legal, technical, factual, and financial experts, and for each such person identify all communications between such person and Plaintiffs, and state the substance of the facts and circumstances to which such person is expected to testify.

**Response:**   Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.   Plaintiffs further object to this interrogatory because it is premature.  Plaintiffs will comply with its obligations in accordance with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Court's Scheduling Order [Doc. 61].

Subject to the foregoing and the general objections, see Plaintiffs' first amended initial disclosures.  Plaintiffs will supplement this response.

**Interrogatory No. 3:**

Please state in complete and specific detail the basis for your claim that Defendants infringed U.S. Trademark Registration Nos. 3,535,706 and 4,542,884 for BUILD-A-BIKE®; identify all individuals who you contend will support this claim, and identify every document that you contend will support this claim.

**Response:**   Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Defendants used Plaintiffs'

trademarks or confusingly similar variations thereof on their websites, including www.letsbuildabike.com, www.charitybuildabike.com, www.buildabikecharity.com, and www.buildabikeforcharity.com. Defendants posted multiples pages at the Infringing Domains with various extensions for sub-pages with all or most of the pages and sub-pages displaying the Build-A-Bike® Mark and/or nearly-identical and confusingly similar marks including BUILD A BIKE, LET'S BUILD A BIKE!, CHARITY BUILD A BIKE, BUILD A BIKE FOR CHARITY, BUILD BIKES FOR CHARITY and/or variations thereof. Defendants also use the infringing marks in the title, page source, metatags, and/or picture files and text of their websites. Defendants posted or allowed to be posted on these websites, www.magnovo.com, approximately 18 other websites under the control of Defendants, including for example, bicycle-team-building.com, bicycleteambuildingevents.com, charityteambuildingevents.com, bicycleteambuildinginc.com, and holidayteambuilding.com, and over 3000 links on third-party websites, information that leads potential customers to believe that Defendants are associated with Plaintiffs.

People with knowledge include: Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims of trademark infringement include: www.letsbuildabike.com, www.charitybuildabike.com, www.buildabikecharity.com, and www.buildabikeforcharity.com; the letter sent to Defendants on September 9, 2014, including exhibits; and the filings associated with the UDRP proceeding.

**Interrogatory No. 4:**

Please state in complete and specific detail the basis for your claim at paragraph 65 of your Second Amended Complaint that Jackson, while performing work for TLI as an independent contractor working in Texas, took advantage of his confidential relationship with Plaintiffs and access to Plaintiffs' customers and intercepted and secured for himself a future contract for a public speaking seminar in Texas which Jackson admittedly taught in August 2013; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**   Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Discovery is ongoing and through that process Plaintiffs may obtain information that is responsive to this interrogatory.

Subject to the foregoing and the general objections, Defendants, on information and belief, contacted existing or former TLI customers in order to secure a future contract for a public speaking seminar held on or about August 2013 with StatOil.   Plaintiffs have served several third-party subpoenas in this matter and still have not received relevant documents from Defendants related to this matter. As a result, discovery is ongoing and Plaintiffs will supplement this response as further discovery is obtained.

**Interrogatory No. 5:**

Please state in complete and specific detail the basis for your claim at paragraph 66 of your Second Amended Complaint that Jackson, while in a confidential relationship with Plaintiffs, interfered with the prospective contracts with other repeat customers of Plaintiffs, for

which there was a reasonable probability that such customers would have entered into contracts with Plaintiffs but for Jackson's conduct; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

      **Response:**   Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Discovery is ongoing and through that process Plaintiffs may obtain information that is responsive to this interrogatory.

      Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas, Novartis in New Jersey, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance,

Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties.

People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.


**Interrogatory No. 6:**

Please state in complete and specific detail the basis for your claim at paragraph 68 of your Second Amended Complaint that Jackson, in violation of his confidential relationship with

Plaintiffs, copied Plaintiffs' customer contact list and has utilized such confidential proprietary trade secrets in direct competition with Plaintiff; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**    Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.    Plaintiffs further object to this interrogatory because it is premature.    Discovery is ongoing and through that process Plaintiffs may obtain information that is responsive to this interrogatory.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.    Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas, Novartis in New Jersey, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University,

Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties.

People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.

**Interrogatory No. 7:**

Please state in complete and specific detail the basis for your claim at paragraph 69 of

your Second Amended Complaint that Jackson, approximately one week before terminating his relationship with Plaintiffs, refreshed his website listing several of Plaintiffs' customers as companies that trust Magnovo, expressly implying that they were or are customers of Magnovo; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

      **Response:**    Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Discovery is ongoing and through that process Plaintiffs may obtain information that is responsive to this interrogatory.

      Subject to the foregoing and the general objections, Defendants provided information about courses taught to customers of The Leader's Institute, LLC on the website www.magnovo.com.  Defendants did not clarify that these customers were not part of Magnovo.

      People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

      Documents that support Plaintiffs' claims include the website www.magnovo.com.

**Interrogatory No. 8:**

      Please state in complete and specific detail the basis for your claim at paragraph 101 of your Second Amended Complaint that Defendants are utilizing Plaintiffs' confidential and proprietary customer lists and contact information to continue to compete with Plaintiffs to Plaintiffs' detriment and harm and thereby giving Defendants an unfair competitive advantage

and economic benefit which they would not otherwise have; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**    Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Discovery is ongoing and through that process Plaintiffs may obtain information that is responsive to this interrogatory.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas, Novartis in New Jersey, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance,

Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties, including StatOil, Novartis, Novartis in New Jersey, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage

Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

People with knowledge include: Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.

**Interrogatory No. 9:**

Please state in complete and specific detail the basis for your claim at paragraph 148 of your Second Amended Complaint that Defendants have used Plaintiffs' property to gain access to the market, prepare and make sales proposals to Plaintiffs' prior customers and prospects, and to conduct team building events and teach public-speaking seminars to Plaintiffs' prior customers and prospects; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:** Plaintiffs object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Discovery is ongoing and through that process Plaintiffs may

obtain information that is responsive to this interrogatory.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas, Novartis in New Jersey, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen

Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

.   Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties

People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.


**Interrogatory No. 10:**

Please state in complete and specific detail the basis for your claim at paragraph 159 of your Second Amended Complaint that Jackson misappropriated Plaintiffs' customer lists and contact information, training materials, sales and marketing materials, and photographs from seminars and classes put on by Plaintiffs; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of

his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas and Novartis in New Jersey.   Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties, including StatOil, Novartis, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business

Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.


**Interrogatory No. 11:**

Please state in complete and specific detail the basis for your claim at paragraph 160 of your Second Amended Complaint that Defendants took Plaintiffs' trade secrets into their possession, custody, and control by accessing Plaintiffs' password protected CRM system located on Plaintiffs' server for the purpose of using the information to access the market in direct competition with Plaintiffs; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information,

including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events. Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas and Novartis in New Jersey. Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties, including StatOil, Novartis, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services,

Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

People with knowledge include: Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.


**Interrogatory No. 12:**

Please state in complete and specific detail the basis for your claim at paragraph 161 of your Second Amended Complaint that Defendants are using Plaintiffs' confidential, proprietary, and trade secret information in direct competition with Plaintiffs; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:** Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building

events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas and Novartis in New Jersey.   Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties, including StatOil, Novartis, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain

Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

People with knowledge include:  Doug Staneart, Collette Johnston, Robert Jackson, other independent contractors of The Leader's Institute, LLC, employees of Magnovo, customers and potential customers of The Leader's Institute, LLC, and customers and potential customers of Magnovo.

Documents that support Plaintiffs' claims include the contracts between customers and Defendants, which are in the possession, custody, and control of Defendants.


**Interrogatory No. 13:**

Please state in complete and specific detail the basis for your claim at paragraph 178 of your Second Amended Complaint that Jackson began using Plaintiffs' customers lists to compete with Plaintiff TLI while still engaged as an independent contractor for TLI and continues to use Plaintiffs' customer lists to date; identify all individuals who you contend will support these claims, and identify every document that you contend will support these claims.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, Defendant Jackson took advantage of his confidential relationship with Plaintiffs and his access to Plaintiffs' proprietary information, including Plaintiffs' customer lists and prospective customers' internal contact lists and wrongfully intercepted opportunities for future public speaking seminars and team building events.   Rather than advising Plaintiff TLI of its customers' or prospective customers' interests in scheduling a public speaking seminar or team-building event, Defendant Jackson instead

entered into contractual relations with such customers and prospective customers on behalf of Magnovo, including, without limitation, on information and belief, contracts with Plaintiff TLI's customers StatOil in Houston, Texas and Novartis in New Jersey.  Because Plaintiff TLI has previously contracted with the customers whose business Defendant Jackson usurped and such customers were satisfied customers seeking additional services, it is reasonably probable that, but for Defendant Jackson's interference, Plaintiff TLI would have entered into additional contracts with such parties, including StatOil, Novartis, Royal Caribbean, Burwood Group, SEI Meetings & Incentives, Roche Diagnostics, Kroger, Azamara Club Cruises, Wolcott School, Quintiles, Teleflex - Latin America, FedEx Ground, OurHealth, Washington County, Wealthcounsel, Kamak, Teletracking Techologies, RGA Reinsurance, Rocky Mountain Human Services, Twinings North America, Inc., Michigan Nurses Association, Converse, Verizon Wireless, McKesson, BASF, Instructure, Universities of Shady Grove, Rio Tinto Distribution Center, Hospira, Ebay Inc., Wolcott School, Safeway Inc., Eastern Connecticut State University, Lucky Brand, Bayer, Newport Corporation, Argo Trade America, Manhattan Park Maintenance, Visa USA, Inc., Association for Financial Professionals, General Electric, EXELIS, Google, Collegewood Elementary School, Shire, Toyota, Abbott Labs, Boys & Girls Club, Levi's Stadium, Stubhub, Johnson & Johnson, De Lage Laden, Dumbarton Oaks, Redkit, MetLife, Liberty Bank, Vmware, Advancpierre Foods, University of Michigan Athletics Business Services, Westover Job Corps, Nu Image, Eli Lilly and Company, Gordon Food Services, Oxford Immunotec, The Westfield Group, SAIC, DaVita HealthCare Partners, Evergreen Elementary School, Adelphi, Baylor Scott & White Health, Bellagio Hotel, Aerotek, Cain Brothers, VAuto-Cox Automotive, JDSU, Nationwide Insurance, Liberty Mutual, Informatica, and Michelman.

**Interrogatory No. 14:**

Please state in complete and specific detail the actions surrounding your supposed work with the Federal Bureau of Investigation in regards to Defendants.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, in addition to the communications produced in this case, Plaintiffs responded to a subpoena served by the FBI. Plaintiffs have sought the aide of the FBI in protecting its business and intellectual property based upon Defendants' actions.

**Interrogatory No. 15:**

Please state in complete and specific detail the actions surrounding your creation of the false persona "Lisa Smith" with "Small Business Alliances," as well as all actions you took while under the guise of such false persona.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, see documents produced by Defendants in this case, bates-labeled JAC0000224-289.

**Interrogatory No. 16:**

Please state in complete and specific detail the due diligence taken surrounding your filing of a first lawsuit against the Defendants on September 13, 2013, and the factual and legal

conclusions that lead to the Notice of Non Suit of the September 13, 2013 Complaint.

**Response:** Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts. Plaintiffs further object to this interrogatory because it seeks information that is protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs dismissed the state court matter to assert federal causes of action, which were necessarily filed in federal court.

**Interrogatory No. 17:**

Please state in complete and specific detail the legal and factual basis surrounding your claims regarding misappropriation and conversion of the copyrighted works in regards to Defendants that survived the dismissal of the copyright claims.

**Response:** Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Subject to the foregoing and the general objections, Plaintiffs do not assert any copyright claims.

**Interrogatory No. 18:**

Please state in complete and specific detail the content of your communications regarding Defendants' alleged dishonest and criminal acts to third parties, and identify all third parties receiving such communications.

**Response:** Plaintiffs object to this interrogatory because it exceeds the limit of twenty-

five interrogatories, including discrete subparts.

**Interrogatory No. 19:**

Please state in complete and specific detail all third party uses of the phrase "build a bike" in the field of personal and professional development, leadership, communication, or team building, and your rationale for failing to enforce your trademark registrations.

**Response:**  Plaintiffs object to this interrogatory because it exceeds the limit of twenty-five interrogatories, including discrete subparts.

Dated:  July 6, 2016.

Respectfully submitted,

*/s/ Gary Sorden*

Gary R. Sorden (lead counsel)
State Bar No. 24066124
Darin M. Klemchuk
State Bar No. 24002418
Roxanne Edwards
State Bar No. 24026817
**KLEMCHUK LLP**
8150 N. Central Expressway
10th Floor
Dallas, Texas 75206
Tel. 214.367.6000
Fax 214.367.6001
gary.sorden@klemchuk.com
darin.klemchuk@klemchuk.com
roxanne.edwards@klemchuk.com

Cynthia A. Cook
State Bar No. 04508025
**BROWN, PC**
500 Main Street, Suite 400
Fort Worth, Texas 76102
Tel. 817.8700025
Fax 817.870.0515
cynthia.cook@brownpc.com

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was electronically served upon all counsel of record on July 6, 2016.

*/s/ Gary R. Sorden*

Gary R. Sorden