# EXHIBIT 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC and DOUG STANEART | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:14-cv-03572-B |
| ROBERT JACKSON and MAGNOVO TRAINING GROUP, LLC | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANT ROBERT JACKSON'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

In accordance with Fed. R. Civ. P. 26, 33, and 34, Defendant Robert Jackson ("Defendant") presents below the following answers to Interrogatories of Plaintiffs The Leaders Institute, LLC and Doug Staneart ("Plaintiffs").

### GENERAL OBJECTIONS

The following objections relate to and apply to each of the responses to discovery requests served by Defendant (including Interrogatories and Requests for Production) and shall have the same force and effect as if set forth in full in response to each of the discovery requests.

1.      Defendant objects to these discovery requests to the extent that they seek to impose upon Defendant any obligation beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

2.      Defendant objects to these discovery requests to the extent that they seek information prematurely in light of the deadlines of the Court's Orders, the Federal Rules of Civil Procedure, and the Civil Local Rules and Patent Local Rules of this Court.

3.      Defendant objects to these discovery requests to the extent that they seek to impose an obligation or require Defendant to provide any document or identify any fact or information beyond that which is available to Defendant and not within the possession, custody, or control of Defendant.  Documents, information, and facts are provided in Defendant's responses based on a reasonable search of Defendant's own files and reasonable inquiry of those which might possess discoverable information or documents.

4.      Defendant objects to these discovery requests to the extent that they are overbroad, unduly burdensome, or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Defendant objects to these discovery requests on the grounds of undue burdensomeness, and as imposing improper costs and expenses on Defendant, to the extent that the requests seek production of publicly available information or documents, information or documents that are in the possession, custody, or control of Plaintiffs, or information or documents that are as conveniently or more conveniently obtainable from sources other than Defendant.

6.      Defendant objects to these discovery requests to the extent that they seek information from an unspecified or over-expansive time frame as being unduly burdensome, unnecessarily broad, and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Defendant objects to updating all categories of discovery requests, including document production, for events and new documents generated subsequent to the search conducted for responding to the first set of discovery requests, as unduly burdensome, oppressive, intrusive, and an unreasonable interruption of the operations of Defendant, particularly for information and documents subsequent to the filing of the Complaint, as most of such documents are not relevant

APP 140

nor likely to lead to the discovery of admissible evidence.  Defendant is willing to discuss and agree upon a limited list of subjects or topics for updating at specified times, as may be mutually agreeable to the parties.

8.     Defendant objects to these discovery requests as overbroad, unduly burdensome, and seeking information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek "all documents" concerning subject matter described in the requests.

9.     Defendant objects to these discovery requests to the extent that they seek information and documents that are confidential or constitute trade secrets.  Defendant will provide confidential information and documents, subject to any additional objections stated herein, only in accordance with the terms and conditions of the Stipulated Protective Order in this case.

10.     Defendant objects to these discovery requests to the extent that they seek production of documents or communications, or the identification of information, protected from disclosure under attorney-client privilege, work-product immunity, or other applicable doctrines of privilege or immunity.

11.     Defendant objects to each discovery request to the extent that it seeks to elicit information or documents that are subject to an obligation that Defendant has of confidentiality to a third party or governmental authority.  Defendant agrees to provide such information, subject to the other objections state herein, with the consent of, or after an agreement has been made with, such interested third party or governmental authority, or if such consent or agreement cannot be obtained, after the entry of an Order from the Court directing Defendant to release such information.

APP 141

12.     When a specific objection is included in response to any discovery request, that specific objection is deemed supplemental to these general objections.

13.     Nothing in these responses should be construed as waiving rights or objections that otherwise might be available to Defendant, nor should Defendant's responses to any of these discovery requests, including documents produced, be deemed an admission of relevancy, materiality, or admissibility, either now or at trial.

14.     The responses provided herein reflect Defendant's present knowledge, information, and belief, which may be subject to modification or supplementation based on Defendant's further investigations and discovery, or based on circumstances that may become known to Defendant at some later date.  The identification of any witness in any of these responses shall not be construed as inconsistent with or a waiver of any objection Defendant asserts in the future regarding the admissibility of testimony of that witness, or preclude Defendant from amending any answer herein regarding said witness.

15.     To the extent that Defendant withholds documents on grounds of attorney-client privilege or work-product immunity, Defendant will provide a log listing such documents, in exchange for Plaintiff's log of such withheld documents, at an appropriate time, as mutually agreed upon by the parties.

16.     The statement by Defendant in a response to a discovery request that he will produce "responsive documents," or that information "can be ascertained from the documents Defendant will produce" is not a representation that documents responsive to a request in fact exist, but is only intended to mean that documents responsive to that request will be produced to the extent that they are located and identified.

APP 142

## DEFINITIONS

In responding to these Interrogatories, Defendant Jackson shall adhere to the following proposed Definitions from Plaintiffs where possible.  In so doing, Jackson in no way admits that such Definitions are accurate, true, or factual, and the use of any such term or Definition in Jackson's responses to these Interrogatories is merely for convenience and to demonstrate Jackson's good-faith attempt to respond as comprehensively as possible to such Interrogatories.

A.      The term "**Magnovo**" shall mean and refer to Defendant Magnovo Training Group, LLC and any employees, agents, or other third parties acting on its behalf or under its supervision or control and shall include its predecessors, successors, subsidiaries, divisions, assigns and affiliates.

B.      The term "**Jackson**" shall mean and refer to Defendant Robert Jackson.

C.      The terms "**Defendants**" and "**You**" shall mean and refer to Defendants Magnovo and Jackson.

D.      The term "**Staneart**" shall mean and refer to Plaintiff Doug Staneart.

E.      The term "**TLI**" shall mean and refer to Plaintiff The Leaders Institute, LLC.

F.      The term "**Plaintiffs**" shall mean and refer to Plaintiffs Staneart and TLI.

G.      The term "**the Staneart Trademarks**" shall mean and refer U.S. Registration No. 3,535,706 for Build-A-Bike® and U.S. Registration No. 4,542,884 for BUILD-A-BIKE®.

H.      The term "**the Staneart Copyrights**" shall mean and refer to Copyright Registration No. TX0006339080 for *28 leadership principles*, Copyright Registration No. TXu001282907 for *Fearless presentations instructor manual*, and Copyright Registration No. TX0006326631 for *Fearless presentations participant manual*.

I.      The term "**Plaintiffs' customer lists**" shall mean and refer to the customer lists to which Jackson had access during his independent contractor agreement with TLI.

5

J.      The term "**Lawsuit**" shall mean the particular lawsuit described by the caption and style of this document.

K.      As used herein, the singular form of a word shall include the plural and vice versa; "any" or "each" shall be read to be all inclusive; "or" should be understood to include and encompass "and" and vice versa.

L.      The term "**identify**,"

1.      When used with respect to a natural person means his or her full name; present or last known home and business address (including street name and number, city or town, state, and ZIP code) and telephone numbers; and present or last known position, job title and employer.

2.      When used with respect to a company, corporation, association, partnership, joint venture, or any legal entity other than a natural person, "identify" means the full name and type of organization or entity; the present address of the company, corporation, association, partnership, joint venture, or entity headquarters; the present location of its principal place of business (including street name and number, city or town, state, and ZIP code); state, place, and date of incorporation or organization; and the name of the business in which said corporation is engaged.

3.      When used with respect to a document, "identify" means to state the name or title of the document, the type of document, its date, the person who authorized it, the person who signed or made it, the person to whom it was addressed, the person to whom it was sent, its present location, the form in which it is retained, any code key (including computer code key and program) necessary to retrieve or decipher it, its present custodian, and to which subpart of the interrogatory, if any, the document relates.

4.      When used with respect to any non-written communication, "identify" shall be understood to require the identity of the natural persons making and receiving the communication; their respective principals or employers at the time of the communication; the date, manner, and place of the communication; and the identity of each individual who was present or otherwise witnessed the making of such statement or other communication.

5.      When used with respect to an act or other form of conduct, "identify" shall be understood to require the date on which and the place at which such act or conduct occurred; the name, address, and capacity of the individual who committed such act, and the identity of each individual present or who witnessed such act or other conduct being done or performed.

6

M.      The term "**Document**" is used herein in its customary broad sense as defined in Fed. R. Civ. P. 34(a)(1), and includes, for example, any electronically stored information, digital media, e-mails, writings, notes, memoranda, letters, correspondence, handwritten notations, diaries, calendars, journals, statements, invoices pay stubs, time sheets, photographs, delivery records, sales records, purchase orders, books of accounts, catalogs, promotional materials, press releases, product releases, product import records, tax payment records and receipts, and any other tangible object or thing.

## INTERROGATORIES

### Interrogatory No. 1

Identify all email addresses used by Defendants from August 1, 2012 to present.

### Response

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states that while there exist numerous individual email accounts under the Magnovo domain which are used by instructors, and which are subject to changes, additions, and removals, from time to time, the email addresses used by Defendants from August 1, 2012 to present are as follows:

A.   Rob.jackson@magnovo.com

B.   April.jackson@magnovo.com

C.   hello@magnovo.com

D.   rob@leadersinstitute.com

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 2**

Identify all facts that refer or relate to Defendants' assertion that "Defendants have not committed any of the wrongful acts alleged by Plaintiffs and have not violated any valid right owned by Plaintiffs."

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Very simply, Defendants have not committed the wrongful acts alleged by Plaintiffs, and as such, are not in a position to be able to provide facts related to things which did not happen. Plaintiff makes numerous unsubstantiated allegations of wrongdoing, based entirely upon nothing more than "information and belief" in order to embark on a fishing expedition with the hopes of discovering some document in Defendants' possession which will serve as a "smoking gun" to somehow substantiate Plaintiff's groundless allegations. Defendants did not commit the wrongful acts alleged by Plaintiffs, and the burden of proof is on the Plaintiffs to prove otherwise, despite Plaintiffs' apparent lack of any such evidence whatsoever. Defendants will respond fully to any and all discovery requests, but remain confident that all evidence in this case will support Defendants' position that no wrongful acts were committed by Defendants.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 3**

Identify all facts that refer or relate to Defendants' assertion that the Staneart Trademarks are descriptive.

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

The Staneart Trademarks consist of the words "Build-A-Bike" and refer to a process for building a bike as a team building exercise.  There is no more direct way to describe the building of a bike than by using the words "Build a bike," and as such, the marks are descriptive.  The Staneart Trademarks were initially registered on the Supplemental Register, presumably because of the very fact that the marks are descriptive.  There are hundreds, if not thousands, of examples of the use of the words "Build a bike" by persons and entities other than Plaintiffs with regard to the building of a bike, the existence of such examples providing ample evidence that the Staneart Trademarks have not acquired distinctiveness, and continue to be merely descriptive.  Several examples can be found at http://www.teampedia.net/wiki/index.php?title=Bike_Building where Plaintiffs are not even listed among the top five organizations offering charity bike building programs, three of which use the exact words "build a bike" in their descriptions.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 4**

Identify all facts that refer or relate to Defendants' assertion that "Plaintiffs' claims for trademark infringement are barred in whole or in part based on the BUILD-A-BIKE® mark being

9

invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

**<u>Response</u>**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

The BUILD-A-BIKE® mark consists of a mark which, when used on or in connection with the goods of the applicant, is merely descriptive of them, and which comprises any matter that, as a whole, is functional as stated in The Lanham Act, 15 U.S.C. § 1052. Therefore, Plaintiff's marks are invalid, and Plaintiffs' claims for trademark infringement are barred.

Defendant reserves the right to supplement this response upon receipt of additional information.

**<u>Interrogatory No. 5</u>**

Identify all facts that refer or relate to Defendants' assertion that Plaintiffs abused the judicial process, as alleged in Count I of Defendants' Counterclaims.

**<u>Response</u>**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

The litigation instigated by Plaintiffs, first in state court, and now in federal court, is without merit or support, and is meant to harass and annoy Defendants and cause them to spend large sums of money to respond to Plaintiffs' frivolous claims. Plaintiffs' marks, upon which the majority of claims in this case rest, are merely descriptive and thus are invalid. Plaintiffs can

APP 148

provide no evidence to support their claims and allegations, and no amount of badgering of Defendants through the discovery process will produce such evidence.

Further, Plaintiffs have continually sought to interfere with the business and business relationships of Defendants, most recently through the use of irrelevant third party discovery.  For example, Plaintiffs have sent third party discovery to Huffy, the supplier of bikes to both Plaintiffs and Defendants, in an effort to harass and discourage Huffy from transacting business with Defendants.  As a result of Plaintiffs' subpoena, Huffy has ceased providing bikes to Defendants.

Defendant reserves the right to supplement this response upon receipt of additional information.


**Interrogatory No. 6**

Identify all facts that refer or relate to Defendants' assertion that Staneart has tortiously interfered with Defendants' business relations, as alleged in Count II of Defendants' Counterclaims.

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Plaintiffs, by bringing this lawsuit, seek only to harass and annoy Defendants and prevent them from carrying out their business.  The actions of Plaintiffs, especially with regard to third party discovery requests, seek to alienate and annoy the customers, clients, and vendors of Defendants.  By interfering with Defendants' ability to conduct business via frivolous lawsuit and onerous discovery, while also harassing Defendants' clients and vendors under the guise of false allegations, Plaintiffs seek to directly interfere with Defendants' business relations.

11

Defendants have independently obtained and contracted with their clients, as Plaintiffs' own third party production responses indicate.   Plaintiffs, being fully aware of Defendants' legitimate business relationships, have perpetrated this groundless lawsuit, together with multiple third party discovery requests to Defendants' clients and vendors, in a malicious effort to interfere with such relationships.

Further, upon information and belief, Plaintiffs have spread misinformation regarding Defendants, including false and defamatory allegations of Defendant Jackson being the subject of a "sting operation" and the target of an FBI investigation regarding criminal allegations.  This misinformation is intended to discourage clients and vendors from doing business with Defendants.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 7**

Identify all facts that refer or relate to Defendants' assertion that Staneart has committed fraud, as alleged in Count III of Defendants' Counterclaims.

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Defendants are aware of multiple instances of fraudulent conduct by Plaintiff Staneart, and continue to learn of even more as this litigation proceeds.  Plaintiffs have made false allegations against Defendants.  Plaintiffs have also created fictional companies and personas with the intent of obtaining information and documents from Defendants to be used in Defendant TLI's fraudulent

12

application for a trademark for "Magnovo" with the USPTO.  Such fraudulent trademark application is on file with the USPTO, in which TLI attests that it owns the documents provided as a specimen of use and of proof of distinctiveness, in addition to TLI attesting to itself having used the "Magnovo" mark continuously in commerce since at least February 1, 2011.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 8**

Identify all facts that refer or relate to Defendants' assertion that Plaintiffs have made defamatory statements or communications about Defendants, as alleged in Count III of Defendants' Counterclaims.

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Defendants have been told by current and former TLI employees that Plaintiffs have alleged that Defendant Jackson is the subject of a "sting operation" and is being investigated by the Federal Bureau of Investigation for criminal violations.  Based upon in-person and telephone conversations with Defendants and three current TLI employees, Chris McNeeney, Joe Jessup, and Ellen Patanude, Plaintiff Staneart made additional, specific, and completely false statements regarding Defendants.  Staneart stated that he was working with the FBI and if the above-named individuals worked for Magnovo or continued to communicate with Defendants that the FBI would know because Defendants' phones were tapped.  Staneart also stated that he wouldn't be able to protect the above-named individuals from being prosecuted along with Defendants, and that they

13

would be implicated in the crimes as well.  Further, Staneart told his whole staff on a conference call that Defendant Jackson would be going to jail for 10 years for his egregious criminal actions and that Colette Johnston would likely get 5 years.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 9**

Identify all facts that refer or relate to Defendants' assertion that the Staneart Trademarks should be cancelled as alleged in Count IV of Defendants' Counterclaims.

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

As previously described, the Staneart Trademarks are merely descriptive and should be cancelled.  There are numerous additional examples of the use of the words "Build a bike" in commerce by a variety of other organizations, many of which appear to be larger and more "distinctive" than Plaintiffs.

Defendant reserves the right to supplement this response upon receipt of additional information.

**Interrogatory No. 10**

Identify all facts that refer or relate to Defendants' assertion that Defendants are entitled to recover attorneys' fees pursuant to 17 U.S.C. § 505, as alleged in Count V of Defendants' Counterclaims.

14

**Response**

Defendant fully incorporates his General Objections in their entirety, as if fully set forth herein.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Defendants prevailed on Plaintiffs' claims for Federal Copyright Infringement, and as such Defendants may recover full costs, including reasonable attorneys' fees, for the defense of such action.

Defendant reserves the right to supplement this response upon receipt of additional information.

Objections to the foregoing interrogatories were made by:

/s/ William K. Doss                    .
William K. Doss        20097-29
BRANNON SOWERS & CRACRAFT PC
1 N. Pennsylvania Street, Suite 800
Indianapolis, IN  46204
wdodss@bscattorneys.com
*Attorney for Defendants Magnovo Training Group, LLC*
*and Robert Jackson*

I, ROBERT JACKSON, both personally and as sole member of Magnovo Training Group, LLC, declare under penalty of perjury under the laws of the United States of America, that based upon a reasonable search for information and documents, the foregoing answers/responses to Interrogatories No. 1-10 are true and correct.

_____
Robert Jackson

$\underline{11-25-15}$
Date

15

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned certifies the foregoing document was electronically served upon all counsel of record on November 25, 2015.


/s/ William K. Doss                              .
William K. Doss
BRANNON SOWERS & CRACRAFT PC
1 N. Pennsylvania Street, Suite 800
Indianapolis, IN  46204
wdoss@bscattorneys.com
*Attorney for Defendants Magnovo Training Group, LLC
and Robert Jackson*

APP 154