# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE LEADER'S INSTITUTE, LLC ) <br> and DOUG STANEART, ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> ROBERT JACKSON and MAGNOVO ) <br> TRAINING GROUP, LLC, ) <br>     Defendants. ) | Case No. 3:14-cv-03572-B |

**DEFENDANT ROBERT JACKSON'S RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Robert Jackson (hereinafter "Jackson") hereby responds to Plaintiffs' Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Jackson's investigation, discovery, and analysis are ongoing, and Jackson's response to each of these Interrogatories is based on information and documents presently available to Jackson after reasonable inquiry. Because Plaintiffs' discovery responses and production are vague and ambiguous, thereby limiting Jackson's understanding of the case, Jackson responds to the best of his ability based on his current understanding of the case and of these Interrogatories. Jackson reserves the right to supplement or to amend these responses in the event further information and/or documents are disclosed or discovered. In addition, Jackson's responses are given without prejudice to his rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to each of these Interrogatories are made on an individual basis in the responses below. In addition to these specific objections, Jackson makes certain continuing objections ("General Objections") to the Interrogatories. These General Objections are hereby

1

incorporated by reference into the response made with respect to each separate Interrogatory. For particular emphasis, Jackson has, from time to time, expressly included one or more of the General Objections in certain of his responses below. Jackson's response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that specific response. Accordingly, the inclusion of any specific objection in a response to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objection made herein or that may be asserted at a later date. In addition, the failure to include at this time any continuing or specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Jackson's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein. Jackson's response and/or objections to a particular Interrogatory shall not be taken as an admission that Jackson accepts or admits the existence of any "fact" set forth in or assumed by that Interrogatory.

## GENERAL OBJECTIONS

Jackson makes the following General Objections to Plaintiffs' Interrogatories, including without limitation the Instructions and Definitions set forth therein, whether or not separately set forth in each response to each individual Interrogatory:

1. Jackson objects to the Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials. Any statement herein to the effect that Jackson will provide information in response to an Interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2. Jackson objects to the Interrogatories to the extent they seek information that is irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

3. Jackson objects to the Interrogatories on the grounds that they are vague, ambiguous, and use unlimited, undefined, subjective, or open-ended terms or phrases.

4. Jackson objects to the Interrogatories to the extent that the purported benefit of the discovery sought by the Interrogatories is outweighed by the burden and expense of responding to the Interrogatories pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

5. Jackson objects to the Interrogatories to the extent they purport to require complete responses from Jackson within 30 days of service. Jackson's investigation of the claims and defenses at issue in this action is continuing, and Jackson expressly reserves the right to supplement these responses as necessary.

6. Jackson objects to the Interrogatories to the extent they attempt to impose burdens on Jackson inconsistent with, or in excess of, the requirements of the Federal Rules of Civil Procedure, the Northern District of Texas Local Rules, the Court's Protective Order, or any applicable standing orders of this Court.

7. Jackson objects to the Interrogatories to the extent they seek information unknown to Jackson, that refers to persons, entities or events not known to Jackson, or that relates to documents not within Jackson's possession, custody, or control. Such a requirement would exceed Jackson's obligations under the Federal Rules and applicable Local Rules and would subject Jackson to unreasonable and undue oppression, burden, and expense. In responding to these Interrogatories, Jackson shall respond only on behalf of himself and shall not undertake the burden

and expense of attempting to provide information presently unknown to Jackson or relating to documents outside Jackson's possession, custody, or control.

8. Jackson objects to the Interrogatories to the extent that they seek publicly-available information, or information that is equally available to Plaintiffs from sources other than Jackson, on the grounds that such Interrogatories are unduly burdensome, oppressive, and harassing.

9. Jackson objects to the Interrogatories to the extent they call for legal conclusions or contain express or implied assumptions of fact or law with respect to matters at issue in this Action. Nothing in Jackson's responses and objections may be construed to reflect an agreement or concurrence by Jackson with Plaintiffs' characterizations of any factual or legal issues, including any claim constructions that may be proposed by Jackson. Jackson expressly reserves the right to contest any such characterization as inaccurate and to provide and supplement their legal contentions in an appropriate format on an appropriate schedule.

10. Jackson objects to the Interrogatories to the extent they fail to specify a relevant time period, or to the extent any specified time period is irrelevant to any claim or defense at issue in this Action, on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence.

11. Jackson objects to the Instructions to the Interrogatories to the extent that they render the Interrogatories compound, overbroad, unduly burdensome, and attempt to impose burdens on Jackson inconsistent with, or in excess of, the requirements of the Federal Rules of Civil Procedure, the Northern District of Texas Local Rules, or any applicable standing orders of this Court.

12.     Jackson's response to any specific Interrogatory below is not an admission that responsive, non-privilege information or documents exist in its possession, custody, or control.

Each and all of these General Objections shall be deemed incorporated by reference into each and every objection made herein to a specific Interrogatory.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 11:**

Identify all facts and case law that refer or relate to Defendants' assertion that Plaintiffs have infringed on Magnovo's copyrights, as alleged in Count VI of Defendants' Counterclaims.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, on or about July 20, 2015, Plaintiffs registered several internet domain names, including but not limited to the following:

  http://bicycle-team-building.org/

  http://bicycles-team-building.com/

  http://bicycleteambuilding.org/

  http://bicycleteambuildings.org/

Following such domain registrations, Plaintiffs caused such registered domains to then "frame" Magnovo's internet website located at http://bicycle-team-building-events.com/, whereby the full content of Magnovo's Bicycle Team Building website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name as though Plaintiffs owned and operated such Magnovo website content and Copyright Works.

**INTERROGATORY NO. 12:**

Identify all facts that refer or relate to the customer testimonials from courses taught by TLI instructors that were used by Defendants.

**Response:**

      Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Jackson further objects to this interrogatory because it is not relevant to the claims pending in this case.

**INTERROGATORY NO. 13:**

Identify all instances in which Defendants used customer testimonials from courses taught by TLI instructors.

**Response:**

      Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Jackson further objects to this interrogatory because it is not relevant to the claims pending in this case.

**INTERROGATORY NO. 14:**

Identify all work performed by fiverr.com on behalf of Defendants, including accounts used by Defendants.

**Response:**

      Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Magnovo hired Fiverr to perform voice work for the main outgoing voicemail message, voice work for the individual outgoing voicemail messages, photoshop editing, stock photos, logos, article writing, business copywriting, creating Word templates, creating PowerPoint templates, Facebook likes, Twitter retweets, Google+ shares, workshop video, promotional video, website review/action plan, press release, and flyer design.

**INTERROGATORY NO. 15:**

Describe in detail the meaning of the word "framing" as that term is used by Defendants in their counterclaims.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' domains have a "frame" (the word used in the website code) on each domain's root page which loads Magnovo's website into it. The code showing this framing on Plaintiffs bicycleteambuilding.org domain is:

```
<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.01//EN"
  "http://www.w3.org/TR/html4/strict.dtd">
<html>

<head>
  <title>bicycleteambuilding.org</title>

</head>
<frameset rows="100%,*" border="0">
  <frame src="http://bicycle-team-building-events.com" frameborder="0" />
  <frame frameborder="0" noresize />
</frameset>

<!-- pageok -->
```

7

<!-- 06 -->
<!-- -->
</html>

**INTERROGATORY NO. 16:**

Identify all facts that refer or relate to Staneart's use of the persona "Lisa Smith" and the "Small Business Alliances."

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart created a false persona named "Lisa Smith" who supposedly worked for "Small Business Alliances" and contacted Magnovo purporting to be a prospective client. Staneart used this false business contact as a means to obtain a Magnovo client proposal document, prepared by Magnovo for Small Business Alliance.

**INTERROGATORY NO. 17:**

Identify all facts that refer or relate to all third party uses of the phrase "build a bike" in the field of personal and professional development, leadership, communication, or team building.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, there are numerous companies and websites that provide bicycle team building and use the phrase "build a bike" in their marketing

materials, blog articles, and websites. Defendants have produced documents evidencing this third party use.

**INTERROGATORY NO. 18:**

Identify all facts that refer or relate to Defendants' assertion that Staneart logged into Jackson's LinkedIn account.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, upon information and belief, in an attempt to further usurp goodwill and interfere with Defendants' business, Staneart logged into Jackson's LinkedIn account and changed the password.

**INTERROGATORY NO. 19:**

Identify all people Defendants allege were told about "Jackson's supposed dishonest and criminal acts."

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart discussed "Jackson's supposed dishonest and criminal acts" with Ellen Patnaude, Colette Johnston, Ray Summeier, Lisa Rezac, Chris McNeany, Bill Resh, Michele Vanderlek, Joe Jessop, Abigail Orru, Mitesh Kapadia, and the Federal Bureau of Investigation.

**INTERROGATORY NO. 20:**

Identify all business that Defendants lost as a result of Plaintiffs.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Jackson further objects to this interrogatory because it is premature. Discovery is ongoing and through that process Jackson may obtain information that is responsive to this interrogatory.

**INTERROGATORY NO. 21:**

Identify all *per se* defamatory statements made by Staneart and "Lisa Smith."

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart made *per se* defamatory statements to Colette Johnston in an email dated April 3, 2015, to Ray Summeier in an email dated May 20, 2014, to TLI employees/independent contractors in an email dated September 26, 2013, in a conversation with Ellen Patnaude on or around January 1, 2014, and in numerous emails and affidavits sent to the FBI that were just recently produced by Plaintiffs and for which Defendants have not had a chance to thoroughly review.

**INTERROGATORY NO. 22:**

Identify all email addresses used by Jackson or Magnovo in conducting business on behalf of Magnovo.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Jackson or Magnovo use the following email addresses:

rob.jackson@magnovo.com

april.jackson@magnovo.com

colette.johnston@magnovo.com

**INTERROGATORY NO. 23:**

Identify all facts and case law that refer or relate to your contention that you are not liable for breach of contract.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Jackson was under no contractual obligation with Plaintiffs because he did not sign the 2011 Independent Contractor Agreement.

**INTERROGATORY NO. 24:**

Identify all facts and case law that refer or relate to your contention that you are not liable for misappropriation of trade secrets.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Defendants did not misappropriate any of Plaintiffs' trade secrets, and have no documents which Plaintiffs purport to be their trade secret materials in their possession.

**INTERROGATORY NO. 25:**

Identify all facts and case law that refer or relate to your contention that you are not liable for tortious interference with prospective business relations.

**Response:**

Jackson objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Jackson has not used any of Plaintiffs' purported trade secret materials, customer contacts, training materials, or price lists.

    Respectfully submitted,

    By: s/ Amy A. Rollins
    Steven G. Cracraft, IN Bar No. 3417-49
    William K. Doss, IN Bar No. 20097-29
    Amy A. Rollins, IN Bar No. 31788-49
    BRANNON SOWERS & CRACRAFT PC
    1 North Pennsylvania Street, Suite 800
    Indianapolis, IN 46204
    Phone: (317) 630-2810
    Fax:   (317) 630-2813
    Email:  scracraft@bscattorneys.com
            wdoss@bscattorneys.com
            arollins@bscattorneys.com

>Allen R. Vaught, TX Bar No. 24004966
>BARON & BUDD, P.C.
>3102 Oak Lawn Avenue, Suite 1100
>Dallas, Texas 75219
>Phone: (214) 521-3605
>Fax:    (214) 520-1181
>Email: avaught@baronbudd.com
>
>Michael V. Marconi, TX Bar No. 00784524
>9284 Huntington Square, Suite 100
>North Richland Hills, TX 76182
>Phone: (214) 682-3592
>Fax:    (817) 479-2210
>Email: Michael@dkdavislaw.com
>
>*Attorneys for Defendants Robert Jackson and Magnovo Training Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2016, the foregoing was served upon the following counsel of record by electronic mail:

**KLEMCHUCK LLP**
Gary Sorden (gary.sorden@klemchuk.com)
Darin Klemchuk (darin.klemchuk@klemchuk.com)
Roxanne Edwards (roxanne.edwards@klemchuk.com)
Corey Weinstein (corey.weinstein@klemchuk.com)

**BROWN PC**
Cynthia A. Cook (cynthia.cook@brownpc.com)


/s/ Amy A. Rollins