# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | ) | |
| and DOUG STANEART, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-03572-B |
| | ) | |
| ROBERT JACKSON and MAGNOVO | ) | |
| TRAINING GROUP, LLC, | ) | |
| Defendants. | ) | |

**DEFENDANT MAGNOVO TRAINING GROUP, LLC'S RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, Defendant Magnovo Training Group, LLC

(hereinafter "Magnovo") hereby responds to Plaintiffs' Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Magnovo's investigation, discovery, and analysis are ongoing, and Magnovo's response to

each of these Interrogatories is based on information and documents presently available to

Magnovo after reasonable inquiry.  Because Plaintiffs' discovery responses and production are

vague and ambiguous, thereby limiting Magnovo's understanding of the case, Magnovo responds

to the best of his ability based on his current understanding of the case and of these Interrogatories.

Magnovo reserves the right to supplement or to amend these responses in the event further

information and/or documents are disclosed or discovered.  In addition, Magnovo's responses are

given without prejudice to his rights to introduce as evidence at trial any subsequently discovered

or unintentionally omitted information and/or documents.

Specific objections to each of these Interrogatories are made on an individual basis in the

responses below.  In addition to these specific objections, Magnovo makes certain continuing

objections ("General Objections") to the Interrogatories.  These General Objections are hereby

incorporated by reference into the response made with respect to each separate Interrogatory.  For particular emphasis, Magnovo has, from time to time, expressly included one or more of the General Objections in certain of his responses below.  Magnovo's response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in that specific response.  Accordingly, the inclusion of any specific objection in a response to an Interrogatory below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objections or of any other specific objection made herein or that may be asserted at a later date.  In addition, the failure to include at this time any continuing or specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Magnovo's right to assert that or any other objection at a later date.

No incidental or implied admissions are intended by the responses herein.  Magnovo's response and/or objections to a particular Interrogatory shall not be taken as an admission that Magnovo accepts or admits the existence of any "fact" set forth in or assumed by that Interrogatory.

## GENERAL OBJECTIONS

Magnovo makes the following General Objections to Plaintiffs' Interrogatories, including without limitation the Instructions and Definitions set forth therein, whether or not separately set forth in each response to each individual Interrogatory:

1.     Magnovo objects to the Interrogatories to the extent they seek information protected by any relevant privilege or legal protection, including, without limitation, the attorney-client privilege, the work product doctrine, the joint defense privilege, the settlement or settlement negotiation privilege, settlement materials, or trial preparation materials.  Any statement herein to

the effect that Magnovo will provide information in response to an Interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.      Magnovo objects to the Interrogatories to the extent they seek information that is irrelevant to any claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Magnovo objects to the Interrogatories on the grounds that they are vague, ambiguous, and use unlimited, undefined, subjective, or open-ended terms or phrases.

4.      Magnovo objects to the Interrogatories to the extent that the purported benefit of the discovery sought by the Interrogatories is outweighed by the burden and expense of responding to the Interrogatories pursuant to Rules 26(b)(1) and 26(b)(2) of the Federal Rules of Civil Procedure.

5.      Magnovo objects to the Interrogatories to the extent they purport to require complete responses from Magnovo within 30 days of service.  Magnovo's investigation of the claims and defenses at issue in this action is continuing, and Magnovo expressly reserves the right to supplement these responses as necessary.

6.      Magnovo objects to the Interrogatories to the extent they attempt to impose burdens on Magnovo inconsistent with, or in excess of, the requirements of the Federal Rules of Civil Procedure, the Northern District of Texas Local Rules, the Court's Protective Order, or any applicable standing orders of this Court.

7.      Magnovo objects to the Interrogatories to the extent they seek information unknown to Magnovo, that refers to persons, entities or events not known to Magnovo, or that relates to documents not within Magnovo's possession, custody, or control.  Such a requirement would exceed Magnovo's obligations under the Federal Rules and applicable Local Rules and would

subject Magnovo to unreasonable and undue oppression, burden, and expense.  In responding to these Interrogatories, Magnovo shall respond only on behalf of himself and shall not undertake the burden and expense of attempting to provide information presently unknown to Magnovo or relating to documents outside Magnovo's possession, custody, or control.

8.      Magnovo objects to the Interrogatories to the extent that they seek publicly-available information, or information that is equally available to Plaintiffs from sources other than Magnovo, on the grounds that such Interrogatories are unduly burdensome, oppressive, and harassing.

9.      Magnovo objects to the Interrogatories to the extent they call for legal conclusions or contain express or implied assumptions of fact or law with respect to matters at issue in this Action.  Nothing in Magnovo's responses and objections may be construed to reflect an agreement or concurrence by Magnovo with Plaintiffs' characterizations of any factual or legal issues, including any claim constructions that may be proposed by Magnovo.  Magnovo expressly reserves the right to contest any such characterization as inaccurate and to provide and supplement their legal contentions in an appropriate format on an appropriate schedule.

10.     Magnovo objects to the Interrogatories to the extent they fail to specify a relevant time period, or to the extent any specified time period is irrelevant to any claim or defense at issue in this Action, on the grounds that the Interrogatories are overly broad, unduly burdensome, and seek information that is neither relevant not reasonably calculated to lead to the discovery of admissible evidence.

11.     Magnovo objects to the Instructions to the Interrogatories to the extent that they render the Interrogatories compound, overbroad, unduly burdensome, and attempt to impose burdens on Magnovo inconsistent with, or in excess of, the requirements of the Federal Rules of

Civil Procedure, the Northern District of Texas Local Rules, or any applicable standing orders of this Court.

12.    Magnovo's response to any specific Interrogatory below is not an admission that responsive, non-privilege information or documents exist in its possession, custody, or control.

Each and all of these General Objections shall be deemed incorporated by reference into each and every objection made herein to a specific Interrogatory.

## INTERROGATORY RESPONSES

**INTERROGATORY NO. 1:**

Identify all facts that refer or relate to Defendants' assertion that "Defendants have not committed any of the wrongful acts alleged by Plaintiffs and have not violated any valid right owned by Plaintiffs.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Defendants' assertion that it has not committed any of the wrongful acts alleged by Plaintiffs and have not violated any valid right owned by Plaintiffs speaks for itself.

**INTERROGATORY NO. 2:**

Identify all facts that refer or relate to Defendants' assertion that the Staneart Trademarks are descriptive.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Defendants' assertion that the Staneart Trademarks are descriptive speaks for itself.

**INTERROGATORY NO. 3:**

Identify all facts that refer or relate to Defendants' assertion that "Plaintiffs' claims for trademark infringement are barred in whole or in part based on the BUILD-A-BIKE® mark being invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Defendants' assert that "Plaintiffs' claims for trademark infringement are barred in whole or in part based on the BUILD-A-BIKE® mark being descriptive under The Lanham Act, 15 U.S.C. § 1052(e).

**INTERROGATORY NO. 4:**

Identify all facts that refer or relate to Defendants' assertion that Plaintiffs abused the judicial process, as alleged in Count I of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, on September 13, 2013, TLI and Staneart filed suit against Jackson and Magnovo in the District Court of Tarrant County, Texas, alleging conversion, misappropriation of trade secrets, breach of confidential and/or fiduciary relationship, and breach of contract.  TLI and Staneart did not serve Jackson and Magnovo with their Complaint until January 29, 2014.  On March 20, 2014, TLI and Staneart filed their Notice of Non Suit of the September 13, 2013 Complaint.  On October 2, 2014, TLI and Staneart maliciously brought suit and caused process to be issued against Jackson and Magnovo in the action currently pending before this Court.  Staneart had an ulterior purpose or motive in filing his complaint against Jackson.  Upon information and belief, Staneart seeks to harass Jackson and force Jackson to incur unnecessary litigation costs in defending against improer claims.  Upon information and belief, Staneart is retaliating against Jackson due to Jackson resigning and starting his own consulting firm, and Staneart seeks to obtain unearned payment from Jckson as purported damages and/or to waste Jackson's time and resources.  The relief sought by TLI and Staneart in their Complaint is not a matter worthy of litigation on the basis of the facts known at the time TLI and Staneart filed their complaint.  Upon information and belief, TLI and Staneart have willfully used the process of filing a complaint against Jackson and Magnovo that is not procedurally or substantively proper in the regular conduct of the proceedings on the basis of the facts known to TLI and Staneart at the time of filing their complaint.

**INTERROGATORY NO. 5:**

Identify all facts that refer or relate to Defendants' assertion that Staneart has tortuously interfered with Defendants' business relations, as alleged in Count II of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, upon information and belief, after Jackson left the employ of TLI, Staneart began contacting current and former employees and independent contractors of TLI and falsely informing others about Jackson's supposed dishonest and criminal acts.   Plaintiffs have interfered with Defendants' business relations by filing a fraudulent trademark application for MAGNOVO, attempting to usurp the goodwill associated with the mark and attempting to link the Magnovo name with Plaintiff TLI.  In an attempt to further usurp goodwill and interfere with Defendants' business, Plaintiff Staneart has logged into Defendant Jackson's LinkedIn account and changed the password.   Plaintiffs have further interfered with Defendants' business by registering internet domains and framing Defendant Magnovo's bicycle-team-building-events.com website under Plaintiffs' registered domains, thereby interfering with Defendants' internet traffic and holding Defendants' business out as that of Plaintiffs.

**INTERROGATORY NO. 6:**

Identify all facts that refer or relate to Defendants' assertion that Staneart has committed fraud, as alleged in Count III of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, upon information and belief, Staneart has been informing current and former TLI employees that Jackson is the subject of a "sting operation" and is being investigated by the Federal Bureau of Investigation for criminal violations. Upon information and belief, Staneart created a false persona named "Lisa Smith" who is supposedly working for "Small Business Alliances" and contacted Magnovo purporting to be a prospective client. Upon information and belief, Staneart used this false business contact as a means to obtain a Magnovo client proposal document, prepared by Magnovo for Small Business Alliance. Staneart, through The Leader's Institute, LLC, used the Magnovo client proposal document, along with printouts of Magnovo's website, in order to fraudulently file a trademark application for "MAGNOVO" with the United States Patent and Trademark Office. By filing the MAGNOVO trademark application, The Leaders Institute, LLC fraudulently represented to the USPTO that it was the owner of the trademark sought to be registered; that it was the owner of the materials submitted as proof of use of the mark in commerce; that it had been continually using such mark in commerce since as early as February 1, 2011; and that the mark was distinctive.

**INTERROGATORY NO. 7:**

Identify all facts that refer or relate to Defendants' assertion that Plaintiffs have made defamatory statements or communications about Defendants, as alleged in Count III of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart made *per se* defamatory statements to Colette Johnston in an email dated April 3, 2015, to Ray Summeier in an email dated May 20, 2014, to TLI employees/independent contractors in an email dated September 26, 2013, in a conversation with Ellen Patnaude on or around January 1, 2014, and in numerous emails and affidavits sent to the FBI that were just recently produced by Plaintiffs and for which Defendants have not had a chance to thoroughly review.

**INTERROGATORY NO. 8:**

Identify all facts that refer or relate to Defendants assertion that Plaintiff's trademarks should be cancelled as alleged in Count IV of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, U.S. Trademark Registration No. 3,535,706 for BUILD-A-BIKE® issued November 18, 2008 for the goods and services of "education services, namely, providing classes, seminars, and workshops, in the field of team building and leadership" (class 41) is invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052. U.S. Trademark Registration No. 4,542,884 issued June 3, 2014 for the goods and services of "educational services, namely, conducting classes, seminars, workshops, lectures, and self-paced training programs in the field of

personal and professional development, leadership, communication, and team building and distribution of educational materials in connection therewith; personal coaching services in the field of personal and professional development for individuals and groups" (class 41) is invalid for failure to meet one or more of the requirements for registration under The Lanham Act, 15 U.S.C. § 1052.  Upon information and belief, Staneart's BUILD-A-BIKE® marks are being used in commerce solely in connection with the services of team building and not for any of the other services listed in their registrations.  Upon information and belief, Staneart's BUILD-A-BIKE® marks are specifically being used in connection with their "Build-A-Bike Team Building Workship" which is a charity event where groups are divided into teams to solve specific challenges in order to build bicycles.  Further, Staneart's BUILD-A-BIKE® marks are descriptive of their services.

**INTERROGATORY NO. 9:**

Identify all facts and case law that refer or relate to Defendants' assertion that Plaintiffs have infringed on Magnovo's copyrights, as alleged in Count IV of Defendants' Counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, on or about July 20, 2015, Plaintiffs registered several internet domain names, including but not limited to the following:

http://bicycle-team-building.org/

http://bicycles-team-building.com/

http://bicycleteambuilding.org/

http://bicycleteambuildings.org/

Following such domain registrations, Plaintiffs caused such registered domains to then "frame" Defendant Magnovo's internet website located at http://bicycle-team-building-events.com/, whereby the full content of Magnovo's Bicycle Team Building website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name as though Plaintiffs owned and operated such Magnovo website content and Copyright Works.

**INTERROGATORY NO. 10:**

Identify all facts that refer or relate to the customer testimonials from courses taught by TLI instructors that were used by Defendants.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Magnovo further objects to this interrogatory because it is not relevant to the claims pending in this case.

**INTERROGATORY NO. 11:**

Identify all instances in which Defendants used customer testimonials from courses taught by TLI instructors.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege. Magnovo further objects to this interrogatory because it is not relevant to the claims pending in this case.

**INTERROGATORY NO. 12:**

Identify all work performed by fiverr.com on behalf of Defendants, including accounts used by Defendants.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Magnovo hired Fiverr to perform voice work for the main outgoing voicemail message, voice work for the individual outgoing voicemail messages, photoshop editing, stock photos, logos, article writing, business copywriting, creating Word templates, creating PowerPoint templates, Facebook likes, Twitter retweets, Google+ shares, workshop video, promotional video, website review/action plan, press release, and flyer design.

**INTERROGATORY NO. 13:**

Describe in detail the meaning of the word "framing" as that term is used by Defendants in their counterclaims.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' domains have a "frame" (the word used in the website code) on each domain's root page which loads Magnovo's website into it.  The code showing this framing on Plaintiffs bicycleteambuilding.org domain is:

<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.01//EN"
  "http://www.w3.org/TR/html4/strict.dtd">

```
<html>

<head>
  <title>bicycleteambuilding.org</title>

</head>
<frameset rows="100%,*" border="0">
  <frame src="http://bicycle-team-building-events.com" frameborder="0" />
  <frame frameborder="0" noresize />
</frameset>

<!-- pageok -->
<!-- 06 -->
<!-- -->
</html>
```

**INTERROGATORY NO. 14:**

Identify all facts that refer or relate to Staneart's use of the persona "Lisa Smith" and the "Small

Business Alliances."

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the

attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or

common law privilege.

Subject to the foregoing and the general objections, Staneart created a false persona

named "Lisa Smith" who supposedly worked for "Small Business Alliances" and contacted

Magnovo purporting to be a prospective client. Staneart used this false business contact as a means

to obtain a Magnovo client proposal document, prepared by Magnovo for Small Business Alliance.

**INTERROGATORY NO. 15:**

Identify all facts that refer or relate to all third party uses of the phrase "build a bike" in the field

of personal and professional development, leadership, communication, or team building.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, there are numerous companies and websites that provide bicycle team building and use the phrase "build a bike" in their marketing materials, blog articles, and websites. Defendants have produced documents evidencing this third party use.

**INTERROGATORY NO. 16:**

Identify all facts that refer or relate to Defendants' assertion that Staneart logged into Jackson's LinkedIn account.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, upon information and belief, in an attempt to further usurp goodwill and interfere with Defendants' business, Staneart logged into Jackson's LinkedIn account and changed the password.

**INTERROGATORY NO. 17:**

Identify all people Defendants allege were told about "Jackson's supposed dishonest and criminal acts."

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart discussed "Jackson's supposed dishonest and criminal acts" with Ellen Patnaude, Colette Johnston, Ray Summeier, Lisa Rezac, Chris McNeany, Bill Resh, Michele Vanderlek, Joe Jessop, Abigail Orru, Mitesh Kapadia, and the Federal Bureau of Investigation.

**INTERROGATORY NO. 18:**

Identify all business that Defendants lost as a result of Plaintiffs.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.  Magnovo further objects to this interrogatory because it is premature. Discovery is ongoing and through that process Magnovo may obtain information that is responsive to this interrogatory.

**INTERROGATORY NO. 19:**

Identify all *per se* defamatory statements made by Staneart and "Lisa Smith."

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Staneart made *per se* defamatory statements to Colette Johnston in an email dated April 3, 2015, to Ray Summeier in an email dated

May 20, 2014, to TLI employees/independent contractors in an email dated September 26, 2013, in a conversation with Ellen Patnaude on or around January 1, 2014, and in numerous emails and affidavits sent to the FBI that were just recently produced by Plaintiffs and for which Defendants have not had a chance to thoroughly review.

**INTERROGATORY NO. 20:**

Identify all email addresses used by Jackson or Magnovo in conducting business on behalf of Magnovo.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Jackson or Magnovo use the following email addresses:

rob.jackson@magnovo.com

april.jackson@magnovo.com

colette.johnston@magnovo.com

**INTERROGATORY NO. 21:**

Identify all facts and case law that refer or relate to your contention that you are not liable for unfair competition.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Jackson has not used any of Plaintiffs' purported trade secret materials, customer contacts, training materials, or price lists.

**INTERROGATORY NO. 22:**

Identify all facts and case law that refer or relate to your contention that you are not liable for violations of 15 U.S.C. § 1125.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' BUILD-A-BIKE® marks are descriptive of their services and should be cancelled, and any use by Defendants of the terms "build a bike" were used solely in a descriptive manner when referring to Defendants' BIKE-A-THON events.

**INTERROGATORY NO. 23:**

Identify all facts and case law that refer or relate to your contention that you are not liable for trademark infringement.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' BUILD-A-BIKE® marks are descriptive of their services and should be cancelled, and any use by Defendants of the terms

"build a bike" were used solely in a descriptive manner when referring to Defendants' BIKE-A-THON events.

**INTERROGATORY NO. 24:**

Identify all facts and case law that refer or relate to your contention that you are not liable for false designation of origin.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' BUILD-A-BIKE® marks are descriptive of their services and should be cancelled, and any use by Defendants of the terms "build a bike" were used solely in a descriptive manner when referring to Defendants' BIKE-A-THON events.

**INTERROGATORY NO. 25:**

Identify all facts and case law that refer or relate to your contention that you are not liable for violations of the Anticybersquatting Consumer Protection Act.

**Response:**

Magnovo objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable statutory or common law privilege.

Subject to the foregoing and the general objections, Plaintiffs' BUILD-A-BIKE® marks are descriptive of their services and should be cancelled, and any use by Defendants of the terms

"build a bike" were used solely in a descriptive manner when referring to Defendants' BIKE-A-

THON events.

Respectfully submitted,

By: s/ Amy A. Rollins
Steven G. Cracraft, IN Bar No. 3417-49
William K. Doss, IN Bar No. 20097-29
Amy A. Rollins, IN Bar No. 31788-49
BRANNON SOWERS & CRACRAFT PC
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630-2810
Fax:     (317) 630-2813
Email: scracraft@bscattorneys.com
         wdoss@bscattorneys.com
         arollins@bscattorneys.com

Allen R. Vaught, TX Bar No. 24004966
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax:     (214) 520-1181
Email: avaught@baronbudd.com

Michael V. Marconi, TX Bar No. 00784524
9284 Huntington Square, Suite 100
North Richland Hills, TX 76182
Phone: (214) 682-3592
Fax:     (817) 479-2210
Email: Michael@dkdavislaw.com

*Attorneys for Defendants Robert Jackson and*
*Magnovo Training Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of July, 2016, the foregoing was served upon the following counsel of record by electronic mail:

**KLEMCHUCK LLP**
Gary Sorden (gary.sorden@klemchuk.com)
Darin Klemchuk (darin.klemchuk@klemchuk.com)
Roxanne Edwards (roxanne.edwards@klemchuk.com)
Corey Weinstein (corey.weinstein@klemchuk.com)

**BROWN PC**
Cynthia A. Cook (cynthia.cook@brownpc.com)


/s/ Amy A. Rollins