# EXHIBIT 8



| | | |
|---|---|---|
| Doug Staneart | ) | |
| 6703 Coronation Court | ) | |
| Arlington, TX 76017 | ) | **Domain Names in Dispute:** |
| | ) | letsbuildabike.com |
| **(Complainant)** | ) | buildabikecharity.com |
| | ) | buildabikeforcharity.com |
| v. | ) | charitybuildabike.com |
| | ) | |
| Robert Jackson | ) | **Case Number:** |
| 5328 Sandwood Drive | ) | FA1507001630488 |
| Indianapolis, IN 46235 | ) | |
| | ) | |
| **(Respondent)** | ) | |
| | ) | |

## RESPONSE

[1.] Respondent received a Written Notice of Complaint and Commencement of Administrative Proceeding on July 29, 2015. The Notification stated that Complainant had submitted a Complaint for decision in accordance with the Uniform Domain Name Dispute Resolution Policy, adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on August 26, 1999 and approved by ICANN on October 24, 1999 ("UDRP" or "Policy"), and the Rules for Uniform Domain Name Dispute Resolution Policy ("Rules"), effective March 1, 2010, and the FORUM Supplemental Rules ("Supp. Rules"), effective July 1, 2010. Rule 4.

[2.] **RESPONDENT INFORMATION**

    [a.]    Name:    Robert Jackson
    [b.]    Address:    5328 Sandwood Drive
                           Indianapolis, IN 46235
    [c.]    Telephone:    317-413-6024
    [d.]    Fax:    n/a
    [e.]    E-Mail:    rob@magnovo.com

[3.] **RESPONDENT AUTHORIZED REPRESENTATIVE, IF ANY**

    [a.]    Name:    Kevin R. Erdman
    [b.]    Address:    Brannon Sowers & Cracraft PC
                           1 North Pennsylvania Street, Suite 800

|       |              | Indianapolis, IN 4604      |
|-------|--------------|----------------------------|
| [c.]  | Telephone:   | 317-829-7951               |
| [d.]  | Fax:         | 317-630-2813               |
| [e.]  | E-Mail:      | kerdman@bscattorneys.com   |

UDRP Rule 5(b)(ii).

Respondent's preferred contact person for correspondence relating to this case:

    [a.]    Contact Name(s):   Kevin Erdman
    [b.]    Contact Emails(s):   kerdman@bscattorneys.com; arollins@bscattorneys.com

Rule 5(b)(iii).

The Respondent chooses to have this dispute heard before a (check one):
 ✓  single-member administrative panel; ___ three-member administrative panel].

Rule 5(b)(iv).


[3.]   **RESPONSE TO FACTUAL AND LEGAL ALLEGATIONS MADE IN COMPLAINT**

All issues in this matter are the subject of a Complaint in the United States District Court, Northern District of Texas, Dallas Division, Case No. 3:14-cv-03572-B, which is a more appropriate venue for the fact finding dispute.  <u>See attached Exhibit 1.</u>

    [a.]   *The Disputed Domain Names are nearly-identical or confusingly similar to the BUILD-A-BIKE® Mark, in which Complainant has rights.*

- Complainant has not made a sufficient initial showing to transfer the domains. Complainant's trademark is not confusingly similar to the disputed domains, as the registered trademark is a specific hyphenated combination of words forming a commonly used phrase from the field of professional development training from far before any use by Complainant or attempts to register the mark.  Complainant has failed to show that any rights which Complainant has to the BUILD-A-BIKE mark extends to Respondent's use or Disputed Domain Names, and the complaint must fail for that reason alone.

- Complainant's only evidence is the trademark registration on the principal register effective June 3, 2014.  Prior to that, Respondent only had registration on the supplemental register which under U.S. Law does not offer protection for a descriptive mark.  15 U.S.C. § 1094.  Merely offering the registration of BUILD-A-BIKE from 2014 is not prima facie evidence of exclusive rights to use the phrase "build a bike" in the professional development training or any other field.

- Complainant's trademark, BUILD-A-BIKE, is highly descriptive allowing for fair use of the phrase. In particular, many organizations in the field of professional development use bike building exercises for such professional training services. There are only a limited number of ways to convey the nature of such services, and using the phrase "build a bike" does not create any likelihood of confusion.

- Complainant himself has stated in e-mail correspondence that he is not the first person to use charity bike team building, and further admits that by 2007 everyone was doing "build a bike" programs. See Exhibit 2. Complainant must be estopped from obtaining the Disputed Domain Names after stating to Respondent that such "build a bike" uses were not within his legal rights.

- There is significant third party of use of the phrase "build a bike" in relation to team building workshops. See Exhibit 3. These third party uses exemplify that the use of the phrase "build a bike" as a descriptor is not confusingly similar to Complainant's BUILD-A-BIKE trademark.

[b]   *The Respondent has no rights or legitimate interests in the Disputed Domain Names.*

- Respondent has been using the phrase "build a bike" in a nominative and/or descriptive manner for the past several years in connection with professional training services. See Exhibit 4.

[c.]   *Respondent has registered and is using the Disputed Domain Names in bad faith.*

- Respondent's use of the phrase "build a bike" as part of the Disputed Domain Names has been in a nominative manner for the past several years, and the Disputed Domain Names include the "build a bike" phrase in a nominative manner at the time of domain registration up until the present time. See Exhibit 4.

[4.]   **OTHER LEGAL PROCEEDINGS**

There is currently a Complaint with claims including trademark infringement and anticybersquatting pending in the United States District Court, Northern District of Texas, Dallas Division, Case No. 3:14-cv-03572-B. See Exhibit 1. All issues are subject to the lawsuit in Texas, which is a more appropriate venue to evaluate the facts and circumstances in this matter.

Rule 5(b)(vi).

[5.]  **RESPONSE TRANSMISSION**

The Respondent asserts that a copy of the Response, as prescribed by FORUM's Supplemental Rules, has been sent or transmitted to the Complainant, in accordance with Rule 2(b).  Rule 5(b)(vii); FORUM Supp. Rule 5.


[6.]  The Respondent respectfully requests that the Administrative Panel denies the remedy requested by the Complainant.


[7.]  **CERTIFICATION**

Respondent certifies that the information contained in this Response is to the best of Respondent's knowledge complete and accurate, that this Response is not being presented for any improper purpose, such as to harass, and that the assertions in this Response are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully Submitted,


/s/ Kevin R. Erdman

Kevin R. Erdman
Brannon Sowers & Cracraft PC
*Counsel for Respondent*

August 18, 2015