# EXHIBIT 9



# DECISION

Doug Staneart v. Robert Jackson
Claim Number: FA1507001630488

## PARTIES

Complainant is **Doug Staneart** ("Complainant"), represented by **S. Roxanne Edwards** of **Klemchuk LLP**, Texas, USA.  Respondent is **Robert Jackson** ("Respondent"), represented by **Kevin R. Erdman** of **Brannon Sowers Cracraft PC**, Indiana, USA.

## REGISTRAR AND DISPUTED DOMAIN NAMES

The domain names at issue are **<letsbuildabike.com>**, **<buildabikecharity.com>**, **<buildabikeforcharity.com>**, and **<charitybuildabike.com>**, registered with **Melbourne IT Ltd**.

## PANEL

The undersigned certifies that he or she has acted independently and impartially and to the best of his or her knowledge has no known conflict in serving as Panelist in this proceeding.  Hon. Nelson A. Diaz (ret) as Panelist.

## PROCEDURAL HISTORY

Complainant submitted a Complaint to the FORUM electronically on July 24, 2015; the FORUM received payment on July 24, 2015.

On July 26, 2015, Melbourne IT Ltd confirmed by e-mail to the FORUM that the **<letsbuildabike.com>**, **<buildabikecharity.com>**, **<buildabikeforcharity.com>**, and **<charitybuildabike.com>** domain names are registered with Melbourne IT Ltd and that Respondent is the current registrant of the names.  Melbourne IT Ltd has verified that Respondent is bound by the Melbourne IT Ltd registration agreement and has thereby agreed to resolve domain disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On July 29, 2015, the FORUM served the Complaint and all Annexes, including a Written Notice of the Complaint, setting a deadline of August 18, 2015 by which Respondent could file a Response to the Complaint, via e-mail to all entities and

persons listed on Respondent's registration as technical, administrative, and billing contacts, and to postmaster@letsbuildabike.com, postmaster@buildabikecharity.com, postmaster@buildabikeforcharity.com, postmaster@charitybuildabike.com. Also on July 29, 2015, the Written Notice of the Complaint, notifying Respondent of the e-mail addresses served and the deadline for a Response, was transmitted to Respondent via post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts.

A timely Response was received and determined to be complete on August 18, 2015.

On August 26, 2015, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the FORUM appointed Hon. Nelson A. Diaz (ret.) as Panelist.

Having reviewed the communications records, the Administrative Panel (the "Panel") finds that the FORUM has discharged its responsibility under Paragraph 2(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") "to employ reasonably available means calculated to achieve actual notice to Respondent" through submission of Electronic and Written Notices, as defined in Rule 1 and Rule 2.

## RELIEF SOUGHT

Complainant requests that the domain names be transferred from Respondent to Complainant.

## PARTIES' CONTENTIONS

A. Complainant

Complainant has registered the BUILD-A-BIKE trademark with the United States Patent and Trademark Office ("USPTO") (*e.g.*, Reg. No. 3,535,706, registered Nov. 18, 2008). The trademark is used in connection with the provision of education services, namely, providing classes, seminars, and workshops in the field of team building and leadership. The **<letsbuildabike.com>**, **<buildabikecharity.com>**, **<buildabikeforcharity.com>**, and **<charitybuildabike.com>** domain names are confusingly similar to the BUILD-A-BIKE trademark because the domain names contain the entire mark and add various generic terms, such as "lets," "charity," and "for charity," along with the generic top-level domain ("gTLD") ".com."

Respondent has no rights or legitimate interests in the disputed domain names. Respondent is not commonly known by any of the disputed domain names, nor is Respondent a licensee of Complainant.  Respondent has not provided a *bona fide* offering of goods or services or a legitimate noncommercial or fair use of the disputed domain names.  Instead, the domain names resolve to a website advertising competing services.

Respondent has engaged in bad faith registration and use pursuant to Policy ¶ 4(a)(iii).  Respondent is attempting to commercially profit from the creation of a likelihood of confusion as to its association with Complainant.  Also, Respondent had actual knowledge of Complainant's trademark rights because Respondent used to be a contractor for Complainant.

B. Respondent
Respondent claims that the disputed domain names are not confusingly similar to Complainant's mark because the domain names are comprised of generic terms and because the domain names omit the hyphens found in the BUILD-A-BIKE mark.

Respondent has rights or legitimate interests in the disputed domain names. Respondent is using the domain names to offer professional development services, and thus is making a *bona fide* offering.
Respondent has not acted in bad faith because Respondent has rights or legitimate interests in the disputed domain names.

C. **Preliminary Issue: Concurrent Court Proceedings**
While Complainant notes the concurrent court proceeding is irrelevant to this hearing, Respondent contends that this dispute is currently under review by the United States District Court for the Northern District of Texas, Dallas Division, in Case No. 3:14-cv-03572-B.  To support this claim, Respondent has attached a copy of the complaint filed in the aforementioned court proceeding.  The Panel notes that the complaint referenced by Respondent was filed on December 30, 2014, and that the named plaintiff and defendant correspond to the named Complainant and Respondent, respectively, in this UDRP proceeding.  *Id.*
In situations where concurrent court proceedings are pending, as is the situation with respect to the instant complaint, some panels have chosen to proceed with the UDRP filing.  *See Creative Paradox LLC v. Talk Am.*, FA 155175 (Nat. Arb. Forum June 23, 2003) (choosing to proceed with a decision under the authority

of Rule 18(a), despite the filing of a lawsuit over the parties respective trademark rights in federal court); *see also W. Fla. Lighting v. Ramirez*, D2008-1122 (WIPO Oct. 2, 2008) (deciding to proceed under the UDRP despite concurrent court proceedings because "the Panel does not find that it is necessary or advantageous to await a judicial determination of the issues raised in the federal litigation in order to reach a decision strictly under the Policy.  This administrative proceeding under the Policy concerns only control of the Domain Name, not any of the other remedies at issue in the federal litigation.  It is not binding on the court, and it does not preclude the prosecution of any claims, defenses, or counterclaims in the federal litigation").

## FINDINGS

Respondent violated ICANN's Uniform Domain Name Dispute Resolution Policy ¶ 4(a)(i), Policy ¶¶ 4(c)(i),(iii), Policy ¶ 4(b)(iv).

## DISCUSSION

Paragraph 15(a) of the Rules instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by Respondent is identical or confusingly similar to a trademark or service mark in which Complainant has rights; and
(2) Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.


### Identical and/or Confusingly Similar

Complainant has registered the BUILD-A-BIKE trademark with the USPTO (*e.g.*, Reg. No. 3,535,706, registered Nov. 18, 2008).  The trademark is used in connection with the provision of education services, namely, providing classes, seminars, and workshops in the field of team building and leadership.  The Panel finds that registration with the USPTO is sufficient to establish rights in a trademark pursuant to Policy ¶ 4(a)(i).  *See Vivendi Universal Games v.*

*XBNetVentures Inc.*, FA 198803 (Nat. Arb. Forum Nov. 11, 2003) ("Complainant's federal trademark registrations [with the USPTO] establish Complainant's rights in the BLIZZARD mark.").

Complainant argues that the `<letsbuildabike.com>`, `<buildabikecharity.com>`, `<buildabikeforcharity.com>`, and `<charitybuildabike.com>` domain names are confusingly similar to the BUILD-A-BIKE trademark. Complainant notes that all of the domain names contain the entire mark and add various generic terms, such as "lets," "charity," and "for charity." Complainant also correctly notes that the addition of the gTLD ".com" is irrelevant. *See Reese v. Morgan*, FA 917029 (Nat. Arb. Forum Apr. 5, 2007) (finding that the mere addition of the generic top-level domain ".com" is insufficient to differentiate a disputed domain name from a mark). In addition, prior panels have established a confusing similarity where the domain name contains the entire trademark and differs only by the addition of generic term(s). *See Quixtar Inv., Inc. v. Smithberger*, D2000-0138 (WIPO Apr. 19, 2000) (finding that because the domain name <quixtar-sign-up.com> incorporates in its entirety the complainant's distinctive mark, QUIXTAR, the domain name is confusingly similar). The Panel finds that Respondent's addition of the terms "lets," "charity," and "for charity" amounts to the type of genericness referred to in *Quixtar, Inv., Inc.*, the `<letsbuildabike.com>`, `<buildabikecharity.com>`, `<buildabikeforcharity.com>`, and `<charitybuildabike.com>` domain names are confusingly similar to the BUILD-A-BIKE trademark pursuant to Policy ¶ 4(a)(i).

Rights or Legitimate Interests

Complainant asserts that Respondent is not commonly known by the `<letsbuildabike.com>`, `<buildabikecharity.com>`, `<buildabikeforcharity.com>`, and `<charitybuildabike.com>` domain names, nor is Respondent in possession of licensing rights that would allow him to use the BUILD-A-BIKE trademark in domain names. The Panel notes that "Robert Jackson" is listed as the registrant of record for the disputed domain names. The Panel also notes that the record is devoid of any evidence to indicate that Respondent is either commonly known as the disputed domain names or in possession of licensing rights. Where such a void exists, Respondent cannot have rights or legitimate interests under Policy ¶ 4(c)(ii). *See M. Shanken Commc'ns v. WORLDTRAVELERSONLINE.COM*, FA 740335 (Nat. Arb. Forum Aug. 3, 2006) (finding that the respondent was not commonly known

by the <cigaraficionada.com> domain name under Policy ¶ 4(c)(ii) based on the WHOIS information and other evidence in the record).

Complainant argues that Respondent's use of the `<letsbuildabike.com>`, `<buildabikecharity.com>`, `<buildabikeforcharity.com>`, and `<charitybuildabike.com>` domain names fails to consist of a *bona fide* offering of goods or services or a legitimate noncommercial or fair use. Complainant argues that the domain names resolve to the <charityteambuildingevent.com> domain name, and that competing services are advertised on the resolving webpage. The Panel notes that the domain names resolve to a webpage advertising career building services. *See* Compl., at Attached Ex. E. Prior panels have declined to award a respondent rights under Policy ¶¶ 4(c)(i) or (iii) where the domain name resolves to a webpage featuring competing services. *See Alcon, Inc. v. ARanked*, FA 1306493 (Nat. Arb. Forum Mar. 18, 2010) ("The Panel finds that capitalizing on the well-known marks of Complainant by attracting internet users to its disputed domain names where Respondent sells competing products of Complainant is not a *bona fide* offering of goods or services pursuant to Policy ¶ 4(c)(i) or a noncommercial or fair use pursuant to Policy ¶ 4(c)(iii)."). Thus, the Panel finds that Respondent lacks rights under Policy ¶¶ 4(c)(i) or (iii).

## Registration and Use in Bad Faith

Complainant argues that Respondent has engaged in bad faith registration and use. Complainant contends that Respondent has displayed bad faith under Policy ¶ 4(b)(iv) by attempting to commercially profit from a likelihood of confusion. Complainant believes that a likelihood of confusion exists because the resolving webpage displays competing services. Complainant further argues that Respondent is presumably profiting from this behavior. The Panel notes that the domain names resolve to a webpage advertising career building services. *See* Compl., at Attached Ex. E. Prior panels have found bad faith under Policy ¶ 4(b)(iv) where the domain name resolves to a webpage advertising competing services. *See MathForum.com, LLC v. Weiguang Huang*, D2000-0743 (WIPO Aug. 17, 2000) (finding bad faith under Policy ¶ 4(b)(iv) where the respondent registered a domain name confusingly similar to the complainant's mark and the domain name was used to host a commercial website that offered similar services offered by the complainant under its mark). Thus, the Panel finds that the display of competing services results in a likelihood of confusion, and that Respondent is profiting in the process, finding bad faith under Policy ¶ 4(b)(iv).

Complainant also argues that Respondent's bad faith is shown from the fact that Respondent used to be a contractor for Complainant.  Complainant alleges that after Respondent ceased its position with regard to Complainant, it registered the disputed domain names with full knowledge of Complainant's rights.  Prior panels have found bad faith where the domain name was registered by a respondent who formerly was associated with the complainant and was fully aware of the complainant's trademark rights.  Accordingly, the Panel notes *163972 Canada, Inc. v. Ursino*, AF-0211 (e-Resolution July 3, 2000), where the panel found that because the respondent was hired by the complainant to help design and register the complainant's websites, the respondent had intimate knowledge of the complainant's business and use of its TEENFLO mark, meaning the respondent's registration of the <teenflo.com> domain name was in bad faith).  Thus, the Panel finds that Respondent was formerly a contractor for Complainant, and that Respondent had actual knowledge of Complainant's trademark rights when it registered the disputed domain name, it finds bad faith pursuant to Policy ¶ 4(a)(iii).

## DECISION

Having established all three elements required under the ICANN Policy, the Panel concludes that relief shall be **GRANTED**.

Accordingly, it is Ordered that the `<letsbuildabike.com>`, `<buildabikecharity.com>`, `<buildabikeforcharity.com>`, and `<charitybuildabike.com>` domain names be **TRANSFERRED** from Respondent to Complainant.

_____
Honorable Nelson A. Diaz
Arbitrator

Hon. Nelson A. Diaz (ret.), Panelist
Dated:  August 28, 2015