# EXHIBIT 14

Case 3:14-cv-03572-B   Document 125-15   Filed 08/01/16   Page 2 of 5   PageID 2312

*Intellectual Property Library*

# McCarthy on Trademarks and Unfair Competition

J. Thomas McCarthy
Fourth Edition

Volume 3





*For Customer Assistance Call 1-800-328-4880*

© West, a Thomson business, 6/2004

APP 313

been regarded as alone giving standing to cancel.[1] Similarly, a counterclaim to cancel filed by an applicant in an opposition proceeding, must be grounded on some "damage" other than that caused merely by the filing of the opposition.[2]

While the Trademark Board has held that no damage can be predicated on the refusal of the PTO to register petitioner's mark because of the registration now sought to be canceled,[3] such cases appear to be implicitly overruled by the *Lipton* case.[4]

### C. GROUNDS: REGISTRATION LESS THAN FIVE YEARS OLD

### § 20:52 Registration less than five years old—possible grounds of a petition to cancel

In general, a petition to cancel a mark that has been on the Principal Register less than five years may be grounded on two bases: (1) that the mark is barred from registration under one of the statutory bars of Lanham Act § 2;[1] and (2) that the mark comes within any of the specifically enumerated grounds under which a registration may be canceled "at any time."[2]

In the case of opposition proceedings, the Lanham Act is notably deficient in that it fails to provide any criteria under which the merits of an opposition are to be decided.[3] Similarly, the Act fails to set forth any particular grounds to justify the cancellation of a Principal Register registration that is less than five years old.[4] However,

---

[Section 20:51]

[1] Yard-Man, Inc. v. Getz Exterminators, Inc., 157 U.S.P.Q. 100 (T.T.A.B. 1968). *See* Morton Foods, Inc. v. Frito Co., 314 F.2d 822, 137 U.S.P.Q. 58 (C.C.P.A. 1963) (opposition proceeding).

[2] FS Services, Inc. v. Feed Service Corp., 150 U.S.P.Q. 201 (T.T.A.B. 1966); Richard Gregg Mfg. Co. v. La Maur, Inc., 166 U.S.P.Q. 568 (T.T.A.B. 1970); Yard-Man, Inc. v. Getz Exterminators, Inc., 157 U.S.P.Q. 100 (T.T.A.B. 1968).

[3] St. Louis Janitor Supply Co. v. Amerace Corp., 165 U.S.P.Q. 212 (T.T.A.B. 1970); Dynamark v. Weed Eaters, Inc., 207 U.S.P.Q. 1026 (T.T.A.B. 1980).

[4] Lipton Industries, Inc. v. Ralston Purina Co., 670 F.2d 1024, 213 U.S.P.Q. 185 (C.C.P.A. 1982).

[Section 20:52]

[1] *See* § 19:75.

[2] Lanham Act § 14(3), (4), (5), 15 U.S.C.A. § 1064. *See* §§ 20:55–20:63.

[3] *See* § 20:13.

[4] Lanham Act § 14(1), 15 U.S.C.A. § 1064(1).

this statutory gap has been filled in by administrative and judicial interpretation. Since the "damage" required in both opposition and cancellation is much the same, and standing is shown by the same criteria, cancellation can be grounded on the same basis as that provided for opposition.[5]

Thus, for Principal Register marks not yet five years on the register, cancellation may be based on any ground in the Lanham Act that would have barred registration in the first instance.[6] Most often, this means that the petitioner will raise one or more of the bars to registration set forth in Lanham Act § 2.[7] Thus, assuming standing to petition to cancel, those grounds of opposition discussed herein, are equally grounds for a petition to cancel.[8] In addition to those grounds, a petition to cancel a registration less than five years old can also be based on the specific grounds in the Act made applicable to cancellation of a registration "at any time."[9]

The Federal Circuit observed that a cancellation petition must be founded upon a statutory ground that nullifies the registrant's right to registration:

> The "valid ground" that must be alleged and ultimately proved by a cancellation petitioner [or opposer] must be a "*statutory* ground which negates the appellant's right to the subject registration." . . . Although cancellation [or opposition] is most often premised on the grounds listed in Section 2 of the Lanham Act, . . . other grounds which negate entitlement to maintain a registration also exist in

---

[5] *See* Golden Gate Salami Co. v. Gulf States Paper Corp., 332 F.2d 184, 141 U.S.P.Q. 661 (C.C.P.A. 1964); Young v. AGB Corp., 152 F.3d 1377, 47 U.S.P.Q.2d 1752 (Fed. Cir. 1998) (the grounds for opposition and for cancellation of a mark less than five years old are construed to be the same: "There is no basis for interpreting them differently.").

[6] International Order of Job's Daughters v. Lindeburg & Co., 727 F.2d 1087, 220 U.S.P.Q. 1017 (Fed. Cir. 1984) (for a Principal Register registration less than five years old, cancellation may be based upon any ground which would have prevented registration initially). *Accord* Person's Co. v. Christman, 900 F.2d 1565, 14 U.S.P.Q.2d 1477 (Fed. Cir. 1990) (within the first five years, a cancellation may be based on any ground that could have prevented registration initially); Cunningham v. Laser Golf Corp., 222 F.3d 943, 55 U.S.P.Q.2d 1842 (Fed. Cir. 2000) (for a registration less than five years old, "any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation.").

[7] Lanham Act § 2, 15 U.S.C.A. § 1052. *See* § 19:75.

[8] *See* § 20:13.

[9] Lanham Act § 14(3), (4), (5), 15 U.S.C.A. § 1064(3), (4), (5). *See* discussion in §§ 20:55–20:63.

the Lanham Act.[10]

### § 20:53 — Cancellation based on Lanham Act § 2(d)

As in oppositions, the most common ground of cancellation is Lanham Act § 2(d); that is, that petitioner owns a prior registered mark or that petitioner has prior use of a mark or trade name that is

*[Text Continued on Page 20-101]*

---

[10] Young v. AGB Corp., 152 F.3d 1377, 47 U.S.P.Q.2d 1752 (Fed. Cir. 1998) (Board properly dismissed an opposition where opposer did not plead a statutory ground negating the applicant's entitlement to a registration).