UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3572-B |
| | § | |
| ROBERT JACKSON, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 112) [hereinafter Pls.' Mot.]. For the following reasons, the Court DENIES Plaintiffs' Motion.

I.

BACKGROUND

Plaintiffs initially filed their case in this Court on October 2, 2014. Doc. 1, Pls.' Orig. Compl. The Court issued a Scheduling Order mandating all pleading amendments be submitted by December 24, 2015. Doc. 61, Sched. Order 1. On December 17, 2015, Plaintiffs filed their Third Amended Complaint, bringing numerous claims, including a claim for unfair competition under the Lanham Act. *See* Doc. 82, Pls.' Third Am. Compl. ¶¶ 101–88.

On June 22, 2016, Plaintiffs moved for leave to amend their Third Amended Complaint to add a claim for false advertising under the Lanham Act because during discovery, after the amended pleadings deadline, they learned of Defendants' use of Plaintiffs' customer testimonials in their promotional customer proposals. Doc. 112, Pls.' Mot. 2–4. Defendants have responded, Doc. 117,

- 1 -

Defs.' Resp. in Opp'n to Pls.' Mot. [hereinafter Defs.' Resp.], and Plaintiffs have replied. Doc. 120,

Pls.' Reply. Thus, Plaintiffs' Motion is ripe for review.

## II.

## LEGAL STANDARD

A.    *Federal Rule of Civil Procedure 16*

Once a court has entered a scheduling order and the deadline for amending pleadings has

passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal

Rules of Civil Procedure. *S & W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th

Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of

pleadings after a scheduling order deadline has expired."). Pursuant to Rule 16(b), a scheduling order

should not be modified unless there is a showing of good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule

may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors to determine whether a movant has established

good cause for modification of a scheduling order to allow an untimely amendment of pleadings:

(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

continuance to cure such prejudice. *S & W Enters., L.L.C.*, 315 F.3d at 536 (quotations and

alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a

modification of the scheduling order." *Forge v. City of Ball*, No. 3:03-CV-0256, 2004 WL 1243151,

at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline and the absence of

prejudice to the opposing side are insufficient to establish good cause. *Id.* Rather, one must show that

"despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am.*

*Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4 ("[T]he presence of a scheduling order renders the Rule 15 inquiry secondary.").

Here, Plaintiffs' Motion for Leave to File an Amended Complaint comes 181 days after the deadline for parties to amend pleadings. *See* Doc. 61, Sched. Order (setting December 24, 2015, amended pleading deadline); Doc. 112, Pls.' Mot. (filed June 22, 2016). Thus, Rule 16(b) governs whether to permit an amendment. *See S & W Enters. L.L.C.*, 315 F.3d at 536. Only if Plaintiffs have demonstrated good cause will the Court consider whether granting leave to amend is consistent with Rule 15. *See id.* at 536 n.4

B.      *Federal Rule of Civil Procedure 15*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Although Rule 15 indicates a bias in favor of granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 318 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). In its discretion, the court should consider several factors, including "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent one of these factors, leave should be freely given. *Id.* (citing *Foman*, 371 U.S. at 182).

III.

ANALYSIS

The Court begins its analysis under Federal Rule of Civil Procedure 16(b), before deciding whether to analyze the Plaintiffs' motion under the more liberal standard of Rule 15(a). *See S&W Enters., L.L.C.*, 315 F.3d at 536. Pursuant to Rule 16(b), a scheduling order should not be modified unless there is a showing of good cause. Fed. R. Civ. P. 16(b)(4). In determining whether a movant has established good cause, courts consider: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C.*, 315 F.3d at 536.

In their Motion, Plaintiffs move the Court to grant leave to amend under Federal Rule of Civil Procedure 15, not 16, so they address these four factors only indirectly. Doc. 112, Pls.' Mot 4–5 (arguing that leave for amend should be freely given when justice so requires—the Rule 15 standard). In their Reply, however, they directly address them. Doc. 120, Pls.' Reply 6. Plaintiffs assert that: (1) the reason they failed to timely move for leave to amend is because they did not receive the discovery relevant to their false advertising claim until March 2016, Doc. 112, Pl.'s Mot. 4; (2) the amendment is important because without it, Plaintiffs would be forced to litigate this cause of action

- 4 -

in a separate lawsuit, *id.* at 5; and (3) adding this cause of action would not prejudice Defendants because they have had notice of this cause of action since September 2015. Doc. 120, Pls.' Reply 1–2.

Addressing both Rules 15 and 16, Defendants respond that Plaintiffs: (1) had possession of the two customer proposals that form the basis of their false advertising claim since May 2014, Doc. 117, Defs.' Resp. 1–3; (2) have admitted that they believed the proposals were fraudulent as early as April 2015, *id.* at 5; and (3) have previously amended their pleadings three times without adding in their false advertising claims. *Id.* at 6. Defendants also argue that they will be substantially prejudiced given the passed discovery, expert designation, and dispositive motion deadlines. *Id.* at 7. They do not address whether a continuance would cure their prejudice. *See S & W Enters., L.L.C.*, 315 F.3d at 536.

Defendants focus on Plaintiffs' possession of the two customer proposals and awareness of their possibly fraudulent nature before the December 2015 amended pleadings deadline. Plaintiffs, however, focus on how discovery provided ancillary information that revealed essential elements of their false advertising claim for the first time in spring 2016. *See* Doc. 120, Pls.' Reply 2. Additionally, on July 18, Defendants produced 316 pages of proposals revealing fifty instances of false advertising that do not appear to have been in Plaintiffs' possession before the deadline. *Id.* at 3. In all, this is enough to explain Plaintiffs' failure to timely move for leave to amend. It also demonstrates the importance of Plaintiffs' amendment. Without leave to amend, Plaintiffs would have no remedy in this case for Defendants' allegedly pervasive acts of false advertising.

As for prejudice, it is minimal and curable. Though Plaintiffs seek to add a new cause of action for false advertising, this is an already existing theory of liability under two of Plaintiffs' other claims (unfair competition under the Lanham Act and under Texas law). *See id.* at 1. Defendants

have had notice of this cause of action since September 2015, and have even conducted discovery on it. *Id.* at 1–2, 4–5. Thus, they will not be substantially prejudiced by Plaintiffs bringing their false advertising claim. Also, a continuance here would relieve any prejudice experienced by Defendants as a result of the passed discovery, expert designation, and dispositive motion deadlines. Therefore, the Court concludes Plaintiffs have sustained their burden under Rule 16.

The Court will now consider whether to grant leave to amend under the less onerous standard of Rule 15. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment," leave should be freely given. *Rosenzweig*, 332 F.3d at 864 (quoting *Foman*, 371 U.S. at 182). As explained above, the delay and prejudice here is not undue. Also, there is no indication that Plaintiffs are acting in bad faith, with dilatory motive, or that their amendment is futile. Plaintiffs have had multiple occasions to amend their pleadings, but have not done so simply because they did not have the necessary discovery. Therefore, the Court concludes that they have sustained their burden under Rule 15. Accordingly, the Court GRANTS Plaintiffs leave to amend their complaint.

IV.

CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 112). Should they choose to amend their pleadings, Plaintiffs must do so by August 16, 2016. Pursuant to Rule 15(a)(3), Defendants will have 14 days to respond.

To allow the parties an opportunity to file dispositive motions in relation to their live pleadings, the Court DENIES without prejudice all pending motions for summary judgment

(Docs. 121 & 123). The parties may re-file their motions after Defendants have had an opportunity to respond to Plaintiffs' amended complaint. The Court EXTENDS the deadline for dispositive motions until September 30, 2016.

If additional discovery is necessary on the topic of false advertising, the parties may move the Court to reopen discovery on a limited basis. If it is necessary for the parties to supplement their expert designations on the topic of false advertising, they may move the Court for leave to do so.

The Court VACATES the current trial date to be reset at a later time. All deadlines directly associated with trial, including the deadlines for pretrial disclosures, pretrial materials, the exchange of exhibits, and pretrial conference are also VACATED.

SO ORDERED.

SIGNED: August 8, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE