UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | § | |
| and DOUG STANEART | § | |
|     Plaintiffs and Counter-Defendants, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03572-B |
| | § | |
| ROBERT JACKSON, and MAGNOVO | § | |
| TRAINING GROUP, LLC | § | |
|     Defendants and Counter-Plaintiffs. | § | |

**DEFENDANTS' EXPEDITED MOTION FOR LEAVE TO
AMEND COUNTERCLAIMS AND BRIEF IN SUPPORT**

Defendants Robert Jackson ("Jackson") and Magnovo Training Group, LLC, ("Magnovo") (collectively "Defendants"), pursuant to Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2), seek leave to file amended counterclaims against Plaintiffs The Leader's Institute, LLC ("TLI") and Doug Staneart ("Staneart") (collectively "Plaintiffs") based on recently discovered acts of Plaintiffs and in order to clarify counterclaims previously pleaded.

Pursuant to Local Rules 7.1(i) and 7.2(e), this Motion is supported by exhibits in a separately filed Appendix.

In support of this Motion, Defendants respectfully show as follows:

## I.     PLEADINGS BACKGROUND

Plaintiffs initially sued Defendants in state court on September 13, 2013. Plaintiffs nonsuited that case and filed this case in federal court on October 2, 2014 (ECF No. 1). Plaintiffs then filed their First Amended Complaint on December 30, 2014 (ECF No. 36), their Second Amended Complaint on September 9, 2015 (ECF No. 66), their Third Amended Complaint on December 17, 2015 (ECF No. 82), and their Fourth Amended Complaint on August 8, 2016 (ECF No. 130). Plaintiffs filed a motion for reconsideration to add Colette

*Defendants' Motion for Leave to Add Counterclaims – Page 1*

Johnston and Short Splice, Inc. as Defendants in this lawsuit on August 30, 2016 (ECF No. 133), and that motion is pending before the Court as of this filing.

## II.   FACTS IN SUPPORT OF MOTION FOR LEAVE TO ADD COUNTERCLAIMS

On or about July 27, 2016 Defendants discovered that Staneart, acting individually and on behalf of TLI, content scraped, framed, mirrored, copied and reposted Magnovo website data, including Magnovo's logo, and proprietary photos from Magnovo websites www.charity-team-building-events.com and www.charity-team-building-events.com/photos. (App. p. 1, ¶3 (Jackson Decl.)).

Plaintiffs then caused that Magnovo website content and proprietary data, including Magnovo's logo and proprietary photos, to be displayed and/or published on a website with a similar domain name as Magnovo's - www.charityteambuildingevent.com (the "Fraudulent Website"). (App. p. 1, ¶3 & pp. 16-28). Magnovo's propriety photos were content scraped to Plaintiffs' subpage on the Fraudulent Website at www.charityteambuildingevent.com/photos. (App. pp. 18-28).

The domain name www.charityteambuildingevent.com, used for the Fraudulent Website, was registered by Staneart, individually and on behalf of TLI through GoDaddy. (App. pp. 1-2, ¶3 & pp. 30-31).

Not only did Plaintiffs content scrape/mirror Magnovo's website to lead prospective Magnovo customers to TLI, they actually listed the following statement in the Fraudulent Website "Copyright© 2001-2016 Charity Team Building Events, part of the Magnovo Training Group," (App. p. 28).

Defendants discovered the foregoing fraudulent activity on or about July 27, 2016 and, through the undersigned counsel, sent a litigation hold and written discovery request letter (the

"Letter") to Plaintiffs' counsel regarding same on July 28, 2016. (App. p. 50, ¶2 & pp. 53-55). The discovery of Plaintiffs' Fraudulent Website and activity was discovered by Defendants after the close of the pleading amendments deadline in this Lawsuit (December 24, 2015). (*Compare* ECF No. 61 *with* App. p. 1, ¶3).

Within approximately 24 hours after the Letter was sent to opposing counsel, the www.charityteambuildingevent.com website was changed by Staneart to redirect those accessing it to a TLI website and no longer content scraped/mirrored Magnovo's website, logo or other proprietary data. (App. p. 2, ¶4 & pp. 33-35).

Similarly, within 24 hours of the Letter being sent to counsel for Plaintiffs, the www.charityteambuildingevent.com/photos website was changed by Staneart to redirect those accessing that website to a TLI website which stated, amongst other things, "Error 404 – Not Found" and no longer content scraped/mirrored the proprietary Magnovo photos. (App. p. 2, ¶4 & pp. 37-38).

To date, Plaintiffs have refused to supplement written discovery as requested in the Letter relative to the aforementioned false advertising and fraudulent activity of Staneart and TLI. (*See* App. pp. 50-51, ¶3 & pp. 53-54 ¶¶ 1-9). Furthermore, even though Defendants were unaware of the aforementioned fraudulent conduct and false advertising of Plaintiffs at the time, written discovery requests, which were broad enough to cover those topics, were served on Plaintiffs on September 28, 2015.[1] Yet, Plaintiffs violated their discovery response obligations and failed to produce responsive documents they absolutely knew existed, such as those presented to the Court herein as App. pp. 16-38. (App. pp. 50-51, ¶3).

---

[1] (App. pp. 57-59 at RFP Nos. 4, 11, 12 & 21).

*Defendants' Motion for Leave to Add Counterclaims – Page 3*

### III.    ARGUMENTS AND AUTHORITIES

Defendants incorporate by reference the preceding sections and all documents in the Appendix in support of this Motion as if set forth fully herein.

#### A.  Good Cause Exists Under Rule 16(b)(4) to Allow the Amended Pleading.

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See S&W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *Leader's Inst. LLC v. Jackson*, No. 3:14-CV-3572-B, 2016 WL 4179371, at \*1 (N.D. Tex. Aug. 8, 2016). Pursuant to Rule 16(b)(4), a scheduling order should not be modified unless there is a showing of "good cause." Fed. R. Civ. P. 16(b)(4); *Leader's Institute*, 2016 WL 4179371, at \* 1.

District Courts review four factors to determine whether good cause exists for the modification of a scheduling order to allow an untimely amendment of pleadings: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C*, 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997); *see also*, *Leader's Inst. LLC*, 2016 WL 4179371, at \* 1. The movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Leader's Inst. LLC,* 2016 WL 4179371, at \*1.

"Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b)." *Id.* (citing *S&W Enters., L.L.C.*, 315 F.3d at 536 n.4).

As explained above in detail, Staneart and TLI were obviously holding themselves out to the public as Magnovo in order to attract Magnovo's customers/prospective customers, which is *per se* false advertising under the Lanham Act. *See* 15 U.S.C. § 1125(a). (*See, e.g.,* App. pp. 1-38). Defendants should be allowed to pursue counterclaims for false advertising in addition to seeking recovery for all remuneration received, past and future, by Plaintiffs relative to that false advertising pursuant to the Texas state law cause of action of Money Had and Received.

Furthermore, this fraudulent and harassing conduct of Plaintiffs was intended, in whole or in part, to retaliate against Jackson for a lawsuit he filed against Plaintiffs for unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA") in the United States District Court for the Southern District of Indiana.[2] (App. p. 3, ¶6). The FLSA makes it unlawful to retaliate against individuals, like Jackson, who seek unpaid overtime wages. 29 U.S.C. § 215(a)(3). Defendants should be allowed to pursue counterclaims for FLSA retaliation.

Defendants did not discover that Plaintiffs were fraudulently content-scraping/mirroring the logos, data and photos on Magnovo's website www.charity-team-building-events.com[3] to Plaintiffs' similarly looking Fraudulent Website with the domain name www.charityteambuildingevent.com[4] until after the close of the pleading amendments deadline and discovery deadline in the scheduling order. (*Compare* ECF Nos. 61 & 109 *with* App. pp. 1-2, ¶3). Similarly, Defendants were not aware of Plaintiffs engaging in forwarding with masking to direct customers/prospective customers of Mangovo to Plaintiffs until after the passage of the aforementioned deadlines. (*Id.*). As such, the good cause standard of Rule 16(b)(4) is satisfied so

---

[2] *Robert Jackson, et al. v. The Leader's Institute, LLC, et al.*; Case No. 1:14-cv-193-TWP-DML; in the U.S. District Court for the Southern District of Indiana, Indianapolis Division.
[3] (App. pp. 5-14).
[4] (App. pp. 16-31).

that the Court may review Defendants' request to file amended counterclaims pursuant to the more lenient standard of Rule 15(a)(2).

**B.   Defendants Satisfy the Lenient Pleading Amendment Standards of Rule 15(a)(2).**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stripling v. Jordan Prod. Co, LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (Rule 15(a) "evinces a bias in favor of granting leave to amend"). "A district court must have a substantial reason to deny leave, yet the decision remains within the court's discretion. *Leader's Inst. LLC*, 2016 WL 4179371, at *2. The Court should grant leave to amend unless the opposing party can show prejudice, bad faith, or undue delay. *Foman*, 371 U.S. at 182; *see also*, Leader's Inst. LLC, 2016 WL 4179371, at *2 ("In its discretion, the court should consider several factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." (citation omitted)).

Here, none of the factors for denying the requested pleading amendment exists. Other than Plaintiffs' requirement to fulfill their written discovery obligations and provide the discovery responses previously requested by Defendants, additional discovery relative to the Fraudulent Website issue is not anticipated as there is no doubt that Staneart and TLI engaged in the false advertising and retaliation related to same. So, there is no prejudice to Plaintiffs and no delay will be caused by the addition of the requested counterclaims. For those same reasons, there is no dilatory motive relative to Defendants' request to add these counterclaims. In contrast, Plaintiffs recently filed a motion to add two new parties to this Lawsuit which would delay this case by a significant time period if granted by the Court. (*See* ECF No. 133). Finally, there is no

failure to address the recently discovered activities of Plaintiffs in previous motions for leave to amend counterclaims as this is the first motion to amend counterclaims filed after discovery of the Fraudulent Website.

There is no bad faith or undue delay on the part of Defendants because the fraudulent activity of Plaintiffs addressed in this Motion was not discovered until several months after the close of the pleading amendment deadline and discovery deadline in this Lawsuit.  (*Compare* ECF Nos. 61 & 109 *with* App. pp. 1-2, ¶3).

As Plaintiffs' wrongful conduct complained of herein surely cannot be disputed within the confines of Federal Rule of Civil Procedure 11, futility of the requested pleading amendment is not an issue.

Accordingly, Defendants have satisfied the lenient pleading amendment standards of Rule 15(a)(2) and should respectfully be allowed to file the Amended Counterclaim pleading attached to this Motion as Exhibit A.

### IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants have satisfied the pleading amendment standards relative to Rule 16(b)(4) and Rule 15(a)(2). Accordingly, the Court should respectfully grant this motion and enter an order allowing Defendants' Amended Counterclaims, attached as Exhibit A hereto, to be entered by the Clerk.

Dated:  September 21, 2016.

Respectfully submitted,

By: <u>s/ Allen R. Vaught</u>
      Allen R. Vaught
      TX Bar No. 24004966
      MS Bar No. 101695
      Baron & Budd, P.C.

3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
avaught@baronbudd.com

Michael V. Marconi
TX Bar No. 00784524
9284 Huntington Square, Suite 100
North Richland Hills, TX 76182
Phone: (214) 682-3592
Fax: (817) 479-2210
Email: Michael@dkdavislaw.com

Steven G. Cracraft, IN Bar No. 3417-49
William K. Doss, IN Bar No. 20097-29
Amy A. Rollins, IN Bar No. 31788-49
**BRANNON SOWERS & CRACRAFT PC**
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630-2810
Fax: (317) 630-2813
Email: scracraft@bscattorneys.com
wdoss@bscattorneys.com
arollins@bscattorneys.com

**ATTORNEYS FOR DEFENDANTS AND COUNTER-PLAINTIFFS ROBERT JACKSON AND MAGNOVO TRAINING GROUP, LLC**

## CERTIFICATE OF CONFERENCE

On September 20, 2016 and September 21, 2016 I conferred with counsel for Plaintiffs and Counter-Defendants, Mr. Gary Sorden, regarding the relief requested in this Motion. Mr. Sorden stated on September 21, 2016 that his clients are opposed to the relief requested in this Motion.

s/ Allen R. Vaught
Allen R. Vaught

*Defendants' Motion for Leave to Add Counterclaims – Page 8*

## <u>CERTIFICATE OF SERVICE</u>

On September 21, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record in this lawsuit electronically.

s/ Allen R. Vaught
Allen R. Vaught
