IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC | § | |
| And DOUG STANEART, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:14-cv-03572-B |
| | § | |
| ROBERT JACKSON and MAGNOVO | § | |
| TRAINING GROUP, LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
EXPEDITED MOTION FOR LEAVE TO AMEND COUNTERCLAIMS[1]**

Defendants stated that their motion for leave is "based on recently discovered acts of

Plaintiffs and **in order to clarify counterclaims previously pleaded.**"  Doc. No. 142, 1st

paragraph (emphasis added).   Nowhere else in their brief do Defendants mention that they

"clarified" their counterclaims.  *See* Doc. No. 142.  Defendants conveniently ignore the

voluminous proposed changes to their proposed amended counterclaims, including:

1. adding in additional facts known to Defendants prior to July 27, 2016 to overcome summary-judgment issues (*see*, for example, Doc. No. 142-1, ¶¶10-12, 14, 16-20, 22-25, 27, 30-31, 37, 39-41, 51, and 54);

2. adding in new bases for existing causes of action (*see,* for example, *id.*, ¶¶28-29, 32-33, and 51);

3. dropping their claims for fraud (*see id.*, Cout III, now just defamation) and for attorneys' fees under 17 U.S.C. §505 (formerly Count V); and

4. adding in new causes of based upon facts known to Defendants prior to July 27, 2016 (*see,* for example, *id.*, Count VI, False Advertising; Count VII, FLSA Retaliation (29

---

[1] Although Defendants caption their motion as "expedited," Defendants have not sought expedited briefing and certainly never conferred with Plaintiffs on the "expedited" request.

U.S.C. §215(a)(3)); Count VIII, Tortious Interference with Prospective Contracts; and Count IX, Money Had and Received).

Because Defendants are attempting to circumvent the Court's scheduling order and deadlines, the Court should deny Defendants' Motion, other than to allow Defendants to add www.charityteambuildingevent.com to the list of domain names included in Defendants' claim for copyright infringement as asserted in Doc. No. 131.[2]

## A.    Case Deadlines

Plaintiffs filed their original complaint on October 2, 2014.  On Agust 14, 2015, the Court entered a scheduling order [Doc. No. 61].  Based upon that order, with some agreed extensions by the parties, the Court set the following deadlines:

| December 24, 2015 | Deadline to amend pleadings without leave of Court |
| July 20, 2016 | Close of fact discovery |
| July 15, 2016 | Initial expert disclosures |
| July 29, 2016 | Rebuttal expert disclosures |
| August 1, 2016 | Summary-judgment briefing |

At this time, there is no trial setting.

Based upon newly-discovered evidence, and with leave of the Court, Plaintiffs filed their fourth amended complaint on August 8, 2016 [Doc. No. 130].  Plaintiffs have also sought reconsideration of the Court's ruling regarding personal jurisdiction of Colette Johnston and Short Splice based  upon information not discovered until July 2016 [Doc. No. 133].

## B.    Legal Standard

As detailed in the Court's Memorandum Opinion and Order, Doc. No. 129, a scheduling order should not be modified unless there is a showing of good cause, which focuses on the

_____

[2] Defendants assert in their Motion that Plaintiffs published their logo and proprietary photos.  However, Defendants have not specified which photos were allegedly published.  The only copyright Defendants have claimed for a picture is one photo.  *See* Doc. No. 142-1, ¶¶46-47.  Defendants do not otherwise explain how photos published on a website can be proprietary.

dilgence of the party seeking a modification of the schedulng order.  Doc. No. 129, page 2.  *See also* Fed. R. Civ. P. 16(b)(4); *S&W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).   The four factors of good cause are:  1) the explanation for the failure to timely move for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice.  Doc. No. 129, page 2.  To meet their burden, Defendants must show that, despite their diligence, they could not have reasonably met their scheduling deadline.  Doc. No. 129, page 2, citing *Forge V. City of Ball*, No. 3:03-V-0256, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004).  Rule 15(a) only comes into play once Defendants have demonstrated good cause under Rule 16(b).  Doc. No. 129, page 3.

## C.      Arguments and Authorities

### 1.      *The Court's Order*

On August 8, 2016, the Court entered an Order that rescheduled the summary-judgment and trial deadlines based upon Plaintiffs' Fourth Amended Complaint.  Doc. No. 129, pages 6-7. The Court stated that the parties could move to reopen disocvery on a limited basis and to supplement their expert reports.  *Id*., page 7.  The Court did not give the parties the unfettered ability to amend their pleadings to add in additional facts and claims or to reopen discovery in its entirety.  To allow Defendants to ignore this Court's scheduling order, preview Plaintiffs' summary judgment on Defendants' counterclaims, and attempt to reopen the case at this late date based upon facts known for nine months is in bad faith, dilatory, and prejudicial to Plaintiffs. Otherwise, the Court would allow a party to ignore the discovery period, then allow Defendants to replead their case at this late stage of the litigation. The Court should therefore deny the

Motion, other than for the limited purpose of adding an additional domain name to the previously-asserted claim for copyright infringement.

     *2.*     ***Rule 16***

Defendants cannot overcome their burden under Rule 16 to show good cause for any of their proposed amendments, other than to add www.charityteambuildingevent.com to the list of domain names included in Defendants' previously-asserted claim for copyright infringement. Instead, Defendants are using this Motion as an attempt to circumvent the Court's deadlines.

Defendants' Motion is focused solely on the domain name www.charityteambuildingevent.com.  Based upon the representations made by Defendants that they did not learn about this website until July 27, 2016, Plaintiffs agree, without waiver of any defenses to this allegation, that Defendants can include this domain name in their claim for federal copyright infringement as it was previously pled in Doc. No. 91, Count VI.

But Defendants attempt to add in additional facts to their federal copyright infringement claim and throughout numerous counterclaims, and then add new counterclaims for false advertising and money had and received is far beyond the scope of their request. Defendants provided no explanation in their Motion explaining why this domain name, www.charityteambuildingevent.com, is different than the four domain names asserted in their January 11, 2016 counterclaims (Doc. No. 91).  There is no good cause to add in additional facts or causes of action.

First, the claim for federal copyright infringement is substantially the same, and there is no need for amendment other than to add in the additional domain name.  Defendants have provided no explanation for the additional facts they attempt to add, including statements about Magnovo's name and logo and additional statements related to their claim for statutory damages.

Based upon the previously-identified domain names, these facts were known by Defendants since at least January 11, 2016 and should have been disclosed before the end of discovery, July 20, 2016.  Defendants have therefore not met their burden to establish good cause.

Defendants' claims for false advertising (new Count VI) are based upon:  1) domain names allegedly registered by Plaintiffs, the majority of which have been known since at least January 11, 2016; and 2) the trademark application for MAGNOVO, which was known by Defendants since at least January 11, 2016.  *See* Doc. No. 91, ¶¶231, 233, 240-241, 243, and 256-257.  Defendants' claims for false advertising relate to all of the domain names and could therefore have been asserted at least as early as January 11, 2016.  *See* Doc. No. 142-1, ¶58 ("Plaintiffs also published their website(s)").  Defendants have no good cause for asserting this claim for the first time well after the Court's deadlines.

Similarly, Defendants' claims for money had and received (new Count IX) are based upon the alleged domain names and could have been asserted as early as January 11, 2016. There is no good cause for adding this claim after the Court's deadlines.

Defendants' claims for FLSA retaliation (new Count VII) is, as stated above, based upon facts long-known by Defendants and should have been asserted at least by January 11, 2016. The FLSA retaliation claims assert, among other things, allegations of statements made to law-enforcement agencies and the framing of various websites.  These facts were known as of January 11, 2016 and were relied upon in Defendants' counterclaims.  *See* Doc. No. 91, ¶¶ 233, 237, 256-257; *see also* Doc. No. 143-2 (served on September 28, 2015), APP. 066, Request Nos. 19 and 24.

Defendants provide no explanation for the additional cause of action of tortious interference (new Count VIII). The tortious interference claim again relies upon the alleged domain names and should, therefore, have been asserted at least by January 11, 2016.

Because Defendants have not met their burden to establish good cause, the Court should deny Defendants' Motion, other than to allow Defendants to add www.charityteambuildingevent.com to the list of domain names included in Defendants' previously-asserted claim for copyright infringement.

### 3.   *Rule 15*

Because Defendants have not met their burden under Rule 16, the Court need not consider Rule 15. However, even under Rule 15, the Court should deny Defendants' Motion based upon the Court's necessity to manage this case. Doc. No. 129, page 3. Here, the Court should consider Defendants' undue delay, bad faith, and dilatory motive, as well as the prejudice to Plaintiffs. In this case, Defendants are attempting to rewrite their counterclaims after the close of discovery (July 20, 2016), after the expert reports have been exchanged (July 15 and 29, 2016), and after summary-judgment briefing on those very counterclaims has been filed. (August 1, 2016).[3] Defendants cannot now attempt to amend their counterclaims based upon facts they have known since at least January 11, 2016. Defendants have provided no explanation for the undue delay and, instead, gloss over almost all of the proposed amendments in their Motion.

### CONCLUSION

Because Defendants have not met their burden under Rule 16 or Rule 15, the Court should deny Defendants' Motion, other than to allow Defendants to add

---

[3] The parties submitted summary-judgment briefing on August 1, 2016. Because the Court granted Plaintiffs leave to amend their complaint, the Court denied without prejudice the pending motions to allow the parties an opportunity to file dispositive motions in relation to their live pleadings. Doc. No. 129, page 6.

www.charityteambuildingevent.com to the list of domain names included in Defendants' claim

for copyright infringement as asserted in Doc. No. 131.

Dated:  October 12, 2016                          Respectfully submitted,

                                                  */s/ Gary R. Sorden*
                                                  Gary R. Sorden (lead counsel)
                                                  State Bar No. 24066124
                                                  Darin M. Klemchuk
                                                  State Bar No. 24002418
                                                  Roxanne Edwards
                                                  State Bar No. 24026817
                                                  **KLEMCHUK LLP**
                                                  8150 N. Central Expressway
                                                  10th Floor
                                                  Dallas, Texas 75206
                                                  Tel. 214.367.6000
                                                  Fax 214.367.6001
                                                  gary.sorden@klemchuk.com
                                                  darin.klemchuk@klemchuk.com
                                                  roxanne.edwards@klemchuk.com


                                                  **ATTORNEY FOR PLAINTIFFS THE
                                                  LEADER'S INSTITUTE, LLC
                                                  AND DOUG STANEART**


## CERTIFICATE OF SERVICE

        I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on October 12, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule 5.1(d).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                                  */s/ Gary R. Sorden*
                                                  Gary R. Sorden