UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC and DOUG STANEART   Plaintiffs and Counter-Defendants, | § § § § | |
| v. | § | Case No. 3:14-cv-03572-B |
| ROBERT JACKSON, and MAGNOVO TRAINING GROUP, LLC   Defendants and Counter-Plaintiffs. | § § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS AND BRIEF IN SUPPORT**

Defendants, Robert Jackson ("Jackson") and Magnovo Training Group, LLC, ("Magnovo") (collectively "Defendants"), file this Reply in Support of their Motion for Leave to File Amended Counterclaims (ECF No. 142 (the "Motion")) against Plaintiffs, The Leader's Institute, LLC ("TLI") and Doug Staneart ("Staneart") (collectively "Plaintiffs").

## I.     SUMMARY.

Plaintiffs do not deny that Staneart content scraped, framed, mirrored, and copied Magnovo's data from its website www.charity-team-building-events.com to the TLI and Staneart owned website at www.charityteambuildingevent.com (the "Fraudulent Website") (ECF No. 154, p. 4). In fact, Plaintiffs did not provide a single declaration or affidavit refuting the facts presented by Defendants in their Motion relative to that Fraudulent Website. (ECF No. 154).

By copying and publishing the Magnovo webpage content on the Fraudulent Website, Plaintiffs absolutely engaged in False Advertising, in addition to other violations of the law. (*See* ECF No. 143-1, ¶¶ 2 - 5). Prospective customers who believed they were viewing a Magnovo website containing Magnovo data were instead redirected to a TLI sponsored website which resulted in Tortious Interference with Prospective Contracts. Furthermore, as the Fraudulent

Website contained "request a quote" and "contact us" links that directed Fraudulent Website visitors to TLI instead of Magnovo, Plaintiffs unlawfully obtained customers and/or customer leads from individuals and/or entities who were deceived into believing they were viewing a Magnovo website. (*See, e.g.,* ECF No. 143-1, App pp. 16 & 18). Plaintiffs' Fraudulent Website not only used Magnovo's trademarked name, but it also published Magnovo photos and other proprietary data. Furthermore, this repetitive website data had the effect of driving down Magnovo's Google ranking which negatively impacted Defendants' ability to attract new customers.

It is hard to understand why Staneart would engage in that false advertising and fraudulent conduct while this lawsuit was pending wherein he accuses Defendants of false advertising, but there can be no dispute that Staneart made the Fraudulent Website. (*Compare* ECF No. 143-1, App. pp. 001-3, ¶¶ 3 – 5 & pp. 030 *with* ECF No. 154).

Similarly, there is no dispute that Defendants did not discover that Fraudulent Website until approximately July 27, 2016. (*Compare* ECF No. 143-1, App. pp. 001-2, ¶ 3 *with* ECF No. 154, p. 6). The discovery of Plaintiffs' Fraudulent Website was approximately seven months after the pleading amendments deadline of December 24, 2015 and approximately one week after the deadline for completion of discovery on July 20, 2016. (ECF Nos. 61 & 109).

Defendants' Motion, which Plaintiffs oppose, seeks to delete previously pleaded counterclaims for fraud and attorney's fees under 17 U.S.C. § 505. (*Compare* ECF No. 91, ¶¶ 216 - 260 *with* ECF No. 142-1, ¶¶ 21 - 72). Defendants' Motion seeks to add only the following four causes of action (hereafter, the "Four Causes of Action"):

> (1) False advertising pursuant to the Lanham Act, 15 U.S.C. § 1125(a) (ECF No. 142-1, ¶¶ 57-62);
>
> (2) Money had and Money Received (ECF No. 142-1, ¶¶ 71-72);

*Defendants' Reply in Support of Motion for Leave to Add Counterclaims – Page 2*

    (3) Tortious Interference with Prospective Contracts (ECF No. 142-1, ¶ 69); and

    (4) Retaliation in violation of the federal Fair Labor Standards Act ("FLSA") (ECF No. 142-1, ¶¶ 64 - 67).

  Plaintiffs admit that Defendants should be allowed to add the recently discovered Fraudulent Website facts. However, Plaintiffs contend that Defendants should nevertheless be limited to counterclaims pleaded over six months before the discovery of the Fraudulent Website. (*See* ECF No. 154, p. 4 (claiming the [Fraudulent Website] facts should be limited to the federal copyright infringement counter-claim)). Plaintiffs offer no supporting case law in support of that position.

  While the Four Causes of Action are almost entirely premised on the Fraudulent Website conduct discovered on July 27, 2016, Defendants seek to include Staneart's filing of the trademark application for the Magnovo name with the United States Patent and Trademark Office ("USPTO"), under penalty of perjury, on February 1, 2011, and all related activity thereafter in the False Advertising claim. (ECF No. 142, ¶ 59). As the Court can see in the documents provided in support of Defendants' Motion, Plaintiffs, without Defendants' knowledge, continued to falsely represent to the public ownership of the Magnovo trademark via publication of the Fake Website after Staneart withdrew Magnovo USPTO trademark application. (*See, e.g.,* ECF No. 143-1, App. pp. 16 & 28 (publishing Magnovo name, and stating "Copyright © 2001-2016 Charity Team Building Events, part of the Magnovo Training Group.")). As such, Defendants believe this ongoing false ownership claim should relate back to the filing of the trademark application with the USPTO pursuant to the Relation Back of Amendments Rule. *See* Fed. R. Civ. P. 15(c). Alternatively, if the court finds that the Relation

Back Rule does not apply, then the Court can exclude the USPTO trademark application from the False Advertising claim.

There is currently no trial setting in this case. (ECF No. 129). Defendants served broad written discovery requests months before the discovery deadline, which, if timely supplemented by Plaintiffs, should alleviate the need for substantial additional discovery, if any, relative to the Four Causes of Action. Finally, the Court could allow supplemental summary judgment briefing on the Four Causes of Action. Should the Court deny this Motion, it will result in Defendants filing a new lawsuit alleging all available causes of action relative to the Fraudulent Website.

## II.      ARGUMENTS & AUTHORITIES.

### A.      Defendants Have Shown Good Cause Pursuant to Rule 16(b)(4).

Defendants have shown good cause under Rule 16(b)(4) to allow amended counterclaims after the December 24, 2015 pleading amendment deadline in the scheduling order. (ECF No. 61). In evaluating "good cause" courts look at "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *Leader's Inst. LLC v. Jackson*, No. 3:14-CV-3572-B, 2016 WL 4179371, at *1 (N.D. Tex. Aug. 8, 2016).

First, Defendants could not seek leave to add the Four Causes of Action premised on the Fraudulent Website by the December 24, 2015 pleading amendment deadline because the Fraudulent Website was not discovered by Defendants until July 27, 2016. (ECF No. 143-1, ¶ 3).

Second, the causes of action Defendants seek to add relative to the Fraudulent Website are important. Those causes of action are based on False Advertising, Money Had and Money Received, Tortious Interference with Prospective Contracts, and FLSA Retaliation. With regards

to False Advertising, Plaintiffs were holding themselves out to the public as Magnovo in order to attract Magnovo's customers/prospective customers which is *per se* false advertising under the Lanham Act. *See* 15 U.S.C. § 1125(a). (*See* ECF No. 143-1, App. pp. 001 - 038). The Lanham Act provides for statutory damages, including treble damages and legal fees, for false advertising. *See* 15 U.S.C. § 1117. The Texas state law cause of action for Money Had and Money Received permits Defendants to recover all revenue wrongfully obtained by Plaintiffs relative to the Fraudulent Website. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App. Fort Worth 2012, no pet. h.) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another."). The Tortious Interference with Prospective Contracts relative to the Fraudulent Website allows Defendants to recover damages, customers, and customer leads relative to Plaintiffs' Fraudulent Website. *See Johnson v. Baylor University*, 188 S.W.3d 296, 304 (Tex.App.-Waco 2006, pet denied). Finally, Plaintiffs' fraudulent and harassing conduct was intended, in whole or in part, to retaliate against Jackson for a FLSA unpaid overtime wage lawsuit he filed against Plaintiffs.[1] (*See* ECF No. 143-1, App. p. 3, ¶6). The FLSA makes it unlawful to retaliate against individuals, like Jackson, who seek unpaid overtime wages. 29 U.S.C. § 215(a)(3). While a settlement agreement in that FLSA lawsuit released certain claims for FLSA retaliation, such release applied only to claims which accrued on or before April 11, 2016. Accordingly, Jackson should be permitted to assert his FLSA Retaliation counterclaims. Violation of the FLSA's anti-retaliation provision provides for injunctive relief, legal fees, costs, and other damages which are important to Defendants. 29 U.S.C. § 216(b). Finally, if leave is not granted to allow these Four Causes of Action, it will result in Defendants

---

[1] *Robert Jackson, et al. v. The Leader's Institute, LLC, et al.*; Case No. 1:14-cv-193-TWP-DML; in the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

filing a separate lawsuit relative to the Fraudulent Website. The filing of a separate lawsuit due to denial of leave to amend was one of the "important" factors noted by this Court in addressing pleading amendments under Rule 16. *Leader's Inst. LLC*, 2016 WL 4179371, at *2.

Third, Plaintiffs fail to identify or prove any prejudice they would allegedly suffer in their argument relative to Rule 16(b)(4). (*See* ECF No. 154, pp. 4 – 6). However, in other parts of their Response, Plaintiffs state that the requested counterclaims would be made after the close of discovery. (ECF No. 154, p. 6). However, as the Fraudulent Website was not discovered until after the close of discovery on July 20, 2016, that argument is without merit. (*See* ECF No. 143-1, App. pp. 001-2, ¶ 3). Plaintiffs also reference the expert report deadlines, of which the initial expert report deadline was July 15, 2016. (ECF Nos. 109 & 154, p. 6). But again, Plaintiffs' Fraudulent Website was not discovered until after that deadline passed. (ECF No. 143-1, App. pp. 001-2, ¶ 3). Finally, Plaintiffs claim that Defendants are "attempting to re-write their counterclaims after summary judgment briefing on those counterclaims has been filed." (ECF No. 154, p. 6). Actually, Defendants filed their Motion to add the Four Causes of Action before the pending summary judgment motions were filed. (*Compare* ECF No. 142 (September 21, 2016 Motion for Leave to Add Counterclaims) *with* ECF No. 146 (September 30, 2016 Plaintiffs' Motion for Summary Judgment)). Given the undeniable conduct by Plaintiffs relative to the Fraudulent Website, it is hard to understand how Plaintiffs would move for summary judgment on the Four Causes of Action, but the Court could allow limited additional summary judgment briefing on that issue if requested by Plaintiffs. Additionally, Plaintiffs' "deadlines" argument is made with unclean hands as it largely ignores the fact that they have pending a

motion to add two new Defendants,[2] which if granted, would result in those parties being added after expiration of all of the deadlines in this lawsuit.

In summary, Defendants have established good cause under Rule 16(b)(4) as to why they could not assert the Four Causes of Action relative to the Fraudulent Website before expiration of the Pleading Amendments deadline in the scheduling order, and the Court should respectfully move to the Rule 15(a)(2) pleading amendment analysis.

### B. Plaintiffs Have Not Established the Existence of any Rule 15(a) Factors for Denying the Requested Amended Counterclaims.

"Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b)." *Leader's Inst. LLC*, 2016 WL 4179371, at *1 (citing *S&W Enters., L.L.C.*, 315 F.3d at 536 n.4). The Court should grant leave to amend unless the opposing party can show undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies with amendments previously allowed, undue prejudice, or futility of the amendment (the "Rule 15(a) Opposition Elements"). *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leader's Inst. LLC*, 2016 WL 4179371, at *2. It is Plaintiffs' burden to establish those Rule 15(a) Opposition Elements. However, in their Response, Plaintiffs do not provide a single declaration or affidavit establishing any of the foregoing elements. (ECF No. 154). Moreover, Plaintiffs do not cite a single case in support of any of the Rule 15(a) Opposition Elements. (ECF No. 154, p. 6).

Contrary to Plaintiffs' conclusory allegations, none of the Rule 15(a) Opposition Elements for denying Defendants' Motion to add the Four Causes of Action exist. As addressed *supra*, the Fraudulent Website was not discovered until July 27, 2016. As such, there is no undue delay, bad faith, dilatory motive, or repeated failure to amend prior pleadings as Defendants

---

[2] (ECF No. 133 filed August 30, 2016).

*Defendants' Reply in Support of Motion for Leave to Add Counterclaims – Page 7*

could not have asserted False Advertising, Money Had and Money Received, Tortious Interference with Prospective Contracts, and FLSA Retaliation[3] counterclaims relative to the Fraudulent Website by the December 24, 2015 pleading amendment deadline and July 20, 2016 discovery deadline. Plaintiffs' Response alleges that Defendants "cannot now attempt to amend their counterclaims based upon facts they have known since at least January 11, 2016." (ECF No. 154, p. 6). Defendants do not understand the basis of that January 11, 2016 argument as the Fraudulent Website was not discovered until July 27, 2016. While January 11, 2016 was the date Defendants last filed any counterclaims,[4] Defendants should be allowed to assert any and all available causes of action, whether in this lawsuit, or another lawsuit, relative to the Fraudulent Website. (ECF No. 143-1, App. pp. 001-2, ¶ 3). If, instead, Plaintiffs are referencing the false application, under penalty of perjury, by Staneart for the Magnovo Trademark with the USPTO, it is Defendants' position that the ongoing false claims to the public by Plaintiffs as to ownership of the Magnovo Trademark, the most recent of which was discovered via the Fraudulent Website, should be permitted to relate back to the fraudulent filing with the USPTO. That is consistent with the Relation Back of Amendments Rule. *See* Fed. R. Civ. P. 15(c). Defendants reasonably believed Plaintiffs would not engage in additional fraudulent conduct relative to the Magnovo Trademark given the pending litigation, but Staneart, for reasons that are difficult to understand, nevertheless continued to falsely advertise the Magnovo name as Plaintiffs' own at the time the Fraudulent Website was discovered by Defendants. In the event the Court disagrees with Defendants on the Relation Back Rule, then they request, in the alternative, that the Court

---

[3] As addressed *supra*, a settlement agreement released FLSA retaliation claims accruing before April 11, 2016.
[4] (ECF No. 91 (Defendants' Answer, Defenses, and Counterclaims to Plaintiffs' Third Amended Complaint)).

allow the False Advertising cause of action to proceed as to the Fraudulent Website without inclusion of the fraudulent trademark application by Staneart to the USPTO.

Similarly, Plaintiffs failed to clearly identify what "undue prejudice" would exist if the Court permits the addition of the Four Causes of Action. (ECF No. 154, p. 6). However, given that Staneart chose to create and publish the Fraudulent Website, any prejudice to Plaintiffs is not "undue" and is of their own making. While Plaintiffs' argument on the issue of undue prejudice is murky, it appears to center on the summary judgment motion deadline. However, such an argument cannot be made with clean hands as Plaintiffs recently filed a motion to add two new parties to this lawsuit which would delay this case by a significant time period if granted by the Court as those parties would be entitled to due process, including discovery, dispositive motions, *etc*. (*See* ECF No. 133). Furthermore, any "undue" prejudice relative to the summary judgment deadline could be cured by allowing limited additional summary judgment briefing on the Four Causes of Action. Again, there is no trial setting in this lawsuit. (ECF No. 129).

Finally, Plaintiffs' correctly do not claim any futility as to the requested Four Causes of Action. Indeed, Plaintiffs, do not deny the Fraudulent Website conduct. (*See, e.g.,* ECF No. 154, p. 2 (agreeing that the [Fraudulent Website] facts should be added, but only to counterclaims which existed as of January 11, 2016)).

Defendants have satisfied the lenient pleading amendment standards of Rule 15(a)(2), and Plaintiffs have failed to establish any of the Rule 15(a) Opposition Elements to deny the requested counter-claim amendment to add the Four Causes of Action.

### III.   CONCLUSION.

Defendants have satisfied the pleading amendment standards relative to Rule 16(b)(4) and Rule 15(a)(2). Plaintiffs have failed to establish any facts which warrant denial of

Defendants' request to add the Four Causes of Action. Accordingly, the Court should respectfully grant Defendants' Motion.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
TX Bar No. 24004966
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
avaught@baronbudd.com

Michael V. Marconi
TX Bar No. 00784524
9284 Huntington Square, Suite 100
North Richland Hills, TX 76182
Phone: (214) 682-3592
Fax: (817) 479-2210
Email: Michael@dkdavislaw.com

Steven G. Cracraft, IN Bar No. 3417-49
William K. Doss, IN Bar No. 20097-29
Amy A. Rollins, IN Bar No. 31788-49
**BRANNON SOWERS & CRACRAFT PC**
1 North Pennsylvania Street, Suite 800
Indianapolis, Indiana 46204
Phone: (317) 630-2810
Fax: (317) 630-2813
Email: scracraft@bscattorneys.com
wdoss@bscattorneys.com
arollins@bscattorneys.com

**ATTORNEYS FOR DEFENDANTS ROBERT JACKSON AND MAGNOVO TRAINING GROUP, LLC**

## CERTIFICATE OF SERVICE

On October 26, 2016 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. All counsel of record in this lawsuit have been served electronically.

s/ Allen R. Vaught
Allen R. Vaught

*Defendants' Reply in Support of Motion for Leave to Add Counterclaims – Page 10*