UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE LEADER'S INSTITUTE, LLC and DOUG STANEART, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-3572-B |
| ROBERT JACKSON and MAGNOVO TRAINING GROUP, LLC, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Robert Jackson and Magnovo Training Group, LLC's (collectively Defendant or Defendants) Expedited Motion for Leave to Amend Counterclaims. Doc. 142, Defs.' Expedited Mot. for Leave to Am. Countercl. [hereinafter Defs.' Mot.]. For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

## I.

## BACKGROUND

Plaintiffs The Leader's Institute, LLC and Doug Staneart (collectively Plaintiff or Plaintiffs) initially filed their lawsuit in this Court on October 2, 2014. Doc. 1, Pls.' Orig. Compl. Put simply, Plaintiffs, purveyors of corporate leadership and team-building events using a trademarked "Build-A-Bike" training method, allege Defendant, a former independent contractor of Plaintiff, breached an independent contractor agreement by going into the corporate training business against Plaintiff using a similar method, and violated Plaintiff's "Build-A-Bike" trademark by registering confusingly

similar domain names—such as www.letsbuildabike.com, www.charitybuildabike.com, www.buildabikecharity.com, and www.buildabikeforcharity.com—in a deliberate attempt to confuse consumers. *See generally id.* Accordingly, Plaintiffs' causes of action against Defendants include, *inter alia*, claims for federal trademark infringement, violations of federal anti-cybersquatting law, breach of contract, unfair competition, and tortious interference with prospective business relations.

On December 17, 2015, Plaintiffs filed their Third Amended Complaint. Doc. 82, Pls.' 3d Am. Compl. In response, Defendants filed an Answer on January 11, 2016. Doc. 91, Defs.' Answer to Pls.' 3d Am. Compl. Defendants' Answer also included counterclaims for, *inter alia*, tortious interference with business relations, fraud and defamation, and copyright infringement against Plaintiff. *See generally id.* According to Defendants, Plaintiff registered four internet domain names—(1) http://bicycle-team-building.org/, (2) http://bicycles-team-building.com/, (3) http://bicycleteambiulding.org/, and (4) http://bicycleteambuildings.org/—and "[f]ollowing such domain registrations, . . . caused such registered domains to then 'frame' Defendant Magnovo's internet website . . ., whereby the full content of [Defendant's] website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name as though Plaintiffs owned and operated such Magnovo website content and Copyrighted Works." *Id.* ¶¶ 256–57. At that time Defendants also accused Plaintiffs of: (1) "retaliating against Jackson due to Jackson resigning and starting his own consulting firm"; (2) "holding Defendants' business out as that of Plaintiffs"; (3) creating a "false persona" to "obtain a Magnovo client proposal document" and then using "the Magnovo client proposal document, along with printouts of Magnovo's website, in order to fraudulently file a trademark application for 'MAGNOVO' with the United States Patent and

Trademark Office"; and (4) making "defamatory statements . . . to current and former [The Leader's Institute] employees" that "Jackson is the subject of a 'sting operation' and is being investigated by the Federal Bureau of Investigation for criminal violations." *Id.* ¶¶ 225, 233, 237–42.

The Court's Scheduling Order in this case required that all pleading amendments be submitted by December 24, 2015. Doc. 61, Sched. Order 1. On August 8, 2016, with leave of Court, Plaintiffs filed their Fourth Amended Complaint. Doc. 130, Pls.' 4th Am. Compl. On August 19, 2016, Defendants filed an Answer to Plaintiffs' Fourth Amended Complaint, which included the same counterclaims as its January 11, 2016 Answer to Plaintiffs' Third Amended Complaint, including the following: (1) abuse of process; (2) tortious interference with business relations; (3) fraud and defamation; (4) cancellation of Plaintiffs' trademarks; (5) attorneys' fees; and (6) federal copyright infringement. Doc. 131, Defs.' Answer to Pls.' 4th Am. Compl. ¶¶ 230–74.

On September 21, 2016, Defendants moved for leave to amend their counterclaims "based on recently discovered acts of Plaintiffs and in order to clarify counterclaims previously pleaded." Doc. 142, Defs.' Mot. 1. Specifically, Defendants allege they discovered on July 27, 2016, that Plaintiffs "content scraped, framed, mirrored, copied and reposted Magnovo website data, including Magnovo's logo, and proprietary photos from" two of Defendants' websites, onto another site allegedly managed by Plaintiffs at www.charityteambuildingevent.com. *Id.* at 2. Based on the newly discovered website, Defendants seek to amend their counterclaims by: (1) adding additional counterclaims for (i) money had and received, (ii) retaliation under the Fair Labor Standards Act (FLSA), (iii) false advertising under the Lanham Act, and (iv) tortious interference with prospective contracts; (2) dropping their claims for fraud and attorneys' fees; and (3) supplementing their

remaining causes of action with additional facts and allegations. *See id.* at 5; Doc. 142-1, Defs.' [Proposed] Am. Countercls. ¶¶ 21–72. Plaintiffs have responded, Doc. 154, Pls.' Resp., and Defendants have replied. Doc 162, Defs.' Reply. Thus, Defendants' Motion is ripe for this Court's review.

## II.

## LEGAL STANDARD

A.  *Federal Rule of Civil Procedure 16*

Once a court has entered a scheduling order and the deadline for amending pleadings has passed, the decision to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure. *S & W Enters., L.L.C. v. South Trust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). Under Rule 16(b), a scheduling order should not be modified unless there is a showing of good cause. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Fifth Circuit has set forth four factors to determine whether a movant has established good cause for modification of a scheduling order to allow an untimely amendment of pleadings: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C.*, 315 F.3d at 536 (quotations and alterations omitted). "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Ball*, No. 3:03-CV-0256, 2004 WL 1243151,

at *2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline and the absence of prejudice to the opposing side are insufficient to establish good cause. *Id.* Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, No. 3:96-CV-3363, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Rule 15(a), which governs the substance of amendments and allows for liberal leave to amend, only comes into play once the moving party has demonstrated good cause under Rule 16(b). *S & W Enters., L.L.C.*, 315 F.3d at 536 n.4 ("[T]he presence of a scheduling order renders the Rule 15 inquiry secondary.").

Here, Defendants seek leave to amend their counterclaims nearly nine months after the December 24, 2015 deadline for amending pleadings established in the Scheduling Order. *See* Doc. 61, Sched. Order; Doc. 142, Defs.' Mot. (filed September 21, 2016). Thus, Rule 16(b) governs whether to permit an amendment. *See S & W Enters. L.L.C.*, 315 F.3d at 536. Only if Defendants have demonstrated good cause will the Court consider whether granting leave to amend is consistent with Rule 15. *See id.* at 536 n.4.

B.   *Federal Rule of Civil Procedure 15*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Although Rule 15 indicates a bias in favor of granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 318 (5th Cir. 1996) (citing *Wimm v.*

*Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)). In its discretion, the court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent one of these factors, leave should be freely given. *Id.* (citing *Foman*, 371 U.S. at 182).

### III.

### ANALYSIS

The Court begins its analysis under Federal Rule of Civil Procedure 16(b) before deciding whether to analyze the Defendants' Motion under the more liberal Rule 15(a) standard. *See S & W Enters., L.L.C.*, 315 F.3d at 536. In their Motion and Reply, Defendants argue that the Court should grant leave to amend under Rules of Civil Procedure 15 and 16, however, their arguments under each respective rule are closely related and thus will be addressed concurrently. *See* Doc. 142, Defs.' Mot. 4–7; Doc. 162, Defs.' Reply 3–9. Defendants assert that: (1) the reason they failed to timely move for leave to amend is because they were not aware of the newly discovered website until after the pleadings amendment deadline passed, Doc. 142, Defs.' Mot. 5; (2) they had previously submitted written discovery requests to Plaintiffs before the pleading deadline, which were "broad enough" to cover disclosing the newly discovered website, *id.* at 3; (3) the amendment is important

because without it Defendants will have to file a new lawsuit alleging the additional counterclaims, Doc. 162, Defs.' Reply 4–6; and (4) allowing the proposed amendments would not prejudice Plaintiffs because there is likely no need for additional discovery. *Id.* at 4; Doc. 142, Defs.' Mot. 6.

In response, Plaintiffs argue that "Defendants cannot overcome their burden under Rule 16 to show good cause for any of their proposed amendments, other than to add [the newly discovered website] to the list of domain names included in Defendants' previously-asserted claim for copyright infringement." Doc. 154, Pls.' Resp. 4. Plaintiffs contend that allowing Defendants leave to amend their counterclaims in light of the newly discovered website is improper because the new counterclaims are all premised upon information Defendants already knew when they filed their January 11, 2016 counterclaims. *Id.* at 4–6.

Plaintiffs concede that Defendants did not know of the newly discovered website until after the deadline to amend pleadings. *Id.* at 4. Nonetheless, Plaintiffs argue that Defendants fail to show why the newly discovered website is any different from the four other allegedly fraudulent websites asserted in Defendants' previous counterclaims such as would warrant the proposed amendments and additional counterclaims. *Id.* Plaintiffs also argue they would be substantially prejudiced given the expired discovery, expert designation, and dispositive motions deadlines. *Id.* at 6.

Plaintiffs point out that since at least January 11, 2016—the date Defendants filed their currently-pending counterclaims in response to Plaintiff's Third Amended Complaint—Defendants were aware of (1) "the previously-identified domain names," (2) "the trademark application for MAGNOVO," and (3) the "allegations made to law-enforcement agencies and the framing of various websites," all of which also form the basis for Defendants' new proposed counterclaims. *Id.*

at 4–6; Doc. 91, Defs.' Answer, Defenses, and Countercls. to Pls.' 3rd Am. Compl. ¶¶ 231, 233, 237, 240–41, 243, 256–57 [hereinafter Defs.' Answer to 3rd Am. Compl.].

Similarly, Defendants live counterclaims, filed on August 19, 2016, in response to Plaintiffs' Fourth Amended Complaint, are based on Plaintiff allegedly: (1) "retaliating against Jackson due to Jackson resigning and starting his own consulting firm"; (2) "filing a fraudulent trademark application for MAGNOVO"; (3) "informing current and former TLI employees that Jackson is the subject of a 'sting operation' and is being investigated by the [FBI] for criminal violations"; and (4) registering four domain names that "'frame' Defendant Magnovo's internet website . . . whereby the full content of Magnovo's . . . website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name." Doc. 131, Defs.' Answer to 4th Am. Compl. ¶¶ 239, 245, 251, 270–71.

Defendants sole arguments for the amendments sought are that they did not know of the newly discovered website until July 27, 2016, after the pleading amendment deadline, and that their new counterclaims are important to asserting their rights against Plaintiffs. Doc. 162, Defs.' Reply 4–5. Thus, Defendants now seek to bring in additional counterclaims through the newly discovered website based on the same alleged actions of Plaintiffs for which Defendants previously asserted counterclaims in their Answer to Plaintiffs' Third and Fourth Amended Complaint. Although Defendants have sufficiently shown that they did not know of the newly discovered website until July 27, 2016, they have failed to show why this discovery warrants the additional counterclaims based on facts previously known as early as January 11, 2016. There is no reason Defendants could not have brought these additional counterclaims in their January 11, 2016 or August 19, 2016 Answers

to Plaintiffs' Third and Fourth Amended Complaint. *See* Doc. 91, Defs.' Answer to Pls.' 3rd Am. Compl. ¶¶ 231, 233, 237, 240-41, 243, 256-57; Doc. 131, Defs.' Answer to Pls.' 4th Am. Compl. ¶¶ 239, 245, 251, 270-71. Additionally, Defendants have not shown how Plaintiffs' newly discovered website, which allegedly "content scraped, framed, mirrored, copied and reposted Magnovo website data, including Magnovo's logo, and proprietary photos," Doc. 142, Defs.' Mot. 2, is any different from the other four previously known websites that Defendants previously alleged "'frame[d]' Defendant Magnovo's internet website . . . whereby the full content of Magnovo's Bicycle Team Building website, including the Copyrighted Works, was presented within and under Plaintiffs' registered domain name as though Plaintiffs owned and operated such Magnovo website content and Copyrighted Works." Doc. 91, Defs.' Answer to Pls.' 3rd Am. Compl. ¶¶ 256–57; Doc. 131, Defs.' Answer to Pls.' 4th Am. Compl. ¶¶ 270–71. Thus, the Court finds that Defendants' reliance on previously known information for their new counterclaims, as well as their failure to show how the newly discovered website is different than the previously known websites, does not sufficiently explain Defendants' failure to timely move for leave to amend. *See S & W Enters., L.L.C.*, 315 F.3d at 536.

Even assuming Defendants' additional counterclaims are "important" for purposes of Rule 16, allowing Defendants to completely amend their counterclaims with new claims and information at this late stage in the litigation when they have failed to show "good cause" for their failure to timely move would be prejudicial to Plaintiffs. In their Motion and Response, Defendants argue that Plaintiffs are not prejudiced by the addition of four new counterclaims because the new counterclaims will likely not require any additional discovery. Doc. 142, Defs.' Mot. 6; Doc. 162,

Defs.' Resp. 4. However, the Court finds that Defendants' proposed lack of the need for additional discovery on four new counterclaims further demonstrates that Defendants were already aware of the facts that form the basis of these counterclaims. Because the Court finds that Defendants have failed to show "good cause" under Rule 16(b), the Court need not consider whether leave to amend is warranted under the less stringent Rule 15 standard. *See S & W Enters., L.L.C.,* at 536 n.4.

However, the Court does find that Defendants have shown "good cause" to add the newly discovered website to the list of the four other websites in their previously pleaded federal copyright infringement claim. *See* Doc. 91, Defs.' Answer to Pls.' 3rd Am. Compl. ¶ 256; Doc. 131, Defs.' Answer to Pls.' 4th Am. Compl. ¶ 270. Defendants have shown that, "despite their diligence," they did not know about the newly discovered website until after the amending pleadings deadline. *See Forge*, 2004 WL 1243151, at *2. Also, in their response, Plaintiffs stated they are unopposed to the addition of the newly discovered website to the existing copyright infringement counterclaim. Doc. 154, Pls.' Resp. 6–7. Therefore, the Court concludes that Defendants have sustained their burden under Rule 16(b) for adding the newly discovered website under the federal copyright infringement claim.

The Court will now consider whether to grant leave to amend under the less onerous Rule 15 standard with regard to adding the newly discovered website. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment," leave should be freely given. *Rosenzweig*, 332 F.3d at 864 (quoting *Forman*, 371 U.S. at 182). As explained above, the delay and prejudice from adding the

newly discovered website is not undue, and there is no indication of bad faith. Therefore, the Court concludes that Defendants have sustained their burden under Rule 15. Accordingly, the Court **GRANTS in part** Defendants' Expedited Motion for Leave to Amend Counterclaims only to the extent that Defendants may add the newly discovered website under their existing federal copyright infringement claim. In all other respects, Defendants' Motion is **DENIED**.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Expedited Motion for Leave to Amend Counterclaims (Doc. 142). Should Defendants choose to amend their pleadings to the extent permitted by the Court above, they must do so by **April 3, 2017**. Under Rule 15(a)(3), Plaintiffs will have 14 days to answer.

To allow the parties an opportunity to file dispositive motions in relation to their live pleadings, the Court **DENIES without prejudice** all pending Motions for Summary Judgement (Docs. 146 & 149). The parties may re-file summary judgment motions after Plaintiffs have had the opportunity to respond to Defendants' amended counterclaims. The Court thus **EXTENDS** the deadline for dispositive motions until **May 8, 2017**.

SO ORDERED.

SIGNED: March 29, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE